IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ROBERT ANDERSON,
    Plaintiff,

vs.

MUNICIPALITY OF ANCHORAGE,
    Defendant.

Case No. 3:21-cv-00139-JMK

### ORDER REGARDING SELF-REPRESENTED PLAINTIFF

Robert Anderson, representing himself, commenced this action on June 4, 2021, has paid the filing fee, and apparently has served his summons and complaint upon Defendant.[1] On July 9, 2021, Defendant moved for an extension of time, "until such time as the pro se law clerk has reviewed the complaint and a screening order has been issued that directs the MOA to file an answer."[2]

Cases filed by a plaintiff requesting that the Court waive the filing fee or appoint counsel, and all prisoner cases, must be reviewed before service under federal law.[3] However, the Court does not otherwise screen cases solely because they are filed by a person representing himself or herself. Because Defendant mistakenly understood that a response was not due, and because of the length of

---

[1] Dockets 1; 3.

[2] Docket 6 at 2.

[3] See 28 U.S.C. §§ 1915; 1915A.

the complaint and attachments at Docket 1, the Court will grant an extension of time.

**IT IS THEREFORE ORDERED:**

1. Defendant's Motion for Extension of Time is GRANTED in part, and Defendant may file a response to the complaint within 45 days of the date of this Order. If, however, Defendant objects to the manner of service, an objection should be filed within one week of the date of this Order.

2. Mr. Anderson must file proof of service in this case with the Court within 60 days of the date of this Order.[4]

3. At all times, Mr. Anderson shall keep the Court informed of any change of address. Such notice shall be titled "Notice of Change of Address."[5] The notice shall contain only information about the change of address, and its effective date. The notice shall not include requests for any other relief. Failure to file the notice may result in the dismissal of the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

---

[4] *See* Fed. R. Civ. P. Rule 4(l)(1) (proving service).

[5] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number."). A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed.

4. All future papers sent to the Court must be identified with the name of the Court, the case number, the name of the Plaintiff, the Defendant, and the title of the document, as illustrated on the first page of this order.[6]

5. Mr. Anderson shall serve a copy of any future filings submitted to the Court upon Defendant's lawyer.[7] Mr. Anderson shall include, with any original paper filed with the Court, a certificate stating the date that an exact copy of the document was mailed to Defendant's lawyer. A Certificate of Service may be written in the following form at the end of the document:

> I hereby certify that a copy of the above (name of document) was mailed, first class, U.S. mail, to (name of opposing party or counsel) at (address) on (date).
> (Signature)

Any paper received by a District Court Judge or Magistrate Judge that does not include a Certificate of Service indicating that Defendant was served with a copy of that document will be disregarded by the Court.

6. Each litigant is responsible for keeping a copy of each document filed with the Court. When a self-represented litigant sends a document to the Court, the litigant receives a Notice of Electronic Filing ("NEF") from the Court that states when that document was filed on the docket and the docket number

---

[6] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[7] *See* Fed. R. Civ. P. 5.

of the document. Copies of documents that have been filed with the Court may be obtained from the Clerk's Office for $0.50 per page. In the event of special circumstances or serious financial need, a party may file a motion asking for the cost of copies to be waived or reduced.

7. No party shall have any *ex parte* communication with a District Court Judge or Magistrate Judge of this Court about the merits of this action. This means that parties cannot communicate with any judge without the presence and/or knowledge and consent of the other parties. For example, Mr. Anderson shall not write letters to, or call, a judge directly. Any request for action by the Court regarding these proceedings must be filed with the Clerk of Court as a motion.

8. A motion should contain the information identified in the caption of this Order and should be titled "Motion for (add the relief requested)." In a motion, a party should state specifically and concisely what he or she wants, so that the Court understands what the party is requesting. This Court's Local Civil Rule 7.4 requires that each motion be filed with a proposed order that the Court can issue, if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

9. All documents filed with the Clerk of Court must contain an original signature, and must be mailed to the Court at the following address:

U.S. District Court
222 West 7th Avenue, #4
Anchorage, Alaska 99513

10. The Clerk of Court is directed to send the following to Mr. Anderson: (1) a copy of this order, (2) motion form PS12, and (3) a copy of the Court's *pro se* handbook, "Representing Yourself in Alaska's Federal Court."

Dated at Anchorage, Alaska, this 14th day of July, 2021.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE