Robert Anderson
4908 Roger Drive
Anchorage, Alaska 99507
Phone (907) 223-1579
aktaxappeal@gmail.com



RECEIVED
JUL 16 2021
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON, )<br>)<br>Plaintiff, )<br>Pro Se )<br>)<br>v. )<br>)<br>MUNICIPALITY of ANCHORAGE, )<br>)<br>Defendant. )<br>_____) | Case No. 3:21-cv-00139-JMK<br><br>**OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME** |

Fed. R. Civ. P. 6(b) is not for the purpose of the court performing pro se law clerk review prior to answering a complaint, plaintiff opposes additional time related to a pro se law clerk review.

Factors the court may wish to consider in determining a date certain for any extension of time granted include:

Fed. R. Civ. P. 8 is not a single subject rule, two mutually exclusive events giving

1

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

rise to separate causes of action by necessity results in a greater number of allegations and claims, a form of judicial economy is achieved by filling one complaint to bring both events before the court simultaneously.

Plaintiff's complaint includes factual allegations and legal conclusions consistent with *Ashcroft v. Iqbal*, 556 US 662, 679, (2009),

> "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

The factual allegations in plaintiff's complaint include Rule 10(c) exhibits in the form of written instruments, the genuineness of documents is equivalent to the veracity of persons for the present motion, final determination of the exhibits as evidence would most probably fall under Federal Rules of Evidence Rule 901.

Plaintiff's 5th Amendment claim of a "right to exclude" may be a claim for establishing new law under Fed. R. Civ. P. 11(b)(2), plaintiff found no case law on the subject of a single family residential property owner exercising a U.S. Constitution 5th Amendment private property right against a government entity whose sole purpose for entering a private property houses curtilage is to gather property appraisal valuation information.

To the extent Anchorage is referring to 28 U.S.C. § 1915(e)(2)(B), plaintiff has paid all court fees and service cost and is therefore NOT proceeding in forma pauperis. A

2

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

Case 3:21-cv-00139-JMK   Document 8   Filed 07/16/21   Page 2 of 5

court finding 28 U.S.C. § 1915(e)(2)(B) (i), (ii) or (iii) is applicable does not grant an Application to Waive the Filing Fee, a in forma pauperis complaint must therefore be screened and if necessary amended prior to the court granting a motion to waive the filling fee and allow a in forma pauperis person their 14th Amendment due process access to the courts. The U.S. District Court for the District of Alaska internal procedures for dealing with 28 U.S.C. § 1915(e)(2)(B) in forma pauperis complaints are not relevant to the present action. L. Civ. R. 3.1(c) appears to be the means by which the court deals with the statutory requirements of 28 U.S.C. § 1915(e)(2)(B).

To the extent Anchorage is referring to 28 U.S.C. § 1915 A, plaintiff is not a prisoner as defined by 28 U.S.C. § 1915 A (c), the courts obligation to screen prisoner complaints is not relevant.

Defendant relied on a discussion with the clerk's office stating nothing more than the clerk's understanding of in forma pauperis complaint filing procedures, Fed. R. Civ. P. 11(b) does require a "reasonable inquiry under the circumstances", the clerk's office is not a proper source given Anchorage's familiarity with 28 U.S.C. § 1915(e)(2)(B) in Latham v. Municipality of Anchorage, et al., Case No. 3:19-cv-00258-SLG, see page 7 of document 23, Order Directing Service & Response.

The Civil Cover Sheet instructions require at VIII certain open related cases be identified, L.Civ.R. 3.1 (b) goes beyond the the Civil Cover Sheet instructions. The subject matter of Alaska Superior Court case number 3AN-00-11687 CI (2000) was

3

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

purely a question of law, a facial challenge to Alaska Statute 29.45.130 Independent Investigation as amended § 1 ch 4 Session Laws of Alaska (1999), Anchorage was not a party, no factual allegations were involved and the decision was not Alaska Supreme Court precedent, the claim of U.S. CONST. 4th Amendment unreasonable search is the commonality to the present case.

Anchorage has had the benefit of 21 days to answer plaintiff's complaint, requested a extension of time without a date certain under L. Civ. R. 7.1 (b) (3) and argued the court should hold a pro se complaint on municipal liability claims to in effect a "heightened pleading standard", *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 US 163, 168-169 (1993) forecloses any uncertainty on pleading standards involving municipal corporation liability, the court stated "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims" and holding at 164;

> "We granted certiorari to decide whether a federal court may apply a "heightened pleading standard"—more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure—in civil rights cases alleging municipal liability under Rev. Stat. §1979, 42 U. S. C. §1983. We hold it may not."

The plaintiff respectfully request the court give due consideration to the above in any order granting defendant's motion for extension of time to answer plaintiff's complaint.

4

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

Respectively submitted this 16 day of July, 2021.

*Robert Anderson* (signature)
Robert Anderson
Pro Se


I hereby certify that a copy of the foregoing was personally delivered to the Municipality of Anchorage at 632 West 6th Avenue, Anchorage, Ak on July 16, 2021.

Dated July 16, 2021.

*Robert Anderson* (signature)

Robert Anderson, Pro Se