Robert Anderson
4908 Roger Drive
Anchorage, Alaska 99507
Phone (907) 223-1579
aktaxappeal@gmail.com



RECEIVED

SEP 22 2021

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON,     ) | |
|     ) | |
| Plaintiff,     ) | |
| Pro Se     ) | Opposition to Motion to Dismiss |
|     ) | |
| v.     ) | |
|     ) | |
| MUNICIPALITY of ANCHORAGE,     ) | Case No. 3:21-cv-00139-JMK |
|     ) | |
| Defendant.     ) | |
| _____) | |

I, Robert Anderson, representing myself without a lawyer, oppose defendants motion to dismiss, the questions before the court are the consistency of defendant's actions with the Federal Constitution.

## LEGAL STANDARDS RELEVANT TO DEFENDANT'S MOTION TO DISMISS

"It is emphatically the province and duty of the judicial department to say what the law is.", *Marbury v. Madison, 5 US 137, 177 (1803)*.

Defendant can not through motion memorandum create a substitute for answer, reasonable inferences based on plaintiff's allegations of fact accepted as true are included in survival of a Rule 12(6) motion to dismiss.

Fed. Rule Civ. Proc. 8(f) and plaintiff's pro se complaint, held to less stringent standards than formal pleading drafted by lawyers, *Erickson v. Pardus, 551 US 89,94 (2007)* are due considerations by the court, the public interest in a clear path forward for Forth Amendment protections against intrusion under a assessor warrantless investigation search exception calls for a decision on the merits, preferred to dismissal given immunity is not before the court.

In a motion to dismiss without a answer having been filed a court may consider all pertinent documentation, *Scheuer v. Rhodes, 416 US 232, 235 (1974)*, all allegations of fact are accepted as true. Plaintiff included documents labeled exhibits, incorporated by reference into the complaint. *Wilhelm v. Rotman, 680 F. 3d 1113, 1116 note 1, (2012)*;

> [1] Because the district court dismissed Plaintiff's complaint without requiring any defendant to file an answer, the stated facts come from his complaint and its supporting documentation. For the purpose of reviewing a dismissal, we accept those facts as true. See generally Ashcroft v.Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment." Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).

To the extent relevant, in a motion to dismiss without answer, *Castle Rock v.*

*Gonzales, 545 US 748,754 (2005)*, the appellate court on de novo review considered a state statutes legislative history, *Id at 776*, the legislative history of AS29.45.130(b) is available under plaintiff's year 2000 state court judicial proceedings, the case noted in plaintiff's court filing titled Notice of Related Cases pursuant to Local Rule 16.1(e), Superior Court for the State of Alaska Case Number  3AN-00-11687 CI, Anderson v State of Alaska.

Defendant is a person within the meaning of 42 U.S.C. § 1983, *Monell v. New York City Dept. of Social Servs., 436 US 658, 690 (1978)*,  plaintiff is not required to join municipal employees as defendants. Defendant has no immunity from its actions taken under color of state law, *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 US 163, 166 (1993)*.

Plaintiff is entitled to make all relevant good faith claims of constitution violations, the court  guidance under *Soldal v. Cook County, 506 US 56, 70 (1992)*;

> Certain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands. Where such multiple violations are alleged, we are not in the habit of identifying as a preliminary matter the claim's "dominant" character. Rather, we examine each constitutional provision in turn.

All plaintiff's claims include the elements necessary to state a claim against defendant:

i.     deprivation of federally protected rights,

ii.    causation under *Monroe v. Pape, 365 US 167, 187 (1961)* "Section 1979

3

*Anderson, Pro Se v. Municipality of Anchorage*  Case 3:21-cv-00139-JMK

should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions.",

  iii. deprivation of plaintiff's federal rights was caused by Anchorage, a "person" within 42 U.S.C. § 1983,

  iv. defendant acted under color of state law, Anchorage is a political subdivision of the State of Alaska, actions under policy, custom or ordnance by their employees are acts under color of state law

  v. and because municipal liability is alleged that the violations of federally protected rights are attributable to municipal policy or practice, *Jett v. Dallas Independent School Dist., 491 US 701, 737 (1989)*, "a longstanding practice or custom which constitutes the "standard operating procedure"" or a municipal ordinance, *Monell v. New York City Dept. of Social Servs., 436 US 658, 661 (1978) note 2,* also see *Ulrich v. City and County of San Francisco, 308 F. 3d 968, 983-986, (2002)*.

  "The question whether a state law deprives a party of rights secured by the Federal Constitution depends not upon how it is characterized, but upon its practical operation and effect", *Mountain Timber Co. v. Washington*, 243 US 219, 237 (1917).

  "For petitioners assert that respondents have been and are depriving them of rights protected by the Fourteenth Amendment. It is immaterial whether respondents' conduct is legal or illegal as a matter of state law.", *McNeese v. Board of Ed. for Community Unit School Dist. 187, 373 US 668, 674 (1963)*. Defendant argues the case *State v. Vonhof, 751*

4

*Anderson, Pro Se v. Municipality of Anchorage*   Case 3:21-cv-00139-JMK

*P. 2d 1221* and AS 29.45.130(b) are controlling, *McNeese* stands for the opposite conclusion.

## PHYSICAL INTRUSION INTO CONSTITUTIONALY PROTECTED SPACE TO GATHER INFORMATION CLAIMS – CLAIMS I, II, III & IIII

Defendant argues as a matter of law it has a right to enter plaintiff's private property including the curtilage of plaintiff's house and conduct a search without consent or warrant, referred to by defendant as "inspect or observe". The Fourth Amendment use of the simple term "house" is more completely described at *Silverman v. United States, 365 US 505, 511 footnote 4*:

> [4] William Pitt's eloquent description of this right has been often quoted. The late Judge Jerome Frank made the point in more contemporary language: "A man can still control a small part of his environment, his house; he can retreat thence from outsiders, secure in the knowledge that they cannot get at him without disobeying the Constitution. That is still a sizable hunk of liberty—worth protecting from encroachment. A sane, decent, civilized society must provide some such oasis, some shelter from public scrutiny, some insulated enclosure, some enclave, some inviolate place which is a man's castle." United States v. On Lee, 193 F. 2d 306, 315-316 (dissenting opinion).

plaintiff's claims are cognizable with the protections offered a "house" under the Fourth Amendment.

Constitutional procedural due process in ad valorem tax matters is well established, when a political subdivision of the state is permitted to collect real property ad valorem taxes a taxpayer has a Fourteenth Amendment liberty right to a decision from

5

the state on property valuation, a substitution of judgment determination prior to a legislative act creating a irrevocable tax obligation, *Londoner v. City and County of Denver*, 210 US 373, 385-386 (1908). Upon payment of a ad valorem tax a taxpayer has a right to timely pursue a refund of any excess extraction, *Atchison, T. & SFR Co. v. O'Connor*, 223 US 280, 285-286 (1912). A trail in a court of competent jurisdiction permits all facts relevant to a refund determination be discovered, in the event of federal court jurisdiction under 28 U.S.C. § 1341 any entry on plaintiff's property would be under Fed R Civ 34. The Supreme Court of Oklahoma issued a writ of prohibition in *Atkinson v. Gurich*, 248 P.3d 356, 361 (2011) acknowledging court procedural rules cannot violate constitutional protections:

> ¶ 15 The trial court has given the county assessor permission the law has not. The privacy afforded citizens in their homes is one of the most valued tenets of this society. [28] The law goes to great efforts to protect the sanctity of a person's home and certainly more than a tax valuation should be allowed to disturb it. Because the privacy of persons in their homes is of paramount importance, we assume original jurisdiction and issue a writ of prohibition to ensure that this right remains as protected as the framers of our constitutions intended it to be.

a taxpayer cannot be required to wave one constitutional right in order to exercise another, the Fourth and Fourteenth Amendment rights must both be observed, the issue of what meets Forth Amendment reasonableness standards is unresolved at the federal level but clearly implicates the question if the tax assessor of a political subdivision of a state can ever search a house in a tax refund dispute. Defendant's long established policy of

search without consent does not raise to the level of a tax dispute authorizing entry through judicial procedures and providing for a objection to a Rule 34 request to inspect, instead defendant uses lack of response to a door knock as authority to to conduct a "assessor warrantless investigation search" under the exception the defendant crafted under policy or custom out of the Fourth Amendment.

Defendant's assessor can utilize all legal means available to determine a property valuation, what the defendant, through it's employees, can not due is violate the Forth Amendment for greater efficiency, reconciliation of defendant's records on interior features or whatever other purposes the search may have been conducted. Tax disputes, a taking of a portion of individuals wealth for government purposes, is the only common law constitution right requiring a decision, by trail when refund of over payment is the dispute, in a court of competent jurisdiction to meet Fourteenth Amendment procedural due process. Formal administrative hearings do not require a jury for fact finding, the Supreme Court in deciding what due process is in disputes between assessors representing local governments and taxpayers took into consideration all relevant factors.

CLAIM I Forth Amendment Unreasonable Search

alleged facts – Anchorage entered the curtilage of plaintiff's house and conducted a search without consent or warrant

violation – search was unreasonable

The pleading meets Rule 9 (f) requirements.

7

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

Exigent circumstances is a affirmative defense not before the court in a motion to dismiss without answer.

As a controlling matter defendant is attempting to create a new exception, the "assessor warrantless investigation search", to the Forth Amendment house search by consent or warrant requirement, the standards the Supreme Court has determined to be rights under the Fourth Amendment. Defendant bares the burden of showing the assessor warrantless investigation search activity is a situation justifying creation of a new exception to the warrant requirement, *Mincey v. Arizona, 437 US 385, 390-391 (1978),* also see *United States v. United States Dist. Court for Eastern Dist. of Mich., 407 US 297, 320 (1972)* where the United States Executive Branch requested departure from Fourth Amendment standards. *Katz v. United States, 389 U.S. 347, 358 footnote 23 (1967)* often cited in Fourth Amendment search cases predicted the national security argument in *United States v. United States Dist. Court for Eastern Dist. of Mich.* Katz itself is a request by the government for a Fourth Amendment search exception "The Government does not question these basic principles. Rather, it urges the creation of a new exception to cover this case." *Id at 358.* The court in *Widgren v. Maple Grove Township, 429 F.3d 575, 578 (2005),* 6th Circuit spoke to Katz and defined a search:

> A search is defined in terms of a person's "reasonable expectation of privacy" and is analyzed under a two-part test first penned in Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967):(1)"has the individual manifested a subjective expectation of privacy in the object of the challenged search?" and (2)"is society willing to recognize

8

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

that expectation as reasonable?" California v. Ciraolo, 476
U.S. 207, 211, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986).

*Florida v. Jardines, 569 U. S. 1, 5 (2013)* makes clear *Katz* adds public areas to the

baseline, the court has never wavered from the protection of the house when physical

intrusion into the curtilage to gather information is timely available through the warrant

process. Exceptions to Fourth Amendment search legal standards are most often analyzed

against this ability to obtain a warrant timley, Anchorage must show they are entitled to a

" assessor warrantless investigation search" exception in spite of not being able to obtain

a search warrant.

No taxpayer is ever in violation of any criminal laws or breaches of other statutory

or regulatory standards based solely on their status as a homeowner/taxpayer occupying a

dwelling, probable cause to issue a warrant does not exist leaving consent as the only

avenue for entry onto single family residential tax parcels. Consent can not be obtained

through submission to authority, including any authority the defendant may possess under

AS 29.45.130(b), "Entry to defendant's living quarters, which was the beginning of the

search, was demanded under color of office. It was granted in submission to authority

rather than as an understanding and intentional waiver of a constitutional right.", *Johnson*

*v. United States, 333 US 10, 13, (1948)*.

Assessor searches within the curtilage are unreasonable unless consent is given.

Defendants cites *Widgren v. Maple Grove Township*, 429 F.3d 574 (2005), the 6th Circuit

court decided the case under the incorrect legal standard of a persons expectation of

9

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

privacy in a public area using *Katz v. United States*, 389 U.S. 347 (1967). The Fourth Amendment legal standards for unreasonable search in a public area based on a persons expectation of privacy and unreasonable search of a house are not interchangeable, a search by defendants employee conducted under longstanding policy and within the curtilage of plaintiff's home, without consent is unreasonable. The *Widgren* case facts as determined by the 6th Circuit were the assessor, Mr. Beldo, was within the curtilage *Id at 582* gathering information *Id at 585*, the constitutional violation was complete upon those facts.

The 6th Circuit distinguished criminal from administrative investigation in explaining their holding in *Widgren* under *Jacob v. Township of West Bloomfield, 531 F. 3d 385, 390-392 (2008)*, the court explained a assessor is not enforcing any law and is therefore different from all other classes of government agents gathering information within the curtilage. The duties of office of an assessor are to use the best information available, legally obtained, to ascertain a tax parcel valuation and let taxpayer procedural due process rights to appeal and refund run their course, any factual information essential to tax parcel valuation is obtainable through judicial proceedings in a court of competent jurisdiction. The assessor may not be able, acting in good faith, to assume plaintiff's real property includes a 24 ct gold toilet seat but few if any restrictions apply to a assessor's valuation of real property.

As the law makes clear in *Camara v. Municipal Court of City and County of San*

10

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

*Francisco, 387 US 523, 540 (1967)* "no warrant was obtained and thus appellant was unable to verify either the need for or the appropriate limits of the inspection", the Fourth Amendment legal standard is consent, warrant or US Supreme Court recognized exception to the warrant requirement, defendant cannot through policy create their own exception to the warrant requirement. Plaintiff has alleged Anchorage data collectors are not life, health or safety administrative investigators within the meaning of *Camara*. Exceptions under private property in public spaces, legal standards often referred to as expectation of privacy standards, such as offices and schools are specific to those spaces and cannot be extended to the "house" which is a space explicitly protected under the Fourth Amendment.

Anchorage officials were informed by plaintiff in January 2000 letters the assessor activities violated Forth Amendment protections, Anchorage did not contest that proposition.

A Memorandum Ruling dated June 19, 2015 in the case *King v. Louisiana Tax Commission, Dist. Court, WD Louisiana 2015, Civil Action No. 14-549,* United States District Court, W.D. Louisiana, Alexandria Division stated;

> "As noted previously, we find no Fifth Circuit jurisprudence directly on point with regard to conduct by a tax assessor during a property inspection. We find, however, that the parameters of Fourth Amendment privacy rights were clearly established in 2010, such that any reasonable government official should have known of the prevailing Fourth Amendment privacy interest, generally, in areas within the curtilage of Plaintiffs' home and in the need to obtain

11

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

affirmative consent prior to entering."

Judge TRIMBLE further acknowledged *Widgren* was not controlling. The case was decided on appeal by the 5th Circuit as qualified immunity based on taxpayer consent to search being given, *King v. Handorf, 821 F. 3d 650, 655 (2016)*. *King* alleged the assessor exceeded the scope of his consent, *Id at 653*, plaintiff's allegations in the present action are no consent was ever given avoiding any "scope of consent" question, a search warrant requires the scope of a search to be defined. The scope of Anchorage's assessor warrantless investigation policy must be clear in their pursuit of a "assessor warrantless investigative search" exception.

Defendant cites *Covey v. Assessor of Ohio County*, 777 F3d 186 (2015), the 4th Circuit remanded the case for discovery on the field deputy assessor's activities on the tax parcel and qualified immunity defense, the case was finally disposed under 4th Circuit unpublished opinion No. 16-1101 decided November 21, 2016 as a statute of limitations matter for the "UNKNOWN ASSESSOR" in the complaint once it was determined the field deputy assessor was not the person who physically intruded on the property and conducted the search, no local government policy or custom was alleged in the complaint. The case dismissal on statute of limitation grounds results in no decision on the merits. Discovery is the method available to plaintiff to determine the Anchorage employee who physically intruded on plaintiff's tax parcel, plaintiff has not named that individual in the complaint, defendant has argued plaintiff could never name that

individual under personal liability in a complaint, no authority is given by defendant for that contention.

Cases cited by defendant not relating to search of a house are without relevance, the expectation of privacy outside the curtilage falls within the persons, papers or effects sections of the Fourth Amendment, a search by a assessor within the curtilage requires consent. Defendant cites *Field v. City of Hartford, 2019 WL 4279011* as case law on assessor entry onto a private residential tax parcel, Anchorage did not place a violation notice on plaintiff's door, they posted a notice the warrantless search they preformed was inadequate for their purposes as the door hanger, Exhibit #4 of complaint, states "An appraiser reviewed the exterior characteristics that may make a difference in your property valuation. We are unable to determine from the exterior some of the interior features that can also affect our valuation estimate...". Only after performing the warrantless search did Anchorage request plaintiff contact the department of finance "if the information below is inaccurate", a Municipality of Anchorage business card stapled to their form 44-048 Ver. 3_99* completely obliterated the failure of defendant to provide any information to contact the department about. Anchorage's burden is to prove to the court a "assessor warrantless investigation search" is an exception to the Fourth Amendment consent or warrant standards.

CLAIM II Fifth Amendment Right to Exclude

alleged facts – Anchorage received constructive notice no implied right of entry

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

exist, a legislative branch official of the Municipality of Anchorage, after consultation with the Chief Executive Office acknowledged plaintiff's constitutional right

violation – plaintiff's private property right to control access to plaintiff's single family residential private property tax parcel, the right was not disputed by the defendant when revocation of any implied license, first acknowledged by the court in *Breard v Alexandria 341 U.S. 622, 626 (1951)* and reconfirmed under *Florida v. Jardines, 569 U. S. 1 (2013)* occurred through written notice to the Chief Executive Officer of the Municipality of Anchorage on January 4, 2000, Exhibit #2 of plaintiff's complaint.

*Florida v. Jardines*, *569 U. S. 1,8 (2013)* reaffirmed a license is required for a visitor to enter a private residential property, *McKee v. Gratz, 260 US 127, 136 (1922)* advises the license is revocable on open fields. Plaintiff alleges the boundary lines of plaintiff's tax parcel constitute the limits of the curtilage of plaintiff's home, the Forth Amendment protected area. The court is being asked to decide as a matter of law a political subdivision of the State of Alaska cannot violate plaintiff's constitutional right to revoke a implied license to enter the curtilage. "It is of the very nature of a free society to advance in its standards of what is deemed reasonable and right.", *Wolf v. Colorado, 338 US 25, 27 (1949)* is just as applicable to the Fifth Amendment as it is to the Fourteenth Amendment. Dismissal of a claim possibly establishing new law under Fed. R. Civ. P. 11(b)(2) is inconsistent with the US Constitution Article III section 1 and section 2 judicial powers to decide cases, deciding cases on the merits is essential in matters of first

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

impression.

Quoiting *Kaiser Aetna, 444 U.S. at 179-80, 100 S.Ct. At 392-93*, "the `right to exclude,' so universally held to be a fundamental element of the property right, falls within this category of interests that the Government cannot take without compensation", *Hall v. City of Santa Barbara, 833 F. 2d 1270, 1276 (1986)*. The fact it is a practical impossibility for defendant to compensate all tax parcel owners does not control, defendant's alleged policy makes all lands within the municipal boundaries public lands subject to physical intrusion on defendant's terms by department of finance employees. Plaintiff's Fifth Amendment right to exclude, applicable through the Fourteenth Amendment, is a remedy separate and distinct from a Forth Amendment claim requiring the court to determine the boundary (when it exist) between open fields and curtilage and if a unreasonable search constitutional violation occurred.

Often over looked in *Camara v. Municipal Court of City and County of San Francisco, 387 US 523,540 (1967)* is the courts factual determination of the right of entry to Camara's entrance within the apartment building, "No doubt, the inspectors entered the public portion of the building with the consent of the landlord, through the building's manager...", exterior space in apartment tax parcels is often cauterized as open fields, *Camara* did not determine the limits of the curtilage in a apartment buildings but it does make clear to knock on a door when a administrative search is desired requires more than a desire by a code enforcement officer to pound on a citizens entrance door. Defendant

15

*Anderson, Pro Se v. Municipality of Anchorage*  Case 3:21-cv-00139-JMK

could send written request to tax parcel owners, with due acknowledgment a parcel owner is waving Fourth Amendment rights, requesting right to enter. Defendant as a political subdivision has no First Amendment free speech rights, exclusion from entry, a recognized Fifth Amendment property right, is a constitutionally permissible remedy. It should be noted, had the assessor in *Covey* complied with the posted "NO TRESSPASSING" sign a Fourth Amendment violation may not have occurred, it would appear the legislature of the State of West Virginia under state law W. Va.Code. R. § 189-2-3.5 created a Substantive Fifth Amendment right to exclude, the State of Alaska statute AS 29.45.130(b) amounts to the mirror image of W. Va.Code. R. § 189-2-3.5. The Ohio County assessor's failure to knowledge the no trespassing sign triggered Fourth Amendment protection to the same extent all "house" properties poses that protection. Failure to post a no trespassing sign, a Fifth Amendment right to exclude under West Virginia law, can not be transformed into Fourth Amendment consent.

CLAIM III Fourteenth Amendment Equal Protection

alleged facts – Anchorage leaves single family residential private property when a response to a door knock occurs and consent for further search is not given, Anchorage searched plaintiff's single family residential private property without consent. No rational bases exist for attempting to obtaining consent only from property owners who answer a knock.

violation – a fundamental right of the constitution is the protection of plaintiff's

16

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

single family residential   private property against unreasonable search, the Fourth Amendment explicitly protects the house area, intentionally treating similarly situated property owners differently when a fundamental right is involved violates equal protection.

Equal treatment can not hinge on all residence on plaintiff's street being subjected to the same constitutional violation. A fundamental right equal protection violation does not generally require strict scrutiny under disadvantaged class discrimination, it does require the defendant act within the law and treat all similarly situated single family residential dwelling occupants equally.

CLAIM IIII Unreasonable Search Unpreventable

4th & 5th Amendment Substantive Right to Privacy

14th Amendment notice of government interest

alleged facts – no significant government interest exist or justifies Anchorage search policy which has been implemented for over 20 years, a closely held search policy and representation the assessor is acting under state authority have created the impression defendant has a right of entry and authority to search

violation – constructive notice is required before Anchorage finance department contemplates entry onto single family residential property, consent is the only means available under the US Constitution.

The Fourteenth Amendment due process substantive component forbids the

17

*Anderson, Pro Se v. Municipality of Anchorage*  Case 3:21-cv-00139-JMK

government to infringe certain "fundamental" liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest. State law requires the Anchorage assembly through legislative act acknowledge a reevaluation of a geographic area or class of tax parcels is necessary possibly amounting to a compelling government interest. A legislative act to reevaluation cannot violate the protections of the Fourth Amendment, as it stands Anchorage has a policy or custom showing no compelling government interest, it is for the court to decide if defendant's policy and actions shock the conscience and violate plaintiff's liberty protections.

The bundle of fundamental rights plaintiff posses within the curtilage of plaintiff's home add up to a Fourteenth Amendment due process substantive component liberty interest, defendants failure to identify a compelling state interest before establishing a policy to visit tax parcels and conduct searches amounts to deliberate indifference. Fourteenth Amendment due process in tax dispute matters is clearly established, defendant can not act arbitrary to the established process which ultimately concludes with a factual determination by trail conducted in a court of competent jurisdiction if over-payment occurred entitling a taxpayer to refund. Defendant will receive their day in court, any physical intrusion onto a tax parcel must be under court procedures in a tax dispute unless a taxpayer consents to a search.

## REQUIREMENTS FOR COLLECTING 10% PENALTY

"Because the right to procedural due process is "absolute" in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed, see Boddie v. Connecticut, 401 U. S. 371, 375 (1971); Anti-Fascist Committee v. McGrath, 341 U. S., at 171-172 (Frankfurter, J., concurring)...", *Carey v. Piphus, 435 US 247, 266 (1978),* is plainly read to mean dismissal without answer is improper, the court must properly review evidence to issue a decision on procedural due process considered by the court as actionable even under a minimum nominal damages theory. The question is almost 150 years old;

> But when, in the year of grace 1866, there is placed in the Constitution of the United States a declaration that "no State shall deprive any person of life, liberty, or property without due process of law," can a State make any thing due process of law which, by its own legislation, it chooses to declare such?

*Davidson v. New Orleans, 96 US 97. 102 (1877).*

Defendant enacted Anchorage municipal code §12.05.065 - Tax penalty waiver by Anchorage Assembly legislative act, defendant necessarily has knowledge of its own ordinances, *Castro v. County of Los Angeles, 833 F. 3d 1060, 1077 (2016).* Plaintiff has found no case alleging a violation of Fourteenth Amendment procedural due process involving a local government ordnance dismissed without answer.

19

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

The court must first determine the Fourteenth Amendment protects defendant's collection of a 10% penalty, the taking of property, in the form of money. Fourteenth Amendment procedural due process requirements have long been established, "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean, 234 U. S. 385, 394 (1914)* and of the hearing options available to plaintiff, appear or default, acquiesce or contest plaintiff chose to   acquiesce and default. Collection of 10% penalty without opportunity to be heard violates the Fourteenth Amendment, due process does not turn on weather the demand was made before or after a Anchorage department of finance revised bill demanding the 10% penalty had been sent, defendant has no authority under the US Constitution to collect any 10% penalty from any taxpayer until opportunity to be heard has been given. It is totally within the defendant's discretion as to when that notice of opportunity for hearing is given, the day after the tax obligation went unfulfilled or six months later. The controlling issue is notice of opportunity to be heard must occur before a 10% penalty can be collected.

CLAIM V Fourteenth Amendment Due Process deprivation by an established procedure

alleged facts – Anchorage collected a 10% penalty under Anchorage ordinance, a taking of property occurred when Anchorage collected the 10% penalty

violation – the taking conducted under Anchorage ordinance does not meet the procedural due process requirements of the Fourteenth Amendment

Anchorage does not violate the constitution by demanding 10% penalty, they do so

*Anderson, Pro Se v. Municipality of Anchorage*  Case 3:21-cv-00139-JMK

by failing to provide due process of law in it's collection,

> In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law.

*Zinermon v. Burch, 494 US 113, 125 (1990).* Defendants focus on how the demand occurred is not controlling, the deprivation is predictable, a unpaid balance on a ad valorem tax parcel account triggers the 10% penalty, due process requires a pre-deprivation procedure meeting due process of law, the court must find the waiver process in municipal ordnance meets procedural due process of law for defendant to prevail, failure to state a claim is the motion before the court.

"This Court consistently has held that some form of hearing is required before an individual is finally deprived of a property interest." , *Mathews v. Eldridge, 424 US 319, 333 (1976)*, plaintiff is not required to exhaust remedies, *Patsy v. Board of Regents of Fla., 457 US 496, 516 (1982)*. Plaintiff has a right to avoid property lien by paying the penalty and timely submitting the matter to the court for judicial determination. "The first question, we believe, was affirmatively settled by the Mullane case itself, where the Court held that a cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause.", *Logan v. Zimmerman Brush Co., 455 US 422, 428 (1982)*. Fourteenth Amendment due process requires a final decision by a administrative tribunal be appealable to a court of competent jurisdiction allowing a aggrieved party a

Case 3:21-cv-00139-JMK   Document 14   Filed 09/22/21   Page 21 of 27

path to the ultimate authority, the United States Supreme Court. "Due process requires that there be an opportunity to present every available defense." *American Surety Co. v. Baldwin, 287 U. S. 156, 168 (1932)*.

Municipal ordnance establishes the manner of collecting penalties associated with ad valorem tax delinquencies. Plaintiff alleges there has been a taking of property without procedural due process required by the Fourteenth Amendment. Defendant treated monies beyond the $499.99 ad valorem tax as a over-payment of tax due and not collection of a penalty. Defendant has chosen to collect a 10% penalty, receiving payment triggers Fourteenth Amendment procedural due process regardless of the form or manner by which the defendant acquired the 10% penalty monies. Plaintiff is not required to exhaust remedies where no notice is given, plaintiff is not required to exhaust remedies not providing a right to appeal a administrative tribunal final decision, even a informal final decision, to a court of competent jurisdiction, be it on due process procedural grounds, unequal treatment, arbitrary decision or any other cause of action. Fourteenth Amendment procedural due process is a question of law.

The Fourteenth Amendment draws a distinction between actions in personam and actions in rem, *Grannis v. Ordean, 234 US 385, 392 (1914),* fundamental requisite of due process of law is the opportunity to be heard. Defendant can, under state law, collect the penalty under in rem proceeding against plaintiff's tax parcel, no in persona notice is required in foreclosure of tax lien as no personal liability exist, collection is against the

land not the person. The first factor in *Mathews v. Eldridge, 424 US 319, 335 (1976)*, "the private interest that will be affected by the official action" is relevant as the only due process in persona participation is at the collection stage. Plaintiff has not alleged the 10% penalty is excessive under the Eighth Amendment or in rem proceeding against the land to collect the penalty are unconstitutional but the court has to be mindful ad valorem tax obligations and 10% penalties are finally resolved in only two ways, payment by taxpayer (with appeal rights for refund of tax overpayment) or in rem foreclosure of tax lien. The conclusion of law allegations in plaintiff's complaint help define the private interest that will be affected when defendant collects a 10% penalty. Plaintiff's allegation collection of 10% penalty takes priority over collection of tax under defendant's payment policy results in a $50 tax obligation remaining had plaintiff made a $499.99 payment on August 29, 2019, presented under in rem proceedings for foreclosure of a $50 tax lien in a court of competent jurisdiction presents no obstacle to defendant in taking possession of plaintiff's tax parcel.

Defendant cited *Schroeder v. DIAMOND PARKING, INC., Dist. Court, D. Hawaii 2013*, a case involving what appears to be a state actor in the form of a private company. The 9th Circuit affirmed in NOT FOR PUBLICATION, "This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3." memorandum dated March 25, 2016 "Schroeder failed to allege facts sufficient to show that he was deprived of any process that was due". The court cited *Ulrich v. City &*

*County of San Francisco, 308 F.3d 968, 974 (9th Cir. 2002)*, a case not mentioned in the district court decision, *Ulrich* was remanded as to municipal liability.

Anchorage is a political subdivision chartered by the State of Alaska for a more ordered form of government. Anchorage is, by charter, a state actor and required to comply with Fourteenth Amendment due process.

The allegation by plaintiff is there has been a taking of property without that procedural due process that is required by the Fourteenth Amendment, the violation is complete when defendant takes payment of a 10% penalty without opportunity for hearing. *Sniadach v. Family Finance Corp. of Bay View, 395 US 337, 339-340 (1969)* reaffirmed *Mullane v. Central Hanover Trust Co., 339 U. S. 306 (1950)* "...the right to be heard "has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." 339 U. S., at 314." Defendant argues it provides Fourteenth Amendment procedural due process without having answered the complaint, plaintiff has alleged a judicially cognizable injury.

CLAIM VI Fourteenth Amendment Substantive Due Process

alleged facts – Anchorage collected a 10% penalty under a strict liability standard

violation – strict liability is a permitted exception under due process only in limited circumstances not relevant to delinquent ad valorem obligations

Procedural due process requires as a minimum a hearing opportunity, it is a question of law if a demand for payment with opportunity for hearing is all that is

required, plaintiff's Substantive Due Process claim alleges before requiring a taxpayer to endure a procedural due process 10% penalty hearing defendant must provide a opportunity to pay the tax obligation and interest. The court could find procedural due process requires the same conclusion. Plaintiff distinguished the claim to ensure the court decided, in the case of a municipal corporation collection of a 10% penalty for untimely ad valorem tax payment, plaintiff is entitled to more than a hearing conducted under minimal procedural due process. The claim is a question of law, would a adequate state remedy be limited to hearing alone or is a predeprivation opportunity to pay the tax obligation and interest a Fourteenth Amendment right. "Substantive due process claims allege that the governmental conduct would be unjustified even if the most stringent procedural safeguards were followed.", *Gilmere v. City of Atlanta, 774 F.2d 1495, 1500 (11th Cir.1985)*, cert. denied.

### CLAIM VII Fourteenth Amendment Equal Protection

alleged facts – Anchorage demands a 10% penalty payment from some taxpayers while removing the the penalty from other taxpayer obligations, Anchorage failure to provide procedural and substantive due process leaves a arbitrary enforcement system

violation – treating identically situated taxpayers differently violates Fourteenth Amendment equal protection

*Plyler v. Doe, 457 US 202, 216 (1982)*, "The Equal Protection Clause directs that "all persons similarly circumstanced shall be treated alike." F. S. Royster Guano Co. v.

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

Virginia, 253 U. S. 412, 415 (1920)." All persons similarly circumstanced is an easily identifiable group in collection of a real property ad valorem tax 10% penalty, it is all real property ad valorem taxpayers.

A fundamental right is involved, the taking of property. Speaking to defendant's head cashier about removal of a penalty appeared to be a routine procedure of defendant, as plaintiff is pro se, information and belief in plaintiff's pleading is based on first hand experience, not a lawyer making such a allegation based on discussion with a client, the court must give due consideration to plaintiff's allegations and reasonable inferences as the pleading was written solely by plaintiff and duly signed. Plaintiff should have been able on August 29, 2019 to pay the unpaid tax obligation plus any interest accrued without need to speak to the head cashier about removal of a 10% penalty. Defendants argument that the head cashier answered all plaintiff's questions on August 29, 2019, while notably improper in a motion to dismiss without answer, supports plaintiff's allegation.

CONCLUSION

For the above reasons, this Court should not grant Defendants' Motion to Dismiss.

26

*Anderson, Pro Se v. Municipality of Anchorage* Case 3:21-cv-00139-JMK

Dated *September 17*, 2021.

*Robert Anderson*

Robert Anderson, Pro Se

## Certificate of Service

I certify that a copy of the above was served, by hand delivery to Municipality of

Anchorage Office of the Municipal Attorney at 632 West 6th Avenue, Anchorage, Ak.  on

*Sept 17*          , 2021.


*Sept 17*                                          *Robert Anderson*

Date                                                     Signature

Case 3:21-cv-00139-JMK   Document 14   Filed 09/22/21   Page 27 of 27