Pamela D. Weiss
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendant
Municipality of Anchorage

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MUNICIPALITY OF ANCHORAGE, ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:21-cv-00139 JMK |

### MUNICIPALITY'S REPLY IN SUPPORT OF MOTION TO DISMISS

Despite its length, Plaintiff's Opposition does not improve on his complaint's failure to provide sufficient allegations of fact that, if true, would constitute constitutional violations.[1] Throughout, he continues to make the same conclusory statements that he did in the complaint. And where he discusses new cases, those cases frequently do not

---

[1] His primary justification for the court to deny the motion is simply that it is "preferable" that the court decide the 4th Amendment issue on the merits. *See* Opposition (Dkt. 14) at 2. This argument assumes that he has stated a claim. Because he has not done so, this is one of the rare instances where dismissal is appropriate under Rule 12(b)(6).

support the propositions for which he utilizes them. Having failed to establish that his complaint states cognizable claims, for the reasons stated in the Memorandum in support of Motion to Dismiss (Dkt. 12) as well as those stated below, the motion (at Dkt. 11) should be granted.

I. **AS A MATTER OF LAW, THE ASSESSOR'S INSPECTION WAS NOT A SEARCH FOR FOURTH AMENDMENT PURPOSES.**

Plaintiff assumes his conclusion with respect to entry onto the property by the assessor. He continues to make the conclusory allegations that the inspection of the exterior of the residence by the assessor constitutes a Fourth Amendment search and thus a warrant was required. (Dkt. 14) at 5-7. However, the case law tells us just the opposite; the assessor's inspection of the exterior of the home in the manner alleged by plaintiff is *not* a search for purposes of the Fourth Amendment. *See* (Dkt. 12) at 6-8 and citations therein.

Mr. Anderson fails to identify any case that establishes the assessor's inspection in the manner he alleges constitutes a search under the Fourth Amendment. He relies on cases that are meaningfully distinguishable because, for instance, they involved interior inspections of homes.[2] (Dkt. 14) at 10-11. However, plaintiff has never alleged that the assessor inspected the interior of the property; his allegation was simply that the assessor entered onto his property. Complaint (Dkt. 1) at ¶¶41, 49. On this point the cases cited in the Memorandum (at Dkt. 12) tell us in that circumstances the Fourth Amendment is not implicated.

Reply in Support of Motion to Dismiss
*Anderson, Robert v. MOA (Property Taxes)*; Case No. 3:21-cv-00139 JMK
Page 2 of 8

Case 3:21-cv-00139-JMK   Document 15   Filed 10/07/21   Page 2 of 8

Mr. Anderson appears to recognize that the *Widgren* decision does not allow his claim. But his only response is to argue that the case was wrongly decided. (Dkt. 14) at 9. Mr. Anderson's subjective belief that the court was wrong does not save his claim. And the distinction he attempts to draw between the present case and *Field* - that one involved placement of a violation notice (*Field*) and one involved posting a notice as a door hanger (present case) – is a distinction without a difference. (Dkt. 14) at 13.

Finally, *King v. Handorf*[3] actually confirms that the entry by the assessor onto his property in the manner Mr. Anderson alleges does not implicate the Fourth Amendment.[4] In *King*, the court concluded that the assessor's actions – specifically, walking around the property, viewing and measuring items including a workshop - did not constitute a search.[5] Plaintiff is correct that in *King* the owner had consented to the assessor's entry onto the property but even after the court pointed that out, it went on to discuss the decisions in *Widgren v. Maple Grove Twp.*[6] and *Taylor v. Mich. Dep't of Nat. Res.*,[7] neither of which involved consent. The court noted that the actions in those cases did not

---

[2] *See, e.g. Camara* v. *Municipal Court of City and County of San Francisco*, 387 U.S. 523, 540 (1967).
[3] 821 F.3d 650 (5th Cir. 2016).
[4] He also cites to a case called *King v. Louisiana Tax Commission*. (Dkt 12) at 11-12. The Municipality was unable to locate a copy of this decision. Therefore, it was impossible to determine whether it supports his position.
[5] 821 F.3d at 652, 653.
[6] 429 F.3d 575 (6th Cir. 2005).
[7] 502 F.3d 452 (6th Cir. 2006).

Reply in Support of Motion to Dismiss
*Anderson, Robert v. MOA (Property Taxes)*; Case No. 3:21-cv-00139 JMK
Page 3 of 8

constitute Fourth Amendment searches even without consent, therefore the assessor's actions in *King* likely did not either.[8]

The allegations in the complaint demonstrate that the purpose of the assessor's entry was to inspect the property in accordance with the statutes and that the assessor simply entered onto the property, not inside the home. Given these allegations, Mr. Anderson's Complaint fails as a matter of law to state a claim for violation of the Fourth Amendment.

## II. PLAINTIFF DOES NOT PROVIDE ANY ADDITIONAL INFORMATION TO SUPPORT HIS DUE PROCESS, EQUAL PROTECTION OR TAKING CLAIMS.

With respect to the claims for taking, due process (procedural and substantive) and equal protection, the Opposition does not provide any additional information that establishes the validity of these claims. He simply reiterates exactly what he said in the Complaint; he makes repeated conclusory statements that there has been a violation but he does so without consideration of the legal standard or providing facts that, if true, would support a claim under the standards. Accordingly, he cannot avoid dismissal.

<u>Invasion/Takings</u>: With respect to the takings claim, for example, he simply reiterates that someone knocked on the door and proceeded to inspect the exterior of the residence when he did not answer. (Dkt. 14) at 16. Neither this fact nor any other alleged in the Complaint is insufficient to make a takings claim since they do not

---

[8] 821 F.3d at 655. The court also discussed *Covey v. Assessor of Ohio City*, 777 F.3d 186 (4th Cir. 2015), but noted that a search was deemed to have occurred but distinguished it because of West Virginia law and the fact that the assessor physically entered the home. 821 F.3d at *655*.

Reply in Support of Motion to Dismiss
*Anderson, Robert v. MOA (Property Taxes)*; Case No. 3:21-cv-00139 JMK
Page 4 of 8
Case 3:21-cv-00139-JMK   Document 15   Filed 10/07/21   Page 4 of 8

establish a physical "invasion" as required under the law or a denial of "all economically beneficial or productive use of the land."

He points to the decision in *Florida v. Jardines* apparently in an effort to suggest that the assessor requires a license to enter onto private residential property. (Dkt. 14) at 14. But that case does not stand for that. In that case, police came to the property with a drug-sniffing dog. Based on the dog's alert, the officers obtained a search warrant, which revealed marijuana plants, and the defendant was charged with trafficking.[9] The question before the court was whether the use of a drug-sniffing dog to investigate the contents of the home constituted a "search" and the court found it did.[10] But it was the use of the enhanced capabilities of the dog that created the problem.[11] The court's discussion of the scope of a license or invitation by the homeowner in this context does not mean that the assessor was required to get an actual license to perform its assessment work or to inspect the outside of a home.

Due Process: Nothing in Mr. Anderson's opposition helps establish that facts sufficient to establish a deprivation of a protected liberty or property interest such that his complaint states a cognizable substantive or procedural due process claim. He simply repeats the conclusory statements that he made in the Complaint. Thus, there is nothing that would support a conclusion that the assessor interfered with or implicated his life,

---

[9] 569 U.S. 1, (2013).
[10] *Id.* at 3.
[11] *Id.* at 9 ("But introducing a trained police dog to explore the area around the home in hopes of discovering incriminating evidence is something else.")

Reply in Support of Motion to Dismiss
*Anderson, Robert v. MOA (Property Taxes)*; Case No. 3:21-cv-00139 JMK
Page 5 of 8
Case 3:21-cv-00139-JMK   Document 15   Filed 10/07/21   Page 5 of 8

liberty or property interest or that he was deprived of any procedural protections that would follow if it were. *See* discussion in (Dkt. 12) at 10.

Equal Protection: Finally, he fails to provide any context for how he could establish he was intentionally treated differently from other similarly situated homeowners.[12] Instead he makes a series of other statements that at best constitute his disagreement with the legal standard. *See* (Dkt. 14) at 17. Whether or not Mr. Anderson agrees with the legal standard does not determine whether he has met the standard for making a claim.

### III. Plaintiff Has Not Been Deprived of Property Interest, Which is a Prerequisite to His Claim Concerning the Penalty.

Mr. Anderson argues that the motion should not be granted with respect to the penalty because he found no case alleging violation of Fourth Amendment procedural due process involving a local government ordinance that was dismissed without an answer. (Dkt. 14) at 19. Even if it is true that there is no case dismissing a Fourth Amendment procedural due process claim relating to a local government ordinance, that does not establish that *he* has stated a claim in the present case. Because he has not, the claim should be dismissed.

MOA had understood his complaint to be about the failure of the Treasury Department to provide notice of the penalty. Now he says that is not the problem.

---

[12] *Village of Willowbrook v. Olech,* 528 U.S. 562, 565 (2000).

Reply in Support of Motion to Dismiss
*Anderson, Robert v. MOA (Property Taxes)*; Case No. 3:21-cv-00139 JMK
Page 6 of 8

Case 3:21-cv-00139-JMK   Document 15   Filed 10/07/21   Page 6 of 8

Rather, he says that the violation is not having an opportunity to be heard. (Dkt. 14) at 20.[13] This clarification does not change the outcome.

In order to trigger the protections of due process, he must establish he has been deprived of property under color of state law.[14] As discussed in the underlying motion, the allegations in his complaint demonstrate there has been no deprivation.[15]

He does not dispute that legal prerequisite, which was discussed in *Schroeder v. Diamond Parking, Inc.*[16] Instead he appears to avoid the import of that case by claiming that the 9th circuit decision affirming the District Court's Decision is not citeable. (Dkt. 14) at 23. Mr. Anderson is incorrect on this point; in fact, the 9th circuit decision simply states that it was not selected for publication.[17] But even if the case is not citeable, there is other authority for the proposition that voluntary relinquishment of property does not trigger due process.[18]

Because plaintiff's factual allegations establish that he voluntarily paid the $50 penalty before the Municipality took any action, there has been no deprivation giving rise to a constitutional claim.

---

[13] Subsequently he says that the issue was that it was a taking. (Dkt. 14) at 20. The complaint did not articulate that claim. In any event, the Municipality could locate no cases that support he notion that a monetary penalty is a property interest for purposes of a takings claim.

[14] *See Parratt v. Taylor*, 451 U.S. 527, 536-37 (1981) (overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986)).

[15] (Dkt. 12) at 14.

[16] (citing *Schroeder v. Diamond Parking, Inc.* 2013 WL 5348472 at *8 (D. Hawaii Sept. 17, 2013) (dismissing complaint, including portion claiming right to a hearing to contest parking penalty notice where merely received notice and then voluntarily paid).

[17] *Schroeder v. Diamond Parking, Inc.*, 646 Fed. Appx. 505 (9th Cir. 2016).

[18] *See, supra*, n. 5; See *also e.g., Hill v. Giani*, 296 P.3d 14, 24 (Alaska 2013) (explaining that "Absent coercion, voluntarily relinquishing a property interest does not trigger due process protections" for purposes of a section 1983 claim).

Reply in Support of Motion to Dismiss
*Anderson, Robert v. MOA (Property Taxes)*; Case No. 3:21-cv-00139 JMK
Page 7 of 8
Case 3:21-cv-00139-JMK   Document 15   Filed 10/07/21   Page 7 of 8

## CONCLUSION

For the reasons stated in the Memorandum (Dkt. 12) and this reply, the Municipality's Motion to Dismiss should be granted.

Respectfully submitted this 7th day of October, 2021.

PATRICK N. BERGT
Municipal Attorney

By: s/Pamela D. Weiss
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org
Alaska Bar No. 0305022

Certificate of Service
The undersigned hereby certifies that on 10/07/21, a
true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.

/s/ Cathi Russell
Cathi Russell, Legal Secretary
Municipal Attorney's Office

Reply in Support of Motion to Dismiss
*Anderson, Robert v. MOA (Property Taxes)*; Case No. 3:21-cv-00139 JMK
Page 8 of 8

Case 3:21-cv-00139-JMK   Document 15   Filed 10/07/21   Page 8 of 8