Sean Halloran
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendant
Municipality of Anchorage

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MUNICIPALITY OF ANCHORAGE, ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:21-cv-00139 JMK |

## ANSWER TO COMPLAINT

The Municipality of Anchorage answers the Complaint of plaintiff Robert Anderson, as follows:

1. The Municipality admits that it acts through its employees and through others, and that it acts in accordance with law and applicable policy. Paragraph 1 of the Complaint is vague and ambiguous, and the Municipality is otherwise unable to address the allegations and averments that may be intended to be incorporated within that paragraph.

2. Paragraph 2 of the Complaint states a legal conclusion and requires no response from this defendant.

3. Paragraph 3 of the Complaint states a legal conclusion and requires no response from this defendant.

4. Paragraph 4 of the Complaint states a legal conclusion and requires no response from this defendant.

5. The Municipality admits that it is an Alaska municipal corporation located within the District of Alaska. To the extent that Paragraph 5 of the Complaint states a legal conclusion, no response is required from this defendant.

6. The Municipality admits that the plaintiff is the record owner of real property located within the Municipality.

7. The Municipality admits that it is an Alaska municipal corporation and that it has home rule powers. To the extent that Paragraph 7 of the Complaint states a legal conclusion, no response is required from this defendant.

8. Paragraph 8 of the Complaint states a legal conclusion and requires no response from this defendant.

## ALLEGATIONS A

9. The Municipality admits that the plaintiff is the record owner of real property located within the Municipality.

10. The Municipality is without knowledge as to the allegations and averments of Paragraph 10 of the Complaint, and is unable to admit or deny them.

11. The Municipality admits that it levies property tax on real property within the Municipality.

12. Paragraph 12 of the Complaint is vague and ambiguous, and the Municipality is unable to admit or deny the allegations and averments of that paragraph.

13. The Municipality is without knowledge as to the allegations and averments of Paragraph 13 of the Complaint, and therefore denies them.

14. Paragraph 14 of the Complaint is vague and ambiguous, and appears to relate only to dismissed claims, such that the Municipality is not required to respond to this paragraph.

15. Paragraph 15 of the Complaint appears to relate only to dismissed claims, such that the Municipality is not required to respond to this paragraph.

16. Paragraph 16 of the Complaint appears to relate only to dismissed claims, such that the Municipality is not required to respond to this paragraph.

17. Paragraph 17 of the Complaint states a legal conclusion and requires no response from this defendant.

18. Paragraph 18 of the Complaint appears to relate only to dismissed claims, such that the Municipality is not required to respond to this paragraph.

19. Plaintiff's Exhibit 1 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 19 of the Complaint.

20. Plaintiff's Exhibit 1 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 20 of the Complaint.

Answer to Complaint
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 3 of 14
Case 3:21-cv-00139-JMK   Document 22   Filed 05/17/22   Page 3 of 14

21. Plaintiff's Exhibit 2 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 21 of the Complaint.

22. Plaintiff's Exhibit 2 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states a legal conclusion and requires no response from this defendant.

24. Plaintiff's Exhibit 2 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 24 of the Complaint.

25. Plaintiff's Exhibit 3 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 25 of the Complaint.

26. Plaintiff's Exhibit 3 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 26 of the Complaint.

27. The Municipality admits that its Finance Department is within the Executive Branch of government.

28. The Municipality admits that it has employees who appraise real property and employees who prepare tax assessments.

29. Paragraph 29 of the Complaint states a legal conclusion and requires no response from this defendant.

30. Paragraph 30 of the Complaint is vague and ambiguous, and the Municipality is unable to admit or deny the allegations and averments of that paragraph. To the extent that it is intended to assert a legal conclusion, no response is required from this defendant.

31. Paragraph 31 of the Complaint is vague and ambiguous, and the Municipality denies the allegations and averments of that paragraph accordingly. To the extent that this paragraph is intended to assert a legal conclusion, no response is required from this defendant.

32. The Municipality admits that it taxes real property in accordance with law.

33. Plaintiff's Exhibit 3 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 33 of the Complaint.

34. The Municipality denies the allegations and averments of Paragraph 34 of the Complaint.

35. Plaintiff's Exhibit 3 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 33 of the Complaint. To the extent that this paragraph is intended to assert a legal conclusion, no response is required from this defendant.

36. The Municipality denies that it treats private residential property the same as public property. To the extent that this paragraph is intended to assert a legal conclusion, no response is required from this defendant.

37. Plaintiff's Exhibit 3 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 37 of the Complaint.

38. The Municipality admits that it is required to independently estimate property values for purposes of real property tax, and that it is required to view each parcel at least once every six years.

39. Paragraph 39 of the Complaint states a legal conclusion and requires no response from this defendant.

40. Paragraph 40 of the Complaint states a legal conclusion and requires no response from this defendant.

41. The Municipality denies the allegations and averments of Paragraph 41 of the Complaint.

42. The Municipality denies the allegations and averments of Paragraph 42 of the Complaint.

43. The Municipality denies the allegations and averments of Paragraph 43 of the Complaint.

44. The Municipality denies the allegations and averments of Paragraph 44 of the Complaint.

45. The Municipality denies the allegations and averments of Paragraph 34 of the Complaint.

46. The Municipality denies the allegations and averments of Paragraph 34 of the Complaint.

47. Paragraph 47 of the Complaint is vague and ambiguous, and the Municipality is unable to admit or deny the allegations and averments of that paragraph.

48. The Municipality denies the allegations and averments of Paragraph 48 of the Complaint.

49. The Municipality denies the allegations and averments of Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint is vague and ambiguous, and the Municipality is unable to admit or deny the allegations and averments of that paragraph.

51. Paragraph 51 of the Complaint is vague and ambiguous, and the Municipality is unable to admit or deny the allegations and averments of that paragraph.

52. The Municipality is without knowledge as to the allegations and averments of Paragraph 52 of the Complaint, and is unable to admit or deny them.

53. Plaintiff's Exhibit 4 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint states a legal conclusion and requires no response from this defendant.

55. The Municipality is without knowledge as to the allegations and averments of Paragraph 55 of the Complaint, and is unable to admit or deny them.

56. The Municipality denies that a search occurred.

57. The Municipality denies that a search occurred.

58. Plaintiff's Exhibit 4 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 58 of the Complaint.

59. Plaintiff's Exhibit 3 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint states a legal conclusion and requires no response from this defendant.

Answer to Complaint
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 7 of 14
Case 3:21-cv-00139-JMK   Document 22   Filed 05/17/22   Page 7 of 14

61. Paragraph 61 of the Complaint states a legal conclusion and requires no response from this defendant.

62. Paragraph 62 of the Complaint states a legal conclusion and requires no response from this defendant.

63. Paragraph 63 of the Complaint states a legal conclusion and requires no response from this defendant.

64. Paragraph 64 of the Complaint states a legal conclusion and requires no response from this defendant.

65. Paragraph 65 of the Complaint states a legal conclusion and requires no response from this defendant.

66. Paragraph 66 of the Complaint states a legal conclusion and requires no response from this defendant.

67. Paragraph 67 of the Complaint states a legal conclusion and requires no response from this defendant.

68. Paragraph 68 of the Complaint states a legal conclusion and requires no response from this defendant.

69. Paragraph 69 of the Complaint states a legal conclusion and requires no response from this defendant.

70. Paragraph 70 of the Complaint states a legal conclusion and requires no response from this defendant.

71. Paragraph 71 of the Complaint states a legal conclusion and requires no response from this defendant.

Answer to Complaint
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 8 of 14
Case 3:21-cv-00139-JMK   Document 22   Filed 05/17/22   Page 8 of 14

72. The Municipality denies the allegations and averments of Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint states a legal conclusion and requires no response from this defendant.

74. Paragraph 74 of the Complaint states a legal conclusion and requires no response from this defendant.

75. Paragraph 75 of the Complaint states a legal conclusion and requires no response from this defendant.

76. The Municipality denies the allegations and averments of Paragraph 76 of the Complaint.

77. Paragraph 77 of the Complaint is vague and ambiguous, and the Municipality is unable to admit or deny the allegations and averments of that paragraph.

78. Paragraph 78 of the Complaint states a legal conclusion and requires no response from this defendant.

79. Upon information and belief subject to discovery, the Municipality admits the allegations in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint is vague and ambiguous, and the Municipality is unable to admit or deny the allegations and averments of that paragraph.

81. Paragraph 81 of the Complaint states a legal conclusion and requires no response from this defendant.

82. Paragraph 82 of the Complaint appears to relate only to dismissed claims, such that the Municipality is not required to respond to this paragraph.

83. Paragraph 83 of the Complaint is vague and ambiguous, and the Municipality is unable to admit or deny the allegations and averments of that paragraph.

84. Paragraph 84 of the Complaint states a legal conclusion and requires no response from this defendant.

85. AS 29.45.130(b) makes no reference to an administrative search warrant.

86. The phrase "ad valorem date" is vague and ambiguous. To the extent Paragraph 86 of the Complaint states a legal conclusion, no response is required from this defendant.

87. Paragraph 87 of the Complaint states a legal conclusion and requires no response from this defendant.

88. Paragraph 88 of the Complaint states a legal conclusion and requires no response from this defendant.

## ALLEGATIONS B

89–147. Paragraphs 89 through 147 of the Complaint appear to relate only to dismissed claims, such that the Municipality is not required to respond to those paragraphs.

## ALLEGATIONS OF LAW

148. Paragraph 148 of the Complaint states a legal conclusion and requires no response from this defendant.

149. The Municipality denies the allegations and averments of Paragraph 149 of the Complaint.

150. The plaintiff has not lost any constitutional rights.

151. The Municipality denies the allegations and averments of Paragraph 151 of the Complaint.

# CLAIM 1

152. Paragraph 152 of the Complaint requires no response from this defendant.

153. The Municipality denies the allegations and averments of Paragraph 153 of the Complaint.

154. Paragraph 154 of the Complaint is vague and ambiguous, and the Municipality is unable to admit or deny the allegations and averments of that paragraph.

155. The Municipality denies the allegations and averments of Paragraph 155 of the Complaint.

156. The Municipality admits that it unsuccessfully attempted to contact the plaintiff on or about July 11, 2019.

157. Paragraph 157 of the Complaint is vague and ambiguous, and the Municipality is therefore unable to admit or deny the allegations and averments of that paragraph. Plaintiff's Exhibit 3 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 157 of the Complaint.

158. Paragraph 158 of the Complaint states a legal conclusion and requires no response from this defendant.

159. Paragraph 159 of the Complaint states a legal conclusion and requires no response from this defendant.

160. Paragraph 160 of the Complaint states a legal conclusion and requires no response from this defendant.

161. Paragraph 161 of the Complaint states a legal conclusion and requires no response from this defendant.

162. Plaintiff's Exhibit 3 to the Complaint speaks for itself, such that the Municipality is not required to respond further to Paragraph 162 of the Complaint.

163. The Municipality denies the allegations and averments of Paragraph 163 of the Complaint.

164. Paragraph 164 of the Complaint states a legal conclusion and requires no response from this defendant.

165. Paragraph 165 of the Complaint states a legal conclusion and requires no response from this defendant.

## CLAIM 2 – CLAIM 7

166–226. Paragraphs 166 through 226 of the Complaint relate only to dismissed claims, such that the Municipality is not required to respond to those paragraphs.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The plaintiff is estopped from bringing his claim by the judgment in 3AN-00-11687 Civil.

3. The Municipality was privileged to act as it did, in compliance with AS 29.45.130(b).

4. The inspection of property for tax assessment purposes is excepted from any warrant requirement asserted by the plaintiff.

5. To the extent that the plaintiff seeks to declare a State statute unconstitutional, the State is a necessary party for a just adjudication of this matter, and the plaintiff has failed to join the State as a party.

6. The assessment of real property does not constitute a search under the Fourth Amendment.

7. Even if the assessment of real property constitutes a search, any such search did not descend to the level of unreasonableness, and therefore was not violative of the Fourth Amendment.

## REQUEST FOR RELIEF

Wherefore, the Municipality requests for the following relief:

1. For the dismissal of the plaintiff's Complaint, with prejudice;

2. For a judgment denying the plaintiff's requested relief;

3. For the recovery of the Municipality's reasonable costs and fees in defending this action; and

4. For such other and further relief as the court may find just and proper in the circumstance.

Respectfully submitted this 17th day of May, 2022.

PATRICK N. BERGT
Municipal Attorney

By: s/Sean Halloran
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org
Alaska Bar No. 9211080

<u>Certificate of Service</u>
The undersigned hereby certifies that on May 17, 2022, a true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

s/ Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office