Sean Halloran
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendant
Municipality of Anchorage

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ROBERT ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MUNICIPALITY OF ANCHORAGE, )<br>)<br>Defendant. )<br>) | Case No. 3:21-cv-00139 JMK |

**MOTION FOR PROTECTIVE ORDER**

The Municipality of Anchorage moves this Court for a protective order under Civil Rule 26(c) forbidding discovery into communications between the Office of the Municipal Attorney and its clients.

The plaintiff's first set of discovery requests seeks the production of documents, and includes the following two requests:

> Request to Produce No. 10: Please produce any documents of the Office of the Municipal Attorney's containing recommendations for compliance, maintenance of records, advice about physical inspection or alternatives on standard operating procedures or policies provided to the person employed in the position of Anchorage assessor AND various additional

> Department of Finance employees, as direct recipients or by the Anchorage assessor forwarding documents, regarding entry onto private property for field data collection or other purposes by Anchorage Department of Finance employees for the dates January 2, 1985 to July 11, 2019.
>
> Request to Produce No. 37: Please produce any privilege log resulting from plaintiffs first request for production of documents (this request).

[Exhibit 1.] The Municipality has objected to these requests. [Exhibit 2.]

None of the requested documents are relevant to the single claim remaining before this court. Moreover, any and all documents that would be responsive to RFP 10 are privileged, and a search for such documents would be burdensome and oppressive at a minimum, and may even be impossible. [Christensen Declaration.] Where it is axiomatic that the requested privilege log can only be prepared if the requested documents are first identified, responding to RFP 37 is similarly burdensome and oppressive. Anchorage therefore asks that the Municipality be excused from responding to these two requests.

## A. Discovery of Privileged Information is Impermissible.

The Federal Rules of Civil Procedure favor liberal discovery. *See Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). This is because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Id.*; *Epstein v. MCA*, 54 F.3d 1422, 1423 (9th Cir. 1995). A party is entitled to discovery of "any **nonprivileged** matter that is relevant to any party's claim or defense." [Fed.R.Civ.P. 26(b)(1) (emphasis added).]

Pursuant to Fed.R.Evid. 501, federal law governs the availability and scope of the attorney-client privilege in nondiversity actions. *See United States v. Hodge & Zweig*, 548 F.2d

1347, 1353 (9th Cir.1977); *Odmark v. Westside Bancorporation*, 636 F.Supp. 552, 554-55 (W.D.Wash.1986).

Mr. Anderson's RFP 10 requests 34 years of documents containing "advice" and "recommendations" provided by the Municipality's attorneys to the Municipality's Assessor and employees of the Municipality's Finance Department. [Exhibit 1 at RFP 10.] By definition, he is requesting privileged communications.[1] In re Fischel, 557 F.2d 209 (9th Cir.1977). All such advice is confidential, and protected by attorney/client privilege, which the Municipality does not waive. [Christensen Declaration.] Mr. Anderson is not entitled to receive any of what he has requested in his RFP 10. The court should excuse the Municipality from responding to RFP 10 accordingly.

**B.     The Requested Information is Not Relevant.**

The sole claim remaining before the court is Mr. Anderson's assertion that a Municipal employee entered his property and conducted a search, without a warrant, in furtherance of assessing his property for taxation purposes. [Dockets 16, 18.] In discussions with the undersigned, Mr. Anderson asserted that he desires to obtain documents in response to his RFP 10 in order to establish that the Municipality has a policy. Mr. Anderson, however, cannot articulate how any policy that he may seek to establish is relevant to his remaining claim. It is undisputed that a Municipal employee did enter the curtilage of his property, and that he did so for the purpose of assessing the value for taxation purposes. Either a warrant was required for that entry or it wasn't. Whatever "policy" Mr. Anderson may be trying to establish is simply

---

[1]     In the corporate setting, the Supreme court has held that privilege applies to communications between counsel and any employee regardless of position, when the communications concern matters within the scope of the employee's duties. *Upjohn v. United States,* 449 U.S. 383, 394 (1981).

irrelevant to the issue remaining before the Court. Where the issue is not relevant, the discovery is not permitted under Civil Rule 26. [Fed.R.Civ.P. 26(b)(1).] The Court should therefore excuse the Municipality from responding to RFP 10.

### C. Responding to RFP 10 and RFP 37 is Burdensome and Oppressive.

Civil Rule 26(c) provides that the court may issue an order to forbid discovery in order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. [Fed.R.Civ.P. 26(c)(1).] Accordingly, protection under Rule 26(c) is broader in scope than protecting evidentiary privileges. *Boughton v. Cotter Corp.*, 65 F. 3d 823, 829-830 (10th Cir. 1995); *Willer v. Las Vegas Valley Water Dist.*, No. 98-15686, 1999 U.S.App. Lexis 7831 at *4 (9th Cir. 1991).

Under Rule 26(b)(1)'s relevance requirement, if sought-after documents are not relevant nor calculated to lead to discovery of admissible evidence, then "any burden whatsoever" is by definition an undue burden. *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (Rule 45 subpoena); *see Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (Rule 45 subpoena is governed by Rule 26(b)(1)'s "overriding relevance requirement").

Clearly the process of identifying potentially responsive documents to Mr. Anderson's request is burdensome and oppressive. Responding to his requests "would be a Herculean task that is beyond the capability of the Department of Law," and "it would be nearly impossible to conduct a search that might locate all potentially responsive documents for the nearly 34-year period encompassed by the requests." [Christensen Declaration.] In addition to the substantial hurdles that would have to be overcome to examine whatever electronic media may be in existence, the many thousands of paper documents that would have to be reviewed are so

voluminous that their number can't even be determined. [*Id*.] The necessary review would inevitably consume thousands of work hours over a span of years. [*Id*.] There is no definition of burdensome that could allow these requests to stand.

A privilege log, by definition, is an itemization of those documents being withheld on the basis of the relevant privilege.[2] It is axiomatic that such a log can only be prepared once the search for responsive documents has been conducted. Necessarily, therefore, where the search is burdensome and oppressive, RFP 37, seeking the creation and production of a privilege log is equally as objectionable as is RFP 10. The court should therefore order that the Municipality need not respond to either RFP 10 or RFP 37.

D.  **The Requests are Overbroad.**

Where the scope of document request has no meaningful limitation, it is overbroad on its face. Thus, a request for any documents that relate to a particular topic is improper. *E.g.*: *Premer v. Corestaff Services, L.P.*, 232 F.R.D. 692 (M.D.Fla. 2005) (seeking documents "which regard or reference" a topic is facially overbroad).[3] Consequently, when "[n]o attempt had been made to try to tailor the information request to the immediate needs of the case" it is appropriate for the court to preclude the request. *Mattel Inc. v. Walking Mountain Productions*, 353 F. 3d 792, 813, 814 (9th Cir. 2003).

---

[2]  While a privilege log is sufficient to properly assert privilege, it is not necessary. *Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir.1989).

[3]  *See also Stewart v. Mitchell Transport*, 2001 U.S. Dist. LEXIS 12958, *12 (D. Kan. 2001) (finding "[documents] regarding" overbroad); *Bradley v. Val-Mejias*, 2001 U.S. Dist. LEXIS 25278, *18 (D.Kan., 2001) ("use of the term 'pertaining to', often makes a discovery request overly broad and unduly burdensome on its face"); *Barrington v. Mortgage IT, Inc.*, 2007 U.S. Dist. LEXIS 90555 at *16 (S.D.Fla. 2007) (subpoena seeking "any and all documents, files and records, reflecting or relating to the employment" is overly broad on its face).

Here, Mr. Anderson seeks all documents containing recommendations or advice from the Department of Law to the Municipal Assessor and/or to Finance Department employees that concern "compliance", the maintenance of records, the physical inspection of property "or alternatives", policies, the entry onto private property for the collection of property tax data, or the entry onto private property for "other purposes."  [Exhibit 1]  The request seeks all responsive documents created during the period of January 2, 1985 to July 11, 2019.  [*Id.*]  The request is the very embodiment of overbreadth, and the Municipality should be excused from responding.

## CONCLUSION

The Municipality should be excused from responding substantively to Mr. Andersons Request for Production 10 and Request for Production 37, for all the reasons articulated above.

Respectfully submitted this 27th day of January, 2023.

                                               BLAIR M. CHRISTENSEN
                                               Acting Municipal Attorney

                                        By:   /s/ Sean Halloran
                                                 Municipal Attorney's Office
                                                 P.O. Box 196650
                                                 Anchorage, Alaska 99519-6650
                                                 Phone: (907) 343-4545
                                                 Fax: (907) 343-4550
                                                 E-mail: uslit@muni.org
                                                 Alaska Bar 9211080

<u>Certificate of Service</u>
The undersigned hereby certifies that on January 27, 2023,
a true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice

Motion for Protective Order
Anderson v. MOA; 3:21-cv-00139 JMK                                                     Page **6** of **7**

of Electronic Filing.

/s/ Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office