Sean Halloran
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendant
Municipality of Anchorage

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON, )<br>)<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>MUNICIPALITY OF ANCHORAGE, )<br>)<br>   Defendant. )<br>) | Case No. 3:21-cv-00139 JMK |

**MUNICIPALITY OF ANCHORAGE'S RESPONSE
TO PLAINTIFF'S FIRST DISCOVERY REQUESTS**

  The Municipality of Anchorage herein responds to the plaintiff's first discovery requests, as follows:

**Request for Production 1:** Please produce any documents of standard operating procedures or policies utilized by the Assessor to comply with Municipally of Anchorage assembly resolution AR 1986 - 295, "A Resolution Directing The Administration To Reevaluate Taxable Property By A Physical Review Every Six Years" for the period January 1, 1985 to July 11, 2019.

  **Response:** Objection. This request is temporally overbroad. Anchorage is unfamiliar with any "Municipally". To the extent this request seeks policies or procedures not in force or effect during 2019, the request is not relevant to the claims in this litigation and does not seek information that could lead to the discovery of admissible evidence. Without waiving its

objection, responsive documents in the possession of the Municipality, consisting of a manual that outlines various inspection levels, is produced herewith.

**Request for Production 2:** Please produce any documents provided to the Anchorage assembly for consideration in their action on what became assembly resolution AR 1986 - 295.

**Response:** Responsive documents in the possession of the Municipality are produced herewith.

**Request for Production 3:** Please produce any documents generated by the Executive branch which resulted in assembly resolution AR 1986 - 295 being put before the Anchorage assembly for action on December 9, 1986.

**Response:** Responsive documents in the possession of the Municipality are produced herewith.

**Request for Production 4:** Please produce any documents of standard operating procedures or policies utilized by the Department of Finance when entry onto a private residential single family detached dwelling tax parcel is made under Alaska Statute 29.45.l30(b) for the period March 27, 1999 to July 11, 2019.

**Response:** Objection. This request is temporally overbroad. To the extent it requests policies or procedures not in force or effect during 2019, the request is not relevant to the claims in this litigation and does not seek information that could lead to the discovery of admissible evidence. Without waiving its objection, responsive documents in the possession of the Municipality, consisting of a manual that outlines various inspection levels, is produced herewith.

**Request for Production 5:** Please produce any documents of court orders obtained under Alaska Statute 29.45.130(b)(3) by the Municipality of Anchorage.

**Response:** Objection. To the extent this request may seek documents concerning criminal law enforcement efforts, disclosure is prohibited. This request is overbroad to the extent it seeks information about taxpayers other than the plaintiff and the 2019 assessment of the plaintiff's property. The request is vague and ambiguous. The request does not seek

Anchorage Responses to Plaintiff's First Discovery Requests
*Anderson v. MOA*; 3:21-cv-00139 JMK
Page 2 of 11

Case 3:21-cv-00139-JMK   Document 41-2   Filed 01/27/23   Page 2 of 11

information that could lead to the discovery of admissible evidence. Without waiving its objections, assuming the request seeks warrants obtained for the purpose of enabling the inspection of real property for tax assessment purposes, no responsive documents exist.

**Request for Production 6:** Please produce any documents identifying the policies or practices by which the Anchorage assessor modifies standard operating procedures or policies regarding physical inspection of real property by Anchorage Department of Finance employees.

**Response:** To the extent this request seeks documents identifying policies governing the modification of policies, no responsive documents exist. To the extent the request duplicates the fourth request for production, please see the response to the fourth request for production.

**Request for Production 7:** Please produce any documents of standard operating procedures or policies utilized by the Department of Finance in handling citizen complaints or concerns regarding entry onto single family detached dwelling tax parcels by Department of Finance employees.

**Response:** No responsive documents exist.

**Request for Production 8:** Please produce any documents exchanged between Department of Finance employees relating to citizen complaints or concerns regarding entry onto single family detached dwelling tax parcels by Department of Finance employees for the period January 7, 2000 to July 11, 2019.

**Response:** Objection. This request is temporally overbroad. This request is overbroad with respect to the inclusion of property belonging to taxpayers other than the plaintiff. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objection, no responsive documents exist.

**Request for Production 9:** Please produce any documents exchanged between Department of Finance employees and citizens regarding entry onto single family detached dwelling tax parcels by Department of Finance employees for the period January 7, 2000 to July 11, 2019.

**Response:** Objection. This request is temporally overbroad. This request is overbroad with respect to the inclusion of tax parcels other than the plaintiff's property. The request does not seek information that could lead to the discovery of admissible evidence.

Anchorage Responses to Plaintiff's First Discovery Requests
*Anderson v. MOA*; 3:21-cv-00139 JMK
Page 3 of 11
Case 3:21-cv-00139-JMK   Document 41-2   Filed 01/27/23   Page 3 of 11

Without waiving its objections, no responsive documents exist beyond those furnished to the Municipality by the plaintiff in the course of this litigation.

**Request for Production 10:** Please produce any documents of the Office of the Municipal Attorney's containing recommendations for compliance, maintenance of records, advice about physical inspection or alternatives on standard operating procedures or policies provided to the person employed in the position of Anchorage assessor AND various additional Department of Finance employees, as direct recipients or by the Anchorage assessor forwarding documents, regarding entry onto private property for field data collection or other purposes by Anchorage Department of Finance employees for the dates January 2, 1985 to July 11, 2019.

  **Response:** Objection. See Motion to Quash, filed of even date.

**Request for Production 11:** Please produce any documents containing recommendations for compliance or maintenance of records on standard operating procedures or policies provided by the Anchorage assessor to Department of Finance employees, inclusive of dates January 1, 1985 to July 11, 2019, regarding entry onto private property for field data collection or other purposes by Anchorage Department of Finance employees.

  **Response:** Objection. This request is vague and ambiguous. The Municipality assumes it seeks documents concerning compliance with policies addressing entry onto private property, and also document retention policies governing other policies that address entry onto private property. Without waiving its objection, no responsive documents exist.

**Request for Production 12:** Please produce any documents of Anchorage assessor modifications to standard operating procedures or policies regarding physical inspection of real property for the period January 1, 1985 to July 11, 2019.

  **Response:** Objection. This request is temporally overbroad. To the extent it requests policies or procedures not in force or effect during 2019, the request is not relevant to the claims in this litigation and does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, responsive documents in the possession of the Municipality, consisting of a (current, and encompassing 2019) manual that outlines various inspection levels, is produced herewith.

Anchorage Responses to Plaintiff's First Discovery Requests
*Anderson v. MOA*; 3:21-cv-00139 JMK
Page 4 of 11

Case 3:21-cv-00139-JMK Document 41-2 Filed 01/27/23 Page 4 of 11

**Request for Production 13:** Please produce any documents indicating the standard operating procedures or policies utilized by the Department of Finance to discover inaccuracies in tax parcel improvement inventories.

    **Response:**    No responsive documents exist.

**Request for Production 14:** Please produce any documents in the form of AS 29.20.640 "Reports (3) tax assessment and tax levy figures as requested" submitted to the State of Alaska for the years 1985-to 2022.

    **Response:**    Objection. This request is temporally overbroad. Production of responsive documents would be burdensome, in that the Municipality does not know where or in what form responsive documents more than ten years old may be stored. To the extent it requests documents for any year other than 2019, the request is not relevant to the claims in this litigation and does not seek information that could lead to the discovery of admissible evidence. Without waiving its objection, reports to the State Assessor that satisfy AS 29.20.640(a)(3) for the past ten years are produced herewith.

**Request for Production 15:** Please produce any documents in the form of notice from the State Assessor under AS 29.45.105. of Errors in assessment, valuation or taxation procedures and documents of any resolution of any such notice(s).

    **Response:**    Objection. This request is temporally overbroad. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, there are no letters of major error declared under AS 29.45.105 in the possession of the Municipality.

**Request for Production 16:** Please produce any documents that review or analyze Anchorage assessment, valuation, and taxation procedures received from the State of Alaska Office of the State Assessor for the period January 2, 1985-to July 11, 2019.

    **Response:**    Objection. This request is temporally overbroad. Without waiving its objections, there are no responsive documents.

Anchorage Responses to Plaintiff's First Discovery Requests
*Anderson v. MOA*; 3:21-cv-00139 JMK
Page 5 of 11

Case 3:21-cv-00139-JMK   Document 41-2   Filed 01/27/23   Page 5 of 11

**Request for Production 17:** Please produce any documents adopting or otherwise implementing any suggested changes in the property assessment process made by the State of Alaska Office of the State Assessor.

**Response:** Objection. This request is temporally overbroad. Without waiving its objections, there are no responsive documents.

**Request for Production 18:** Please produce any documents of investigation by the Anchorage ombudsman's office of plaintiffs written complaint letter dated January 4, 2000 (Case 3 :2l-cv-00139 Complaint Exhibit l) regarding entries onto plaintiff's tax parcel, Parcel: 009-196-19-000 (4908 Roger Drive) by Department of Finance employees.

**Response:** Responsive documents in the possession of the Municipality, other than those produced to the Municipality by the plaintiff in this litigation, are produced herewith.

**Request for Production 19:** Please produce any Department of Finance documents indicating or reviewing the number of physical inspections of real property conducted per year for the years 1985-to present.

**Response:** This request is temporally overbroad. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, responsive documents for the period of 2010 through 2022 are produced herewith.

**Request for Production 20:** Please produce any Department of Finance documents indicating or reviewing the number of employee labor hours expended per year on physical inspections of real property for the years 1985-to present.

**Response:** Objection. This request is temporally overbroad. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, no responsive documents exist.

**Request for Production 21:** Please produce any documents indicating or describing the meaning of "physical inspection" as the term relates to field data collection from either public or private property by Department of Finance employees.

**Response:** Documents that may be construed as being responsive to this request are produced herewith.

Anchorage Responses to Plaintiff's First Discovery Requests
*Anderson v. MOA*; 3:21-cv-00139 JMK
Page 6 of 11

Case 3:21-cv-00139-JMK   Document 41-2   Filed 01/27/23   Page 6 of 11

**Request for Production 22:** Please produce any documents in the form field data collection worksheets for all tax parcels in plaintiffs tax parcel (Parcel: 009-196-19-000 (4908 Roger Drive)) appraisal unit where a field visit was conducted in calendar year 2019. Appraisal unit is defined as a group of residential parcels that have similar land and/or improvements characteristics and are placed in what is commonly referred to as Neighborhood within CAMA software.

**Response:** No responsive documents exist. All data pertaining to referenced tax parcels is produced herewith, and is available in a "user friendly" format at

https://property.muni.org/search/commonsearch.aspx?mode=realprop

**Request for Production 23:** Please produce any documents in the form work plans to accomplish the task of physical inspection or field visit of single family detached dwelling tax parcels for the year 2019.

**Response:** No responsive documents exist.

**Request for Production 24:** Please produce any documents identifying purely voluntary International Association of Assessing Officers and/or Appraisal Foundation Uniform Standards of Professional Appraisal Practice (USPAP) industry standards recognized by Anchorage and applicable on July 11, 2019 when entry onto single family residential tax parcels is made by field data collectors, including but not limited to measurement of two sides of a dwelling unit, walk-around of a dwelling unit and jurisdictional determinations.

**Response:** Documents that outline the various inspection levels are produced herewith. No assessment has been made to determine whether or the degree to which they may comply with the identified standards.

**Request for Production 25:** Please produce any documents of jurisdictional determinations made by Anchorage in accordance with International Association of Assessing Officers and/or Appraisal Foundation Uniform Standards of Professional Appraisal Practice (USPAP) industry standards and applicable on July 11, 2019.

**Response:** No responsive documents exist.

**Request for Production 26:** Please produce any data collection manual, assessment schedule setup or similar improvement inventory control documentation applicable on July 11, 2019 to physical inspection of single family detached dwelling tax parcels.

Anchorage Responses to Plaintiff's First Discovery Requests
*Anderson v. MOA*; 3:21-cv-00139 JMK
Page 7 of 11

Case 3:21-cv-00139-JMK   Document 41-2   Filed 01/27/23   Page 7 of 11

**Response:** Responsive documents are produced herewith.

**Request for Production 27:** Please produce any training manual or training policy in effect July 11, 2019 for field data collectors.

**Response:** Documents that may be construed as being responsive to this request are produced herewith.

**Request for Production 28:** Please produce any documents, including modifications or revisions, in the form of standard operating procedure or policy for the use of the "Data Review Inquiry" door hangers left on single family residential tax parcel dwelling units.

**Response:** No responsive documents exist.

**Request for Production 29:** Please produce any documents indicating how the "Data Review Inquiry" door hanger inquiry into the number of Bedrooms is relevant to Anchorage's appraisal valuation of single family dwellings.

**Response:** No responsive documents exist.

**Request for Production 30:** Please produce any documents indicating the standard operating procedures or policies utilized by the Department of Finance to collect field data for single family detached dwelling improvements with basements for appraisal valuation purposes.

**Response:** No responsive documents exist.

**Request for Production 31:** Please produce any union grievances and grievance resolutions filed by Municipality of Anchorage employees relating to the task of field data collection on private residential property.

**Response:** No responsive documents exist.

**Request for Production 32:** Please produce any documents in the form of citizen complaints filed with the Anchorage ombudsman office relating to Department of Finance employee entry onto single family detached dwelling tax parcels. Please redact any citizen private information when responding to this request.

**Response:** Objection. To the extent this request seeks complaints of individuals other than the plaintiff, the request is not relevant to the claims in this litigation and does not seek

Anchorage Responses to Plaintiff's First Discovery Requests
*Anderson v. MOA*; 3:21-cv-00139 JMK
Page 8 of 11

Case 3:21-cv-00139-JMK   Document 41-2   Filed 01/27/23   Page 8 of 11

information that could lead to the discovery of admissible evidence. This request is temporally overbroad. Responding to this request would be burdensome, as it would require having an employee manually review each record of a complaint involving whatever department performed assessments in any given year. (Researching the history of departmental reorganization would be a necessary prerequisite to conducting any such search.) To the extent paper records exist, they exist for only 3 years. Electronic records exist for a minimum of ten years, and likely exist for some period of time less than twenty years. Any review of paper records would not be expected to reveal any responsive documents. (The Ombudsman has no knowledge of any qualifying complaints in the past three years.) Given available staffing levels, any review of electronic records of the past ten years would likely require dozens of man-hours and take six or more weeks to complete, and would be expected to reveal not more than 1 or possibly 2 responsive documents, if any. A review of electronic records encompassing a period longer than ten years would take commensurately more time. Without waiving its objection, Anchorage is willing to undertake such a review only if the plaintiff agrees in advance to pay the cost of $40 per man hour for performance of the research and review. (Rate is per the public records act.)

**Request for Production 33:** Please produce any documents in the form of Anchorage ombudsman's office investigations relating to complaints filed by citizen regarding Department of Finance employee entry onto single family detached dwelling tax parcels. Please redact any citizen private information when responding to this request.

**Response:** Objection. To the extent this request seeks investigations related to complaints of individuals other than the plaintiff, the request is not relevant to the claims in this litigation and does not seek information that could lead to the discovery of admissible evidence. This request is temporally overbroad. Responding to this request would be burdensome, as it would require having an employee manually review each record of a complaint involving whatever department performed assessments in any given year. (Researching the history of departmental reorganization would be a necessary prerequisite to conducting any such search.) To the extent paper records exist, they exist for only 3 years. Electronic records exist for a minimum of ten years, and likely exist for some period of time less than twenty years. Any review of paper records would not be expected to reveal any responsive documents. (The Ombudsman has no knowledge of any qualifying complaints in the past three years.) Given

Anchorage Responses to Plaintiff's First Discovery Requests
*Anderson v. MOA*; 3:21-cv-00139 JMK
Page 9 of 11

Case 3:21-cv-00139-JMK   Document 41-2   Filed 01/27/23   Page 9 of 11

available staffing levels, any review of electronic records of the past ten years would likely require dozens of man-hours and take six or more weeks to complete, and would be expected to reveal not more than 1 or possibly 2 responsive documents, if any. A review of electronic records encompassing a period longer than ten years would take commensurately more time. Without waiving its objection, Anchorage is willing to undertake such a review only if the plaintiff agrees in advance to pay the cost of $40 per man hour for performance of the research and revie. (Rate is per the public records act.)

**Request for Production 34:** Please produce any sales ratio studies conducted for the tax year's 2018, 2019 and 2020.

    **Response:** Responsive documents are produced herewith.

**Request for Production 35:** Please produce any documents relating to assembly resolution AR 96-220, International Association of Assessing Officers review of Anchorage's property assessment process.

    **Response:** AR 96-220 is unknown to the Municipality. Documents relating to Assembly Resolution 1996-220 are produced herewith.

**Request for Production 36:** Please produce any documents relating to assembly resolution AR 2002-368, State assessor review of the assessment, valuation, and taxation procedures.

    **Response:** Responsive documents are produced herewith.

**Request for Production 37:** Please produce any privilege log resulting from plaintiffs first request for production of documents (this request).

    **Response:** Objection. See Motion to Quash, filed of even date.

DATED this 27th day of January, 2023.

                              BLAIR M. CHRISTENSEN
                              Acting Municipal Attorney

                              By:   s/Sean Halloran
                                     Municipal Attorney's Office

Anchorage Responses to Plaintiff's First Discovery Requests
*Anderson v. MOA*; 3:21-cv-00139 JMK
Page 10 of 11

Case 3:21-cv-00139-JMK   Document 41-2   Filed 01/27/23   Page 10 of 11

P.O. Box 196650  
Anchorage, Alaska 99519-6650  
Phone: (907) 343-4545  
Fax: (907) 343-4550  
E-mail: uslit@muni.org  
Alaska Bar 9211080

Certificate of Service
The undersigned hereby certifies that on January 26, 2023, a true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

s/ Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office

Anchorage Responses to Plaintiff's First Discovery Requests  
*Anderson v. MOA*; 3:21-cv-00139 JMK  
Page 11 of 11

Case 3:21-cv-00139-JMK   Document 41-2   Filed 01/27/23   Page 11 of 11