Sean Halloran
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendant
Municipality of Anchorage

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MUNICIPALITY OF ANCHORAGE, )<br>)<br>Defendant. )<br>) | Case No. 3:21-cv-00139 JMK |

### DECLARATION OF BLAIR CHRISTENSEN

I, Blair Christensen, hereby declare as follows:

1.  I am over the age of 18 and am competent to testify.

2.  I am employed as a Deputy Municipal Attorney, and currently serve as the Acting Municipal Attorney, for the Municipality of Anchorage. I have been employed in the Municipal Attorney's office for almost nine years. Along with each of the attorneys employed within the Civil Division of the Department of Law, I

provide legal advice on a variety of matters to the Municipality's various departments and agencies.

3.  I have resigned, effective February 8. There is no person currently appointed to fill either the Municipal Attorney or Deputy Municipal Attorney positions when I leave office. As of this time, the Department of Law has multiple openings for attorneys at all levels, and a dearth of applicants willing to fill them.

4.  I am informed that Mr. Anderson, the plaintiff in the above captioned litigation, has submitted a discovery request for all documents containing recommendations or advice from the Department of Law to the Municipal Assessor and/or to Finance Department employees that concern "compliance", the maintenance of records, the physical inspection of property "or alternatives", policies, and the entry onto private property for the collection of property tax data or for other purposes, covering the period of January 2, 1985 to July 11, 2019. I am also informed that the plaintiff's discovery requests seek a privilege log for all responsive documents that are not produced.

5.  Any and all advice or recommendations made by the Department of Law to the Municipal Assessor or to Finance Department employees is confidential and protected from disclosure by attorney/client privilege. The Municipality has not and will not waive privilege as to such documents. Many documents that might be responsive to Mr. Anderson's request are also protected by other privileges, and various constitutional or statutory mandates that they remain confidential and not be disclosed.

6. Responding to the above described discovery requests would be a Herculean task that is beyond the capability of the Department of Law. Even if the Department was fully staffed, it would be nearly impossible to conduct a search that might locate all potentially responsive documents for the nearly 34-year period encompassed by the requests. For example, I know from prior experience that the Municipality has possession of retired computer storage media from various Departments. Determining whether any exist that could potentially contain communications from the Department of Law more than ten years ago could take months. If such media was identified as possibly existing, the search might still require that dozens or hundreds of outdated computer discs might have to be accessed to determine whether any actually contain responsive records. In such cases, not only are such storage media not likely to be labeled as to contents, but it would not be unusual that such media can no longer be accessed due to being incompatible with more modern computer equipment the Municipality may possess.

7. With respect to the Department of Law, the Municipality has retained certain paper records going back to the creation of the Municipality. I can't even begin to guess how many thousands of documents would have to be reviewed to determine whether or which records are responsive to Mr. Anderson's requests.

8. Even if a search for records such as have been requested by the plaintiff was feasible, a review of such documents to determine whether in fact they are responsive could require thousands of work hours over a span of years, and would be beyond the capability of the Department.

Christensen Declaration
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 3 of 4    Case 3:21-cv-00139-JMK   Document 41-3   Filed 01/27/23   Page 3 of 4

9. I understand that this Declaration is made for use as evidence in court and is subject to penalty for perjury. I declare that the above statements are true to the best of my knowledge and belief.

DATED this 27th day of January, 2023.

*signature*
Blair Christensen

Certificate of Service
The undersigned hereby certifies that on 1/27/23, a true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

s/ Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office

Christensen Declaration
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 4 of 4    Case 3:21-cv-00139-JMK   Document 41-3   Filed 01/27/23   Page 4 of 4