Sean Halloran
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendant
Municipality of Anchorage

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON, <br><br> Plaintiff, <br><br> vs. <br><br> MUNICIPALITY OF ANCHORAGE, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 3:21-cv-00139 JMK |

## REPLY TO OPPOSITION
## TO MOTION FOR PROTECTIVE ORDER

The Municipality of Anchorage requested a protective order at Docket 41, excusing it from responding to Mr. Anderson's 10th and 37th Requests for Production. Mr. Anderson has opposed the motion at Docket 42. The Municipality herein replies.

Mr. Anderson suggests that any advice given by Municipal attorneys to Municipal employees is not protected under attorney client privilege, because it is necessarily business advice and not legal advice. He is mistaken. Municipal attorneys "advise and

assist the municipal government on legal matters". [Anchorage Charter § 5.04.] "Any and all advice or recommendations made by the Department of Law to the Municipal Assessor or to Finance Department employees is confidential and protected from disclosure by attorney/client privilege." [Christensen Declaration.]

Mr. Anderson argues further that he must establish whether Anchorage has a policy under which assessors enter upon private real property in furtherance of establishing its value for tax purposes, and asserts that his requests are relevant because it "may be necessary to piece together Anchorage's actual practices if a clear written procedure or procedures does not exist in a manual". [Docket 42 at 14.] However, not only does Mr. Anderson have the manuals that guide assessors in their work, but it is undisputed that an Anchorage employee did enter the curtilage of Mr. Anderson's property at or about the time complained of in this litigation, that he did so for the purpose of observing the exterior of structures in furtherance of assessing the value of Mr. Anderson's property for taxation purposes, and that he was acting in the course and scope of his employment in accordance with established policy and practice at that time. There is no such policy that Mr. Anderson needs to establish.

In his conclusion, Mr. Anderson suggests that it should not be burdensome to conduct a search for 34 years of documents containing "advice" and "recommendations" provided by the Municipality's attorneys to the Municipality's Assessor and to employees of the Municipality's Finance Department if the search doesn't look at records of the Municipal Attorney, but limits itself to records of the Municipal Assessor. [Docket

42 at 19.] That suggestion, of course, does not address the actual scope of the requests Mr. Anderson made, the requirement that only nonprivileged material is discoverable, or the fact that there is no connection between this litigation and 34 years of legal advice.

The requests are burdensome and oppressive, unrelated to this litigation, and by their terms seek only privileged communications. For all the reasons articulated in the Municipality's motion, the Municipality should be excused from responding to Mr. Anderson's Requests for Production 10 and 37.

Respectfully submitted this 10th day of February, 2023.

BLAIR M. CHRISTENSEN
Acting Municipal Attorney

By: /s/ Sean Halloran
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org
Alaska Bar 9211080

Certificate of Service
The undersigned hereby certifies that on February 10, 2023,
a true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.

/s/ Amber J. Cummings
Amber J. Cummings, Legal Secretary
Municipal Attorney's Office