IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON,<br><br>            Plaintiff,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>            Defendant. | Case No. 3:21-cv-00139-JMK<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER** |

Before the Court at Docket 41, Defendant Municipality of Anchorage (the "Municipality") moves for a protective order. Plaintiff Robert Anderson responded in opposition at Docket 42, to which the Municipality replied at Docket 44. For the reasons below, the motion is **GRANTED.**

The Municipality objects to two discovery requests from Mr. Anderson on the basis that they request privileged communications, are burdensome, and are overly broad. Mr. Anderson submitted the following requests:

> Request to Produce No. 10 ["RFP 10"]: Please produce any documents of the Office of the Municipal Attorney's containing recommendations for compliance, maintenance of records, advice about physical inspection or alternatives on standard operating procedures or policies provided to the person employed in the position of Anchorage assessor AND various additional Department of Finance employees, as direct recipients or by the Anchorage assessor forwarding

documents, regarding entry onto private property for field data collection or other purposes by Anchorage Department of Finance employees for the dates January 2, 1985 to July 11, 2019.[1]

Request to Produce No. 37 ["RFP 37"]: Please produce any privilege log resulting from plaintiffs first request for production of documents (this request).[2]

It appears that the parties have conferred about the disputed requests; however, Mr. Anderson notes that he did not realize the meeting was considered a "meet and confer."[3]

Federal Rule of Civil Procedure 26 governs discovery in civil matters. Rule 26(b) provides that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[4]

Although this is a liberal standard, Rule 26(c) provides that the court may, for good cause, issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" during discovery, including an order forbidding inquiry into certain matters.[5] District courts have broad discretion to manage discovery.[6]

---

[1] Docket 41-1 at 4.
[2] *Id*. at 8.
[3] *See* Docket 41 at 3; Docket 42 at 1–2.
[4] Fed. R. Civ. P. 26(b)(1).
[5] Fed. R. Civ. P. 26(c)(1).
[6] *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).

Anderson v. Municipality of Anchorage   Case No. 3:21-cv-00139-JMK
Order Granting Motion for Protective Order   Page 2
Case 3:21-cv-00139-JMK   Document 45   Filed 04/13/23   Page 2 of 5

The Municipality first asks to be excused from responding to RFP 10 because it seeks privileged communications between the Municipal attorneys and the Municipality's Department of Finance. Under Rule 26(b), Mr. Anderson is not entitled to the discovery of privileged documents.[7] Federal Rule of Evidence ("FRE") 501 governs attorney-client privilege in lawsuits arising under federal law.[8] It explains that "[t]he attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice."[9]

RFP 10 requests all documents from the Municipal Attorney's Office providing "advice" and "recommendations for compliance" to Municipal employees regarding the Municipal's operating procedures or policies.[10] Definitionally, these documents are communications in which the Municipal attorney gives legal advice to its client. The documents are squarely covered by the Municipality's attorney-client privilege, and therefore, are not discoverable. Mr. Anderson responds that the request involves "factual matter" and that "property appraisal is a business activity not protected by privilege."[11] Even if the advice and recommendations given by the Municipal attorneys contain facts and relate to a business activity, the communications were still made for the

---

[7] Fed. R. Civ. P. 26(b)(1).
[8] *See In re TFT-LCD (Flat Panel) Antitrust Litigation*, 835 F.3d 1155, 1158 (9th Cir. 2016) (stating that federal common law generally governs claims of privilege under FRE 501 in federal law claims).
[9] *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020).
[10] Docket 41-1 at 4.
[11] Docket 42 at 4.

primary purpose of giving legal advice.[12]  Just because the legal advice relates to public policy does not destroy the Municipality's privilege.

Next, the Municipality seeks protection from both RFP 10 and RFP 37 as overbroad and unduly burdensome.[13]  RFP 37 would require the Municipality to review and itemize over three decades of communications between the Municipality and its attorneys.  The Municipality articulates that the paper documents alone "are so voluminous that their number can't even be determined" and that going through all electronic and paper communications between the Municipal Attorney Office and the Department of Finance would "consume thousands of work hours."[14]  The request for electronic communications would require the Municipality to unearth "hundreds of outdated computer discs" that are likely inaccessible with modern equipment.[15]  The Court agrees with the Municipality that this would be a "Herculean task."[16]  Mr. Anderson's broad and non-specific request for attorney-client communications does not justify the incredible time and effort it would take for the Municipality to review 34 years' worth of documents and compile a privilege log.[17]  This is especially true given the tenuous relevancy of many, if not most, of those documents.  The Court **GRANTS** the Municipality's motion.  The Municipality is not

---

[12] *See In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) (holding that when communications might have more than one purpose, attorney-client privilege applies when the "primary purpose" is to give legal advice).
[13] Docket 41 at 4–6.
[14] *Id*. at 4–5 (citing Docket 41-3 at ¶¶ 6–8).
[15] Docket 41-3 at ¶ 6.
[16] *Id*.
[17] Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

*Anderson v. Municipality of Anchorage*  Case No. 3:21-cv-00139-JMK
Order Granting Motion for Protective Order  Page 4
Case 3:21-cv-00139-JMK   Document 45   Filed 04/13/23   Page 4 of 5

required to respond to RFP 10 or RFP 37, to the extent that RFP 37 relates to the documents sought by RFP 10.

**IT IS SO ORDERED** this 13th day of April, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Anderson v. Municipality of Anchorage* Case No. 3:21-cv-00139-JMK
Order Granting Motion for Protective Order Page 5
Case 3:21-cv-00139-JMK   Document 45   Filed 04/13/23   Page 5 of 5