IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON,<br><br>                 Plaintiff,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>                 Defendant. | Case No. 3:21-cv-00139-JMK<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO CERTIFY** |

Before the Court at Docket 37 is Plaintiff Robert Anderson's motion entitled "Fed.R.Civ.P 5.1(b) Constitutional Question." Defendant Municipality of Anchorage (the "Municipality") opposes the motion at Docket 40. Mr. Anderson did not file a reply. For the reasons stated below, the motion is **DENIED WITHOUT PREJUDICE**.

Mr. Anderson moves this Court to certify to the Alaska Attorney General that the constitutionality of AS 29.45.130(b) is at issue in this litigation.[1] He moves under Federal Rule of Civil Procedure 5.1(b), which implements 28 U.S.C. § 2403. Section 2403(b) provides that when "the constitutionality of any statute of [a] State affecting the public interest is drawn into question," but "to which a State or any agency, officer, or employee thereof is not a party," the court shall certify the question to the State's

---

[1] *See generally* Docket 37.

attorney general and "permit the State to intervene for the presentation of evidence" and "argument on the question of constitutionality." Accordingly, Rule 5.1(a) requires that any party who files "a pleading, written motion, or other paper drawing into question the constitutionality of a . . . state statute must promptly file a notice of constitutional question stating the question and identifying the paper that raises it" and serve the notice on the state attorney general. Under Rule 5.1(b), the court must then certify to the attorney general that a state statute has been questioned under 28 U.S.C. § 2403.

The Ninth Circuit has reiterated the standard for when a statute is "drawn into question," citing the Supreme Court's language in *United States v. Lynch*:

> The validity of a statute is not drawn in question every time rights claimed under such statute are controverted, nor is the validity of an authority, every time an act done by such authority is disputed. The validity of a statute or the validity of an authority is drawn in question when the existence, or constitutionality, or legality of such statute or authority is denied, and the denial forms the subject of direct inquiry.[2]

Certification under Rule 5.1 requires "more than 'the mere objection to an exercise of authority under a statute, whose validity is not attacked.'"[3] This standard achieves the Rule's purpose to ensure that the attorney general has an opportunity to defend the statute before it is declared unconstitutional.[4]

---

[2] *Peruta v. Cnty. of San Diego*, 771 F.3d 570, 575 (9th Cir. 2014), *reh'g granted*, 824 F.3d 919 (9th Cir. 2016) (quoting *United States v. Lynch*, 137 U.S. 280, 285 (1890)).

[3] *Id*. (quoting *Jett Bros. Distilling Co. v. City of Carrollton,* 252 U.S. 1, 6 (1920)).

[4] *See* 28 U.S.C. § 2403(b); Fed. R. Civ. P. 5.1(c) ("Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.").

Mr. Anderson notes that his Complaint does not directly challenge AS 29.45.130(b).[5] The Court agrees. Although difficult to parse, the Court understands Mr. Anderson's Complaint as challenging the Municipality's policy "to enter private residential property without consent or implied license."[6] While the Complaint mentions AS 29.45.130(b), it does not attack the statute as unconstitutional.[7] Rather, Mr. Anderson alleges that the Municipal tax assessor, pursuant to Municipal policy, entered his home's curtilage after Mr. Anderson "removed any implied license for department of finance property appraisal division personnel to enter plaintiff's property for any purpose without prior written consent."[8] Although Mr. Anderson alleges that the Municipality was intending to act under color of AS 29.45.130(b), that is not the same as an allegation that the statute itself is unconstitutional.[9]

The parties agree that Mr. Anderson has not plead a challenge to AS 29.45.130(b); however, Mr. Anderson argues that the Municipality has drawn the statute into question with its affirmative defense that it was "privileged to act as it did in compliance with AS 29.45.130(b)."[10] He suggests that the Municipality "desires state

---

[5] Docket 37 at 1–2.

[6] *See* Docket 1 at ¶ 153.

[7] *Id*. at 44 (requesting a declaration that "Anchorage's policy of data collection is [an] unreasonable search").

[8] *Id*. at ¶ 21.

[9] *See Reese-Bey v. Ochoa*, Case No. CV 20-06693-JAK (DFM), 2021 WL 7184971, at *8 (C.D. Cal. Dec. 29, 2021), *report and recommendation adopted*, No. CV 20-06693-JAK (DFM), 2022 WL 577257 (C.D. Cal. Feb. 9, 2022) (declining to certify under Rule 5.1 because "Plaintiffs' constitutional claims arise not from the operation of [California statutes authorizing Defendant to impound a vehicle] but from the manner in which Defendants applied them to Plaintiffs" when Defendant allegedly seized the vehicle in violation of Fourth Amendment).

[10] Docket 37 at 2 (quoting Docket 22 at ¶ 3).

*Anderson v. Municipality of Anchorage*                                      Case No. 3:21-cv-00139-JMK
Order Denying Motion to Certify                                               Page 3
Case 3:21-cv-00139-JMK   Document 46   Filed 04/13/23   Page 3 of 5

participation in the case" and believes the State should be given an opportunity "to acknowledge how applicable standards of statutory interpretation apply to AS 29.45.130(b)."[11]  In its opposition, the Municipality explains its defense and argues that "a ruling either way does not affect the constitutionality of the statute."[12]  The Court agrees with the Municipality that certification is premature at this time.  Without the parties' legal theories before the Court, it cannot hold that the Municipality's affirmative defense actually draws into question the constitutionality of AS 29.45.130(b).[13]  Indeed, as the Municipality suggests, the Court could imagine multiple scenarios in which the state law's constitutionality is wholly irrelevant to its ruling.[14]

Because there is no "direct inquiry" into the legality of AS 29.45.130(b) currently before the Court, it declines to certify a constitutional question to the Alaska Attorney General.[15]  The motion is **DENIED WITHOUT PREJUDICE**, meaning that

---

[11]  *Id*. at 3–4.

[12]  Docket 40 at 2.

[13]  *See Mockeridge v. Alcona Cnty. by Bd. of Commissioners*, No. 1:21-CV-12896, 2023 WL 2664197, at *2–3 (E.D. Mich. Mar. 28, 2023) (certifying constitutional challenge where plaintiffs argued that state law was unconstitutional in response to defendant's motion for summary judgment that "explicitly relied" on state law to justify trespass under the Fourth Amendment, but noting that the court had declined to certify when plaintiffs' constitutional challenges were merely "anticipatory" of the defense).

[14]  *See Rodriguez v. Providence Cmty. Corrs., Inc.*, 191 F. Supp. 3d 758, 769 (M.D. Tenn. 2016) ("The fact that state law protections are not always coextensive with the protections afforded by the Constitution does not automatically invalidate the state law.  Rather, it imposes a burden on state actors to ensure that their conduct comports with both."); *see also Peruta v. Cnty. of San Diego*, 771 F.3d 570, 575–76 (9th Cir. 2014), *reh'g granted*, 824 F.3d 919 (9th Cir. 2016) (finding that Rule 5.1 did not apply even though "the opinion engages in analysis and interpretation of California statutes" because "the only objection raised and decided is the exercise of authority under such statutes, not the statutes themselves.").

[15]  *United States v. Lynch*, 137 U.S. 280, 285 (1890)

Mr. Anderson or the Municipality may refile a Rule 5.1 motion if the constitutionality is drawn into question by a future pleading, written motion, or other paper.

**IT IS SO ORDERED** this 13th day of April, 2023, at Anchorage, Alaska.

_/s/ Joshua M. Kindred_
JOSHUA M. KINDRED
United States District Judge

_Anderson v. Municipality of Anchorage_  Case No. 3:21-cv-00139-JMK
Order Denying Motion to Certify  Page 5
Case 3:21-cv-00139-JMK  Document 46  Filed 04/13/23  Page 5 of 5