Robert Anderson
4908 Roger Drive
Anchorage, Alaska 99507
Phone (907) 223-1579
aktaxappeal@gmail.com



APR 28 2023

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON, )<br>)<br>Plaintiff, )<br>Pro Se )<br>)<br>v. )<br>)<br>MUNICIPALITY of ANCHORAGE, )<br>)<br>Defendant. )<br>_____) | Motion for Rule 12(c) Judicial Notice<br><br><br><br><br>Case No. 3:21-cv-00139-JMK |

## MOTION FOR Rule 12(c) JUDICIAL NOTICE

I, Robert Anderson, representing myself without a lawyer, request the court take judicial notice of public records relevant to plaintiff's Rule 12(c) Motion for Partial Judgment on the Pleadings for the following reasons:

Anchorage has plead the affirmative defense "The Municipality was privileged to act as it did, in compliance with AS 29.45.130(b).", see Docket 22, page 13 at #3.

The Ninth Circuit has recognized trail courts can take judicial notice of public records in reviewing dispositive motions such as Fed. R. Civ. P. 12(c) without converting the motion into a Fed. R. Civ. P. 56 motion, *Mack v. South Bay Beer Distributors, Inc.*, 798 F. 2d 1279, 1282 (1986).

Page 1
Anderson v Municipality of Anchorage, Case No. 3:21-cv-00139-MJK
Case 3:21-cv-00139-MJK Document 41 Filed 04/28/23 Page 1 of 3

The Alaska Supreme Court, in interpreting Alaska statutes may consider the legislative history of the act regardless of if the plain language is unambiguous or not, *Ganz v. Alaska Airlines, Inc.*, 963 P. 2d 1015, 1017 (Alaska 1998). The court has continued the practice, *Angelica C. v. Jonathan C.*, 459 P. 3d 1148, 1157 (Alaska 2020). The Alaska 1999 legislature in passing AS 29.45.130(b) (am § 1 ch 4 SLA 1999) expected the court might consider the legislative history in interpreting AS 29.45.130(b). The Alaska court considers committee hearings to be part of the legislative history.

"The objective of statutory construction is to give effect to the intent of the legislature, with due regard for the meaning that the statutory language conveys to others." *Ganz v. Alaska Airlines, Inc.*, 963 P. 2d 1015, 1017 (Alaska 1998). AS 29.45.130(b) implicates property rights of dwelling occupants in jurisdictions where ad valorem taxes are levied and municipal corporations choose to conduct investigations under AS 29.45.130(b). Law abiding citizens occupying dwellings would rarely fall into some sophisticated party category with respect to interpreting AS 29.45.130(b), municipal corporations in Alaska on the other hand are expected to dully consider the legislative history and U.S. Constitution in any undertaking they choose to pursue under their powers or any policy they adopt having civil rights impacts.

Property owners must rely on codified law to advise them when real property tax parcel (private property) rights are involved. The importance of property rights was recently reconfirmed in *Byrd v. US*, 138 S. Ct. 1518, 1527-1528 (2018). Given the recognized importance of property rights inclusion of legislative history as public records is appropriate in determining the intent of AS 29.45.130(b) and it's place in the overall ad

Page 2
Anderson v Municipality of Anchorage, Case No. 3:21-cv-00139-MJK
Case 3:21-cv-00139-MJK Document 20 Filed 04/28/23 Page 2 of 3

valorem tax scheme of the state of Alaska.

The legislative history documents are available at https://www.akleg.gov/basis/Bill/Detail/21?Root=hb%2022#tab6_4, (visited on 4/26/2023), CSHB 22(CRA) 1999. The "minutes and audio" tab is where committee records are found. The legislative history is available to any citizen or other party on the state legislature's akleg.gov web site, the accuracy of the states official web site cannot reasonably be questioned, the stated standard applied to adjudicative facts at trail under Federal Rules of Evidence Rule 201.

The House Community And Regional Affairs Committee held hearings on February 2nd (HB 22) and 4th 1999 (Committee Substitute CSHB 22). The Senate Community And Regional Affairs Committee held hearings on March 3rd 1999 (CSHB 22) and the Senate Rules Committee March 10th 1999.

The Anchorage assessor at the time participated in the committee hearings as did a previous Anchorage assessor employed by the state.

For the reasons stated above plaintiff respectfully request the court take judicial notice of the legislative history of AS 29.45.130(b) (am § 1 ch 4 SLA 1999) for consideration of plaintiff's Rule 12(c) motion for judgment on Anchorage's affirmative defense ¶ 3.

Dated APRIL 28, 2023.　　　　　　　　Robert Anderson
　　　　　　　　　　　　　　　　　　Robert Anderson, Pro Se

I, Robert Anderson certify that a copy of this paper filling was served, by Hand delivery to Municipality of Anchorage Office of the Municipal Attorney at 632 West 6th Avenue (P.O. Box 196650), Anchorage, Ak. on APRIL 28, 2023.

Dated APRIL 28, 2023.　　　　　　　　Robert Anderson
　　　　　　　　　　　　　　　　　　Robert Anderson, Pro Se

Page 3
Anderson v Municipality of Anchorage, Case No. 3:21-cv-00139-MJK
Motion for Judicial Notice
Case 3:21-cv-00139-MJK   Document 47   Filed 04/28/23   Page 3 of 3