Charles J. Gunther
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendant
Municipality of Anchorage

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ROBERT ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MUNICIPALITY OF ANCHORAGE, )<br>)<br>Defendant. )<br>) | <br><br><br><br><br><br><br><br>Case No. 3:21-cv-00139 JMK |

**OPPOSITION TO**
**RULE 12(C) MOTION FOR PARTIAL JUDGMENT ON PLEADINGS**

Defendant, Municipality of Anchorage, ("MOA") opposes the motion filed by Plaintiff Robert Anderson for "Partial Judgment on Pleadings." The relief requested by Plaintiff is solely based on one of MOA's affirmative defenses[1] and he disregards all of MOA's other answers, denials, and affirmative defenses made in the responsive pleadings.

---

[1] MOA's Affirmative Defense number 3, docket 22 at 3.

There is no basis in fact or law for the remedy sought and the motion should be denied.

I.   **Summary of Argument**

Plaintiff filed a Complaint no June, 2021, challenging the constitutionality of two events: (1) a Municipal tax appraiser entering his property to examine the exterior of his residence, and (2) the Municipality levying a $50 tax penalty on him without first sending a notice.[2] The MOA filed a motion to dismiss on August 30, 2021,[3] which was granted in part and denied in part.[4] The Court dismissed Claims II through VII of Plaintiff's Complaint, with leave to amend Claim VII by March 15, 2022.[5] Plaintiff did not amend Claim VII.

Plaintiff's first, and only remaining claim, is that an employee from the Municipality Property Appraisal Division[6] violated his Fourth Amendment rights when, as described in his complaint, that individual came to his doorstep, knocked on the door and placed a door hanger after he did not answer, and entered the side yard and back yard to view the property for tax appraisal purposes without a warrant.[7]

The MOA argues the tax assessor's inspection, which is a civil/administrative investigation, and does not implicate any criminal conduct or sanctions, is not a "search" under the Fourth Amendment and did not violate Plaintiff's reasonable

---

[2] See generally Docket 1.
[3] Docket 11.
[4] Docket 16.
[5] *Id*. at 17.
[6] He refers to them as a "department of finance data collector." (Para. 155) The Anchorage Municipal code establishes a "division of property assessment within the department of finance headed by the assessor, under the direction of the chief fiscal officer." AMC 12.05.045.
[7] Complaint (Dkt. 1) at ¶¶ 155-156.

*Opposition to Partial Motion for Judgmnt on Pleadings*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 2 of 10
Case 3:21-cv-00139-JMK   Document 53   Filed 06/02/23   Page 2 of 10

expectation of privacy.[8] MOA argues that the tax assessor was legally authorized to enter the real property at issues, pursuant to AS 29.45.130(b) to perform his required duties to assess the value of real property.

MOA filed its Answer to Complaint on May 17, 2022, responding to all of Plaintiff's allegations in Count 1.[9]

The MOA has not conceded any of Plaintiff's factual claims concerning his alleged constitutional violations through the actions of any Municipal property appraiser.

Plaintiff requests "partial judgment on pleadings" solely based on MOA's affirmative defense, number 3. That affirmative defense states "The Municipality was privileged to act as it did, in compliance with AS 29.45.130(b)."[10] Plaintiff overlooks all other denials by MOA of his alleged facts throughout his Complaint, and the six other affirmative defenses offered by MOA in its Answer[11]. Plaintiff instead argues that he is entitled to summary judgment "for failure to state a legal defense."[12]

Plaintiff's failure to address the MOA's affirmative defenses is reason enough, standing alone, to deny his motion because each affirmative defense raises material issues of disputed fact. Just as importantly, Plaintiff cannot prevail on any of his theories because he cannot establish the MOA acted pursuant to any custom or policy that resulted in an unreasonable search in violation of the Fourth Amendment and he has not met his burden that are no disputed facts remaining in this matter.

---

[8] Docket 12 at 5.
[9] Docket 22. This is Plaintiff's only remaining count that was not dismissed.
[10] *Id*. at 3.
[11] See generally Docket 22.
[12] Docket 48, par 1.

*Opposition to Partial Motion for Judgmnt on Pleadings*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 3 of 10

It is important to point out that factual discovery in this case remains open until October 31, 2023.[13]

### II. MOA's Affirmative Defenses Should Not be Stricken nor Should Plaintiff's Allegations be Deemed Admitted.

Plaintiff is a pro se litigant and the relief he is seeking is unclear and confusing. He argues for "partial judgment on pleadings" but he also appears to be seeking to strike MOA's affirmative defense number 3. Without clarity, it is difficult for the MOA to provide a proper response. Based on this lack of clarity, the MOA shall address a request by Plaintiff to "strike" affirmative defenses and any attempt to deem Plaintiff's allegations as admitted.

#### A. The Court Should Not Strike the Affirmative Defense.

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," whereas a responsive pleading must "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(a)(2), (c)(1). The Ninth Circuit has long held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."[14]

When naming an affirmative defense, Fed. R. Civ. P. 8(c), doesn't require that a party "show" entitlement to its defense.

Applying the same standard of pleading required by a plaintiff in Rule 12, to the claims and affirmative defenses of the defendant governed by Rule 8, despite a clear distinction in the rules' language, would run counter to the Supreme Court's warning in

---

[13] Docket 43 at 5.
[14] *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)

*Opposition to Partial Motion for Judgmnt on Pleadings*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 4 of 10

Case 3:21-cv-00139-JMK   Document 53   Filed 06/02/23   Page 4 of 10

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009), that legislative action, not "judicial interpretation" is necessary to "broaden the scope" of specific federal pleading standards. *Twombley,* 550 U.S. at 569 n. 14.

It is reasonable to impose stricter pleading requirements on a plaintiff, who has significantly more time to develop factual support for his claims, than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defenses.

In *Van v. LLR, Inc.,* 523 F.Supp.3d 1077 (D. Alaska 2021) the District Court acknowledged that motions to strike are viewed with disfavor, "since such motions are frequently used as stalling tactics and since pleadings are of limited importance in federal practice." *Id.* citing *Platte Anchor Bolt, Inc v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Calif. 2004). See also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1380 (3d ed. 2004). The District Court in *Van v. LLR* cited with favor to the statement made in *Kubanyi v. Golden Valley Electric Association*, Case No. 4:04-cv-0026-RRB, 2007 WL 9697873, at *3 (D. Alaska May 25, 2007) (quoting 5C Wright & Miller, Federal Practice and Procedure, §1381, at 427-28 (3d ed.)) which said "[A] motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits."

Other courts have also held that before a motion to strike affirmative defenses may be granted, the Court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could

*Opposition to Partial Motion for Judgmnt on Pleadings*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 5 of 10

Case 3:21-cv-00139-JMK   Document 53   Filed 06/02/23   Page 5 of 10

the defense succeed. See *Jones v. Sweeney*, 2006 WL 1439080 (Cent. D. Calif. 2006) citing to *SEC v. Sands,* 902 F.Supp. 1149, 1165 (E.D. CA 1995). These are the standards that the Court should use when considering any motion to strike from Plaintiff.

With respect to affirmative defenses, a court "should be cautious prior to granting a motion to dismiss affirmative defenses."[15] A party asserting affirmative defenses "should be given the opportunity to prove his allegations if there is any possibility that the defense might succeed on the merits."[16] The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.[17]

Any motion to strike the MOA's affirmative defense number 3 is unwarranted in this case. Plaintiff has not set forth the rationale to strike any and all of the MOA's affirmative defenses other than to claim affirmative defense number 3 somehow admits his own allegations, which it does not.

Plaintiff alleges that the MOA's conduct violated his 4th Amendment Constitutional Rights. The MOA denies such claims and denies the allegations in his complaint.[18] MOA further asserted six affirmative defenses.[19] These affirmative defenses put Plaintiff on notice that MOA will argue that their alleged

---

[15] *Simpson v. Alaska State Com* 52, 554 (D. Alaska 1976), aff'd, 608 F.2d 1171 (9th Cir. 1979).
[16] Id. (first citing *Purex Corp. v. Gen. Foods Corp.,* 318 F. Supp. 322, 323 (C.D. Cal. 1970); and then citing 5 Wright & Miller, Federal Practice and Procedure, § 1381, at 800-801).
[17] *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979) (holding that amended answer that simply alleged that "plaintiff's claims are barred by the applicable statute of limitations" was adequate, when accompanied by memorandum in support of motion to amend that cited statute on which defense relied)
[18] Docket 22.
[19] Docket 22 at pages 12-13.

*Opposition to Partial Motion for Judgmnt on Pleadings*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 6 of 10
Case 3:21-cv-00139-JMK   Document 53   Filed 06/02/23   Page 6 of 10

wrongful conduct—as outlined in the complaint—was lawful, was carried out in good faith, and/or in compliance with State statute.

MOA asserts, by way of affirmative defense, that Plaintiff is estopped from bringing his claim by the judgment in 3AN-00-11687 Civil.[20] In that State Court action, Plaintiff lost a constitutional challenge to AS. § 29.45.130(b) alleging that the Municipal Tax Assessor's entry onto real property violates his right to privacy and right to be free from unreasonable searches and seizures.[21] The Superior Court denied Plaintiff's claims and specifically ruled that AS § 29.45.130 complies with the United States Constitution and the Alaska Constitution. In his ruling, Judge Reese found that

> With regard to plaintiff's unreasonable search and seizure claim, this court extends the ruling of *Weltz v. State* to apply to civil cases as well. There the court found that, "While it has been said that ordinarily searching is a function of sight, it is generally held that the mere looking at that which is open to view is not a 'search.'" Likewise, the assessor viewing another's real property from the outside is not considered a "search" for purposes of triggering Fourth Amendment protection.[22]

In conclusion, the request to strike MOA's affirmative defense number 3 is without merit because it is not inappropriate. The motion should be denied.

Discovery remains open and fact-finding is ongoing, which should cause the Court to deny Plaintiff's motion. The MOA maintains that the parties' efforts here (and the Court's efforts) would be better directed at this time toward any necessary fact discovery rather than additional motion practice. "'Pleadings must be construed so as to do justice,'

---

[20] Docket 22 at 2.
[21] See attached Exhibit A
[22] Id.

*Opposition to Partial Motion for Judgmnt on Pleadings*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 7 of 10
Case 3:21-cv-00139-JMK   Document 53   Filed 06/02/23   Page 7 of 10

and requiring MOA to admit Plaintiff's legal conclusions does not appear to be an act of justice."[23]

The MOA's answer does not contain redundant, immaterial, impertinent or scandalous material, and it adequately apprises Plaintiff of the factual allegations that it contests in Plaintiff's complaint and the affirmative defenses it intends to assert. For the foregoing reasons, any attempt by Plaintiff to strike affirmative defenses should be denied.

**III.   Partial Summary Judgment is not Warranted.**

As discussed earlier, the MOA is confused to the precise relief being claimed by Plaintiff and it appears his motion for partial judgment may be a partial request for summary judgment solely based on his reference to MOA's affirmative defense number 3. Even if that affirmative defense was stricken there is no basis for granting summary judgment in favor of Plaintiff.

If Plaintiff's motion is meant to be more expansive than solely focusing on Affirmative Defense number 3, the MOA seeks leave and an extension of time to respond to those additional claims for relief if Plaintiff provides more clarity on what he is seeking.

Assuming Plaintiff's motion is based solely on the MOA's affirmative defense number 3, it should be denied. Discovery remains open until October 31, 2023.[24] Virtually no discovery has happened in this case and Plaintiff's partial motion for

---

[23] *Guifu Li v. A Perfect Franchise, Inc.,* No. 5:10-2971046, at *3 (N.D. Cal. July 21, 2011) (quoting Fed. R. Civ. P. 8(e)).

[24] Docket 43 at 5.

*Opposition to Partial Motion for Judgmnt on Pleadings*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 8 of 10

Case 3:21-cv-00139-JMK   Document 53   Filed 06/02/23   Page 8 of 10

summary judgment puts forth no material facts other than repeating the same arguments contained in his initial filings. Thus, Plaintiff's motion seeks an advisory ruling.

A determination that the MOA has acted unlawfully depends on development of facts through discovery. As a result, this motion is premature and should be dismissed without prejudice.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[25] The party seeking summary judgment bears the "initial responsibility of informing the court of the basis for its motions, identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[26]

Plaintiff has not met his burden of establishing an adequate basis for this motion or identifying which part of the record demonstrates the absence of material facts that justify summary judgment in his favor.

There remains dispute over the scope of conduct performed by the Municipal property appraiser in the course of his statutory duties and other actions by Plaintiff and MOA.

---

[25] Fed. R. Civ. P. 56(c).
[26] *Celotex Corp. v. Catrett,* 106 S.Ct. 2548, 2553 (1986).

*Opposition to Partial Motion for Judgmnt on Pleadings*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 9 of 10

Case 3:21-cv-00139-JMK   Document 53   Filed 06/02/23   Page 9 of 10

Furthermore, even if affirmative defense number 3 is stricken, such an outcome will have little bearing on the status of this litigation and would not frustrate MOA's denials of Plaintiff's claims as asserted in their Answer.

For the foregoing reasons the court should deny the motion at Dkt. 48. Alternatively, the court should grant an extension pursuant to Rule 56(f) to allow both parties the opportunity to conduct discovery and determine whether any disputes of fact exist with respect to the claim is being asserted by Plaintiff.

### IV. CONCLUSION.

Plaintiff's Partial Motion for Summary Judgment is without merit and the Court should deny the motion in its entirety.

Respectfully submitted this 2nd day of June.

ANNE R. HELZER
Municipal Attorney

By: *s/Chuck Gunther*
Municipal Attorney's Office
Alaska Bar No. 9411106
Assistant Municipal Attorney

Certificate of Service
The undersigned hereby certifies that on 6/02/2023 a true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

s/ Marie Stafford
Marie Stafford, Legal Secretary
Municipal Attorney's Office

*Opposition to Partial Motion for Judgmnt on Pleadings*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 10 of 10

Case 3:21-cv-00139-JMK   Document 53   Filed 06/02/23   Page 10 of 10