FILED
In chambers of
Superior Court
Judge John Reese

MAY 1 2001

State of Alaska
Third Judicial District
at ANCHORAGE

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

ROBERT P. ANDERSON, )
)
Plaintiff, )
)
vs. ) Case No. 3AN-00-11687 CI
)
STATE OF ALASKA, )
)
Defendant. )
)

## ORDER GRANTING SUMMARY JUDGMENT

This Court, having considered defendant's motion for summary judgment, and the responses thereto, and being otherwise fully advised on this matter, hereby orders that defendant's motion for summary judgment is **GRANTED**.

### I.  Standard of Review

Summary judgment may be granted in favor of a party if there are no genuine issues of material fact and it is entitled to judgment as a matter of law.[1] In considering the motion for summary judgment, the court shall draw all reasonable factual inferences in favor of the non-moving party.[2] The moving party "has the initial burden of making a prima facie showing establishing the absence of genuine issues of material fact and his or her right to judgment as a matter of law." *Yuriof v. American Honda Motor Co.*[3] In

---

[1] *See* AK Civ.R. 56(c); *French v. Jadon, Inc.*, 911 P.2d 20 (Alaska 1996).

[2] *See Alaska Southern Partners v. Prosser*, 972 P.2d 161, 164 (Alaska 1999); *Rush v. Alaska Mortgage Corp.*, 937 P.2d 647, 651 (Alaska 1997).

[3] 803 P.2d 386, 389 (Alaska 1990) (citation omitted).

order to meet this burden, "the movant must submit admissible evidence." *Brock v. Rogers & Babler, Inc.*[4]

Where the moving party has made a *prima facie* showing that he or she is entitled to judgment on the established facts as a matter of law, "the opposing party must demonstrate that a genuine issue of facts exists to be litigated by showing that it can produce admissible evidence reasonably tending to dispute the movant's evidence."[5] In determining whether the non-moving party has met this burden, the court will examine submitted materials, as allowed under the rules, to determine if a genuine issue of material fact exists. *See Walker v. White.*[6]

## II. Analysis

At issue in plaintiff's complaint is whether or not Alaska Statute 29.45.130(b), which authorizes a local assessor, as an official of the government, to enter real property in the manner required by law, automatically violates an individual's right of privacy or right to be free from unreasonable searches or seizures? This court finds that the statute is.

AS 29.45.130 is related to taxation, levy, and assessments of property by municipal governments in Alaska. Traditionally, a presumption of constitutionality is given to a statute thereby placing the burden on the challenging party to establish that it is unconstitutional[7]. Plaintiff in this case failed to demonstrate by fact or law, that the statute addressed in the case at hand is unconstitutional.

---

[4] 536 P.2d 778, 782 (Alaska 1975) (footnote omitted).

[5] *French*, 911 P.2d at 23 (citing *Wassink v. Hawkins*, 763 P.2d 971, 973 (Alaska 1988)).

[6] 618 P.2d 561, 563 (Alaska 1980).

[7] *Baxley v. State*, 958 P.2d 422, 428 (Alaska 1999).

On the contrary, defendant was able to articulate the importance of allowing an assessor to accomplish their assessment functions in order to ensure that proper and accurate assessment of property are given. AS 29.45.110 states that "[t]he full and true value is the estimated price that the property would bring in an open market and under the then prevailing market conditions in a sale." In order for a true value to be assessed, the assessor must be able to view the property. As a safeguard against any privacy violation or unreasonable search, AS 29.45.130 emphasizes that the assessor may only enter premises during reasonable hours and by court order if the owner objects. These provisions sufficiently protect the privacy rights of owners, while allowing appropriate valuation. All courts dealing with this issue have reached this obvious conclusion.

With regard to plaintiff's unreasonable search and seizure claim, this court extends the ruling of *Weltz v. State* to apply to civil cases as well. There the court found that, "While it has been said that ordinarily searching is a function of sight, it is generally held that the mere looking at that which is open to view is not a 'search.'"[8] Likewise, the assessor viewing another's real property from the outside is not considered a "search" for purposes of triggering Fourth Amendment protection.

### III. Conclusion

This court finds that AS 29.45.130 complies with the United States Constitution and the Alaska Constitution.

The complaint is **DISMISSED**.

Dated this 18 day of May, 2001, in Anchorage, Alaska.

John Reese
Superior Court Judge

---

[8] *Weltz v. State*, 431 P.2d 502, 505 (Alaska 1976).

I certify that on 5-2-01 a copy of the above was mailed/delivered to each of the following at their addresses of record: R. Anderson, MOA

M. [signature]
Secretary/Deputy Clerk