Robert Anderson
4908 Roger Drive
Anchorage, Alaska 99507
Phone (907) 223-1579
aktaxappeal@gmail.com



RECEIVED

JUL 18 2023

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON,<br><br>    Plaintiff,<br>    Pro Se<br><br>v.<br><br>MUNICIPALITY of ANCHORAGE,<br><br>    Defendant. | Case No. 3:21-cv-00139-JMK |

## MOTION FOR REVIEW OF PROFESSIONAL CONDUCT

I, Robert Anderson, representing myself without a lawyer, move for the court to determine the status of individuals not parties to Case No. 3:21-cv-00139-JMK under the common law rules of public spending, Local Rule 83.1(h), Anchorage's charter ordnance, Section 5.04 and a attorneys Counselor of the Court obligation for the following reason(s):

### INTRODUCTION

Municipal corporations, defined as entities capable of being sued, must make arrangements for legal counsel representation when sued in federal court. Anchorage

through state law, Anchorage's charter ordnance, Section 5.04 has made arrangements for representation of the peoples business through the Anchorage Municipal Attorney's Office – Civil Division, Mr. Charles J. Gunther, at Docket 52, informed the court he is the counsel of record on behalf of defendant Municipality of Anchorage superseding Mr. Sean Halloran, Docket 21. Mr. Halloran's notice substituted his council for Ms. Pamela D. Weiss who made fillings for Fed. R. Civ. P. 12(b)(6) motion to dismiss. Neither Ms. Weiss nor anyone else with the Municipality of Anchorage Department of Law filed a court form AO 458 APPEARANCE OF COUNSEL or equivalent document prior to Mr. Halloran's Docket 21 notice of representation as Municipality of Anchorage Department of Law counsel.

Municipal corporations act through their employees. Fed. R. Civ. P. 26(a)(1)(A)(i) makes no distinction between an employee of a governmental entity and any other natural person. All parties to a controversy are entitled to access to potential witnesses, informal contact permits a party to make an initial evaluation of a potential witnesses personal knowledge of issues before the court. Presumably the disclosing party informs the potential witnesses they have been identified as such. Clearly a natural person can elect not to communicate with any party until compelled to do so but at least one informal contact is anticipated under Fed. R. Civ. P. 26(a)(1)(A)(i) even in a government employee-employer relationship.

The federal government OFFICE OF GOVERNMENT ETHICS through, Federal Register / Vol. 88, No. 101 / Thursday, May 25, 2023 / Rules and Regulations 33801, effective November 21, 2023, 5 CFR § 2635.204(c) will soon allow federal employees to

Anderson v Municipality of Anchorage
Motion For Review Of Professional Conduct

Case No. 3:21-cv-00139-MJK
Page 2

Case 3:21-cv-00139-JMK   Document 58   Filed 07/18/23   Page 2 of 14

accept free or discounted legal services from an established employee organization such as a union. State government employees could properly use the same option when they feel the need for legal advice, exempt employees are likely limited to employee welfare organizations. The federal solution is not to provide government counsel but to identify employee alternative payment options for legal expenses arising from an employee's past or current official position.

## LEGAL STANDARD

"The district court has the duty and responsibility of supervising the conduct of attorneys who appear before it. ", *Erickson v. Newmar Corp.*, 87 F. 3d 298, 300 (9th Cir. 1996). "Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the States and the District of Columbia within their respective jurisdictions.", *Leis v. Flynt*, 439 U.S. 438, 442 (1979). A state license to practice law being a privilege does not mean silence on a particular aspect of the privilege leaves the matter to the licensee to determine who is a client of a government attorney.

Alaska District Court Local Rule 83.1(h) has adopted the Alaska Rules of Professional Conduct as standards applicable to practice in the Alaska District Court. The Alaska Rules of Professional Conduct address standards for corporate counsel (primarily Rule 1.13) and employee-employer government relationships, Rule 4.2.

In the instant case the question comes down to "who is the client" of a municipal corporation attorney in the 42 U.S.C. § 1983 controversy before the court. Municipal corporation officials sued in their official capacity are simply alter egos of the municipal corporation itself, employees not acknowledged to be policymakers under state law are

either preforming official job duties or not when an incident occurs. As the court said in *Garcetti v. Ceballos*, 547 US 410, 424-325 (2006) "Formal job descriptions often bear little resemblance to the duties an employee actually is expected to perform", how an employee performing what is often referred to as "other duties as assigned" can become a client of a municipal attorney and can determine a course of discovery dealings between the parties is relevant far beyond Fed. R. Civ. P. 26.

## PUBLIC SPENDING

A municipal corporation's law department client is ultimately the public, the attorney of record is expected to present all colorable defenses to protect the client. A municipal corporation has one limitation not found in any other corporate entity, for over 150 years it has been understood public funds must be spent for public purposes, *Loan Assn. v. Topeka*, 87 US 655, 664 (1875). Protecting private interest does not meet the public purpose common good standard, *Guggenheim v. City of Goleta*, 638 F. 3d 1111, 1134-1135 (9th Cir. 2010).

A municipal corporation's charter is the organic fundamental law of the organization, it was the vote of the people that established the Municipality of Anchorage as a legally recognized entity, any amendment to the charter requires a vote of the people, it is the people who are paying the cost of the defense in this lawsuit. *Newport v. Fact Concerts, Inc.*, 453 US 247, 267 footnote 29 (1981) left open the question of punitive damages when taxpayers through adoption of unconstitutional charter provisions are the source of a constitutional violation. It should present no close question of law that Anchorage voters in creation of the municipal corporation did not authorize under

Charter:

> Section 5.04. - Municipal attorney.
>
> There shall be a municipal attorney appointed by the mayor and confirmed by the assembly. The attorney serves at the pleasure of the mayor. The attorney shall advise and assist the municipal government on legal matters.

the use of municipal funds for the municipal attorney to create a attorney-client relationship with whomever the Anchorage Municipal attorney desires.

## **COMMON LAW JOINT DEFENSE PRIVILEGE**

The Ninth Circuit has recognized a joint defense privilege as an extension of the attorney client privilege, *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987) . The privilege has been applied in the joint defense context when the defendants are co-defendants in the same action sued by the same plaintiff." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 578 (N.D. Cal. 2007). Generally, under the joint defense privilege, "communications by a client to his own lawyer remain privileged when the lawyer subsequently shares them with co-defendants for purposes of a common defense." *Waller*, 828 F.2d at 583.

The joint defense theory can extend to "interested third parties who have a community of interests with respect to the subject matter of the communications." *Nidec*, 249 F.R.D. at 579.

Anchorage in their primarily witness list provide the Municipal Attorney's Office as addresses and phone numbers of potential witnesses, the same individuals are identified in Rule 26(a)(1) as individuals likely to have discoverable information. It has not been

determined by the court if any of those individuals are policymakers of the municipal corporation.

## ALASKA RULES OF PROFESSIONAL CONDUCT

Rules of Professional Conduct have been adopted by the Alaska Supreme Court Order No.1680, Effective Date: April 15, 2009 and available at https://courts.alaska.gov/sco/sco-library.htm, the Alaska District Court recognizes attorneys practicing before the court fall under the rules.

At RULE 9.1: DEFINITIONS:

> (b) "Client" denotes a person, a public officer or agency, or a corporation, association, organization, or other entity, either public or private, who receives professional legal services from a lawyer.

It is clear, anyone can hire a lawyer. The question is can a Anchorage municipal employee with no personal liability in a lawsuit receive professional legal services form Anchorage's municipal attorney.

### I. RULE 1.13: ORGANIZATION AS CLIENT

Anchorage is an organization within the meaning of Rule 1.13, the municipal attorney is a municipal executive whose office is created by Municipal Charter, Section 5.04. - Municipal attorney. Anchorage Municipal Code (AMC) Title 1 Chapter 1.50.010 - Municipal defense and indemnification (AO No. 2016-43) cannot create a attorney-client relationship with a current or former employee unless the individual is named in their individual capacity as a defendant at which point, upon request and meeting the due diligence requirements of § 1.50.010, Anchorage may undertake representation of

personal defenses of a natural person.

### A     COMMENT "Government Agency" of Rule 1.13

The comment makes clear the Anchorage municipal attorney falls squarely under Rule 1.13. The comment states "Defining precisely the identity of the client and prescribing the resulting obligations of the lawyers may be more difficult in the government context and these matters are beyond the scope of these Rules.", in essence the ALASKA RULES OF PROFESSIONAL CONDUCT leave it to the courts to decide the relationship between government counsel and individuals whose actions are tied to municipal corporation policy or custom.

Fed. R. Civ. P. 26 and witness list contemplate informal contact with potential witnesses, any person identified as such presumably has a 1st Amendment right to free speech. The RULES OF PROFESSIONAL CONDUCT under RULE 4.2: COMMUNICATION WITH PERSON REPRESENTED BY COUNSEL attempts to distinguish various individuals within government organizations who can be contacted, those distinctions may be relevant in contexts outside a lawsuit but they are irrelevant under Fed. R. Civ. P. 26. Clearly any informal contact with individuals identified under Rule 26 is hearsay and not permissible evidence in the lawsuit, it makes no difference if the person is the chief executive officer or the lowest paid employee, the purpose of Rule 26 disclosures is to allow equal access to all parties in lawsuit to potential witnesses. Protecting a attorney's mental impressions under *Hickman v. Taylor*, 329 US 495 (1947) does not depend on a attorney-client relationship, Anchorage is free to seek protection based on the federal discovery and evidence rules when a relevant issue arises.

Anderson v Municipality of Anchorage
Motion For Review Of Professional Conduct

Case No. 3:21-cv-00139-MJK
Page 7

Case 3:21-cv-00139-JMK    Document 58    Filed 07/18/23    Page 7 of 14

At the point where Rule 26 initial disclosures are made the court has made no determination of who within a municipal corporation executive branch has state law policymaker authority, it is premature for a attorney representing a municipal corporation in a lawsuit to identify any named individuals as anything but persons they have identified as persons with possible discoverable knowledge and potential witness.

## SUPPORTING CIRCUMSTANCES

Assisting clients outside of court or on discrete matters within a case (known as the "unbundling of legal services") is permitted by the Alaska Bar Rule 1.2(c). Like all Rules of Professional Conduct the applicable law can override or limit the scope of application.

Ms. Weiss did not enter a notice of appearance with the court before filling motions, Ms. Weiss represented Anchorage in *Brandner v. Municipality of Anchorage*, 327 P. 3d 200 (2014) a case requiring considerable knowledge of Municipal assessor's department operations. Ms. Weiss was the primary attorney on the instant case, see Docket 50, Attachment 1 -Affidavit of Charles Gunther. Ms. Weiss would be a logical choice to represent indemnified individual employees, she filed no pleadings before being substituted.

Mr. Halloran at Docket 21 (May 17, 2022) made his appearance before the court for the defendant Municipality of Anchorage. On or about November 15th 2022 Mr. Halloran provided initial disclosures to plaintiff. On or about December 14th 2022 Mr. Halloran provided a preliminary witness list to plaintiff. The contact information provided for the individuals in both list are identical, the Anchorage Municipal Attorney's Office.

Mr. Halloran at Docket 22 answered the complaint, he used the term "this

defendant" repeatedly, ¶ 29, ¶¶ 35-36, ¶¶ 60-71, ¶¶ 73-75, ¶ 78, ¶ 81, ¶¶ 86-88, ¶ 148, ¶ 152, ¶¶ 159-161, ¶¶ 164-165 as if there were other defendants he is not representing.

Mr. Gunther at Docket 52 (June 1, 2023) filed notice of appearance before the court for the defendant Municipality of Anchorage.

Mr. Gunther at Docket 57 (June 13, 2023) filed notice to the clerk to remove Ms. Weiss and Mr. Halloran as attorney's of record stating "Municipal Defendants continue to be represented by other attorneys at the Municipal Attorney's Office". There is and has always been only one defendant in the instant lawsuit but Mr. Gunther's use of the plural "Defendants" is consistent with Mr. Halloran Rule 26 and Preliminary Witness List documents.

Given the actions to date there is every indication Anchorage's municipal attorney is treating Anchorage current or former employees as clients. The Alaska Bar Association issued ETHICS OPINION 2020-1, found at https://alaskabar.org/ethics-discipline/ethics-opinions/adopted-ethics-opinions-chronological/ (visited July 9, 2023), pointing out may of the issues that can arise when corporate counsel attempts to represent employee witnesses, those are RULES OF PROFESSIONAL CONDUCT issues independent of any laws authorizing a municipal attorney to represent a municipal employee.

## NON-PARTY WITNESSES

The importance of non-party witnesses is a cornerstone of judicial management of controversies. While the Rules of Professional Conduct say much about relationships between lawyers and clients they recognize a clear boundary when attorneys are employed by government entities. The complexities are at their greatest importance when

U.S. Constitution rights are at stake. Some person or persons must be directly involved for a *Monell* liability to be cognizable in a 42 U.S.C. § 1983 civil lawsuit. The general public is involved in every aspect of a 42 U.S.C. § 1983 lawsuit, taxpayers bare the cost of Anchorage's municipal attorney's office and benefit when U.S. Constitution rights are acknowledged by the courts.

The role non-party witnesses play in the process is likely at times difficult. Anchorage, presumably using their home rules powers, has provided some protection when employees follow policy and procedure but under even their defense and indemnification ordnance employees are likely still witnesses under federal rules and subject to Rule 26 and Preliminary Witness List disclosures.

*Lane v. Franks*, 573 US 228, 238 (2014) addressed the issue of public employee 1st Amendment Speech but the dicta places public employee in the same position as any other corporate employee, when sworn testimony is outside the scope of ordinary job responsibilities it is simply part of the judicial proceedings and obviously a matter of public concern when 42 U.S.C. § 1983 claims are involved.

## CONCLUSIONS

The state maintains control over the practice of law within its borders, *Sperry v. Florida ex rel. Florida Bar*, 373 US 379, 402 (1963) but when the state explicitly states government attorney-client relationships are outside the scope of it's professional conduct rules it is the District Court that must give guidance.

How municipal employees are treated in *Monell* municipal liability claims under federal law is important to all. Plaintiff has located no case where 42 U.S.C. § 1983 was

found to be inadequate notice to a public employee of limitations under the U.S. Constitution. Being a potential witness in a *Monell* municipal liability controversy comes with public employment but does no entitle one to government council unless the employee is a named defendant in the action and properly preforming their job responsibilities regarding the incident at issue.

In the instant case plaintiff cannot reconcile what amounts to Anchorage unilateral protective stipulations (no negotiations or court approval) with any relevant legal principles. Anchorage has custody of all records generated by it's employees, AMC § 3.95.080 Custody and ownership of records:

> A. All records are the property of the municipality unless otherwise provided for by law.

It is well understood employees have no expectation of privacy in records created for use by their master, AMC § 3.95.080 cannot be read any other way. Those records are public records under Rule 803(8). Clearly state public records disclosure statutes do not govern in federal courts (plastering CONFIDENTIAL all over every email does not create a federal exception) though records management statutes might govern obligations on some creation and retention matters.

Discovery disputes are a burden on the courts and parties alike, individual municipal employees may or may not play a relevant roll in a *Monell* dispute given the several ways liability can occur. The federal rules contemplate an opportunity to avoid discovery cost and inconvenience through informal contact with natural persons, nothing discussed during such a informal contact is admissible as evidence so no party is

prejudiced.

## HOW TO ADDRESS THE MULTIPLE CLIENTS QUESTION

There is no attorney-client privilege attached to a disclosure of Anchorage municipal attorney clients and underlining purpose for representation. Anchorage has a defined process, AMC § 1.50.010 - Municipal defense and indemnification for determining when they will expend public funds for legal actions involving parties other than the municipal corporation. If in camera review is appropriate the court should accommodate but at a minimum if Anchorage represents parties other than the Municipality of Anchorage in this litigation they should disclose:

- Any determination made by the risk manager under Section G of AMC § 1.50.010,

- The purpose for which they represent each client,

- The date on which each client representation began,

- The fee and payment arrangements for each client,

- The expectations on what is considered confidential between clients,

- Any meeting attended by attorney's representing clients relevant to the incident and claim being litigated and

- Identification of the people present during any meeting noted above and their roll (e.g. attorney, paralegal, client, non-client).

It is difficult without proper discloses for any party to address the complexities of

discovery and in this matter Fed. R. Civ. P. 1 and L.Civ.R. 1.1(c)(4) are relevant. Assuming Anchorage made a reasonable inquiry into the matter the question remains, does Anchorage have a right to create a attorney-client relationship with municipal employees who are not named parties in the action and have no personal liability.

Plaintiff considers the subject of the motion as a case management matter, the proper addresses and phone number of individuals would fall under a Rule 26 supplemental if improper representation is found. In the same vain Plaintiff is not seeking to have the Anchorage municipal attorney disqualified as counsel for the Municipality of Anchorage. The issue of a proper relationship under some joint client or common interest doctrine with unnamed parties is necessary to the orderly progression of the case.

Given the plain meaning at Alaska Rules Of Professional Conduct RULE 1.13: Organization As Client COMMENT - Government Agency paragraph (9) that the whole matter is beyond the scope of their rules "Defining precisely the identity of the client and prescribing the resulting obligations of the lawyers may be more difficult in the government context and these matters are beyond the scope of these Rules." makes it essential the court manage the matter.

Many disputes may be resolved by properly identifying and treating witnesses as just that, persons with potentially personal knowledge of some discoverable information. The courts are well versed on protective orders and disregarding irrelevant information and it appears reasonable in many cases for represented parties to negotiate stipulations relevant to employee matters if deemed necessary. Another option is the courts use of it's inheritance powers to assure employee witnesses are treated properly if deposed. A

potential witness has every right to hire a attorney of their own choosing though understandably this can be a real burden but electing to work for a government entity brings 42 U.S.C. § 1983 into play, constitutional rights are meaningless unless courts declare them and 42 U.S.C. § 1983 is the principal source for judicial determination of citizen rights under the U.S. Constitution.

Municipal employees can only be the "but for" cause in plaintiff's action, *Lockett v. County of Los Angeles*, 977 F. 3d 737, 741 (9th Cir. 2020), employee conduct constitutes an element of a *Monell* claim but the claim is against the municipal corporation.

Plaintiff respectfully request the court issue the attached proposed order to the Municipality of Anchorage to determine the status of any unnamed parties Anchorage considers clients. If further action is warranted the court can request addition briefing, if deemed necessary, at that time.

Dated  July 18 , 2023.   Robert Anderson
                          Robert Anderson, Pro Se

I, Robert Anderson certify that a copy of this paper filling was served, by HAND delivery to Municipality of Anchorage Office of the Municipal Attorney at 632 West 6th Avenue (P.O. Box 196650) , Anchorage, AK. on July 18 , 2023.

Dated  July 18 , 2023.   Robert Anderson
                          Robert Anderson, Pro Se