Robert Anderson
4908 Roger Drive
Anchorage, Alaska 99507
Phone (907) 223-1579
aktaxappeal@gmail.com



RECEIVED
AUG 14 2023
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON,<br><br>　　　　Plaintiff,<br>　　　　Pro Se<br><br>v.<br><br>MUNICIPALITY of ANCHORAGE,<br><br>　　　　Defendant. | Case No. 3:21-cv-00139-JMK |

## MOTION TO COMPEL DISCOVERY RESPONSES

I, Robert Anderson, representing myself without a lawyer, move to compel discovery responses for the following:

On June 22, 2023 I hand delivered to the Anchorage Municipal Attorney's Office Fed. R. Civ. P. 33 Interrogatories and Fed. R. Civ. P. 34 Document Production request.

In accordance with Fed. R. Civ. P. 37(a)(1) I certify I have attempted to confer with Anchorage by letter mailed on August 2, 2023, Exhibit 2. I have not received any response to my letter.

I worked diligently to propound proper discovery request in a timely manner. Anchorage has failed to respond to discovery request, each party has an obligation in litigation to respond to properly propounded discovery requests. Anchorage has made no objections to my discovery request and given the important privacy right implicated in my claim and Anchorages defenses developing as full a record of relevant material benefits the public as well as litigants.

I anticipated serving request for admissions based in part on responses I anticipated receiving from my Fed. R. Civ. P. 33 Interrogatories and Fed. R. Civ. P. 34 Document Production request.

Under the courts Docket 39 Scheduling Order fact discovery closes October 31, 2023. Anchorage has made no reasonable effort to respond to my June 22, 2023 discovery request, the means by which Anchorage can avoid federal court discovery is to conservatively interpret the U.S. Constitution.

Without an agreed extension or good cause, a party waives its objections to discovery requests. See *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); see also *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33 constitutes a waiver of any objection.").

Regarding Fed. R. Civ. P. 34 Anchorage made no timely objections, the Court is left to ascertain whether the request is outside the bounds of fair discovery. The court

should limit any review to that criteria as the time has passed for general objections such as overbroad and unduly burdensome.

As it stands a court ordered date certain for a discovery response is justified. I respectfully request the court enter such a order.

Dated August 14, 2023.    *Robert Anderson*
Robert Anderson, Pro Se

I, Robert Anderson certify that a copy of this paper filling was served, by HAND delivery to Municipality of Anchorage Office of the Municipal Attorney at 632 West 6th Avenue (P.O. Box 196650), Anchorage, Ak. on August 14, 2023.

Dated August 14, 2023.    *Robert Anderson*
Robert Anderson, Pro Se