IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>MUNICIPALITY of ANCHORAGE, )<br>)<br>Defendant. )<br>_____) | Case No. 3:21-cv-00139-JMK |

**PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MUNICIPALITY of ANCHORAGE**

Plaintiff Robert Anderson, pursuant to Federal Rules of Civil Procedure 26 and 34, serves the following requests for production of documents on Defendant Municipality of Anchorage.

INSTRUCTIONS

Rule 34 of the Federal Rules of Civil Procedure, as well as the Court's Scheduling Order govern the requests for production listed below. You must answer each request, to the extent it is not objected to, separately and fully in writing. If you object to a request, you must specify whether you are withholding any responsive information on the basis of the objection asserted. Please be aware that "[a]n objection to part of a

request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

You, Defendant Municipality of Anchorage, are required to produce documents responsive to these requests or provide objections, if any, to these requests to Plaintiff within thirty (30) calendar days after the date of service of these requests (herein, the "response period"), location for inspection or copying Z. J. Loussac Library lobby, 3600 Denali Street, Anchorage, AK, 10:30 A.M. July 25, 2023. In lieu of making a personal appearance on the production date, Defendant may append copies of the requested documents to its response to Plaintiff's Request for Production of Documents.

If you claim a privilege relating to any of the information sought under the requests below, specify in detail the nature or bases of the privilege, and prepare and serve a privilege log that complies with Fed. R. Civ. P. 26(b)(5)(A) and includes: (a) the date the document was prepared; (b) the author of the document; (c) the person to whom the document was sent and all persons receiving copies; and (d) the general subject covered in the document.

As with all discovery requests, you are required to furnish all responsive information to these requests which is available to you. This includes, but is not necessarily limited to, any information in the possession of your employees, representatives, agents, contractors, attorneys, or investigators. Rule 26(e) of the Federal Rules of Civil Procedure imposes a continuing duty to supplement your response to a request issued under Rule 34 when you know or learn that the prior response or production is in some material respect incomplete or incorrect.

2 of 9

Case 3:21-cv-00139-JMK   Document 61-4   Filed 08/14/23   Page 2 of 9

If you produce information responsive to a request, identify the documents responsive to the request by Bates number.

This request does not include those documents under the courts protective order @ Docket 45.

## DEFINITIONS

1. "Document" means a writing(s), recording(s), or photograph(s) as those terms are defined under Fed. R. Evid. 1001(a), (b), and (c), and, consistent with the scope set forth under Fed. R. Civ. P. 34(a)(1)(A), includes the original or copy of handwriting, typewriting, printing, drawings, graphs, charts, photographs, sound recordings, images, communications, or other data or data compilations, or combinations of them, set down in any form and stored in any medium from which information can be obtained. Where request involves electronic format (e-Discovery documents) provide those documents in open source formats (CSV, JPEG, JSON, XLS, XLSX, RSS, GeoJSON, KMZ &, KML,Shapefiles and XML or any other standard open format recognized as a file format for storing digital data, defined by a published specification and which can be used and implemented by anyone) used by you. For documents not available in other open source formats provide TIFF or PDF files.

2. "Communication" means any oral, verbal, typed, electronically transmitted or hand written communication and includes, without limitation, any face to face, telephone, or video conference conversations; facsimile; letter; telegram; memoranda; voicemail; voice message; electronic mail; text message and any other method or means of exchanging information between individuals.

3. "Electronically stored information" means any document, communication, or any other data or information present or stored on or in any computer, internal or external hard drive, jump drive, diskette, compact disc, server, database, or any other device capable of storing electronic files or information.

4. "Incident" includes the circumstances and events surrounding the alleged occurrence giving rise to this action or proceeding.

5. "Person" or "Persons" and "Individual" or "Individuals" includes any human being, whether living or deceased, and includes a business, corporation, partnership, joint venture, limited partnership, governmental entity, public entity, or political subdivision.

6. "Identify" means:

    a. With respect to a document, means to state the nature or character of the document (i.e., letter, memorandum, agreement, etc.); the date(s) it was prepared, signed, sent and received; the contents of the document; and the identity of the person(s) who created and/or signed the document.

    b. With respect to a communication, requires a response providing the date on which the communication occurred, the identity of each person who was present during or participated in the communication, and the subject or subjects discussed.

7. "or" is inclusive, and has the meaning of "and/or."

8. "Defendant," "you," and "your" each and collectively refer to Defendant Municipality of Anchorage, (and any agent, employee, official, director, manager, supervisor or other person operating under the direction or control of the Defendant,
4 of 9

including, without limitation, any attorneys).

9. "Quick Reinventory Procedure" is as described in Addendum #4 of Municipality of Anchorage Residential Appraisal Manual.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

38. Produce all documents that discuss the incident alleged in the complaint in this lawsuit, including email correspondence, text and instant messages, notes, briefings, files, reports, and memos.

39. Produce all documents identified, referenced, reviewed, relied upon or used in any way as part of your obligations under Fed. R. Civ. P. 26 or 33, including documents identified in your initial disclosures and documents identified, referenced, reviewed, or relied upon to respond to Plaintiff's interrogatories in this lawsuit.

40. Produce all digital photo recordings involving the incident.

41. Produce all documents relating to any internal, administrative or disciplinary investigation or hearings related to the incident.

42. Produce all documents that discuss or evaluate any person's job performance relating to the incident.

43. Produce any public statements you have made about the incident.

44. Produce all documents discussing this litigation including any memos, emails, and text or instant messages you have sent or received.

45. Produce all policies and procedures that apply to you or your employees conduct during the incident.

46. Produce all records of training you or your employees received that apply to your employees conduct during the incident.

47. Produce all documents reflecting complaints, including complaints by other agencies or entities, co-workers or private citizens, that assert you, or anyone employed by you, have committed civil rights violations of the same nature alleged in this lawsuit at any time from August 18, 2016 through a trial in this case. Civil rights violations of the same nature are those based on the same theory of civil rights violation, more specifically your "Quick Reinventory Procedure".

48. Produce all documents you referred to or relied on to answer the complaint Claim I in this lawsuit, including any defenses you have asserted in your answer.

49. Produce any copies of any statements you have obtained relating to the incident or this lawsuit.

50. Provide the RESIDENTIAL APPRAISAL MANUAL Addendum 4a (response to First Request for Production Bates number MOA 000254) records, your Inventory Content Sheets as marked up and any photos taken for the following tax parcels during the period August 18, 2016 to present:

    PARID:    00919619000,

    PARID:    00919104000,

    PARID:    00919126000,

    PARID:    00919220000,

    PARID:    00919247000,

    PARID:    00919316000,

6 of 9

Case 3:21-cv-00139-JMK   Document 61-4   Filed 08/14/23   Page 6 of 9

Ex. 4 P. 00006

PARID:    00919508000,

PARID:    00919533000,

PARID:    00919559000,

PARID:    00919624000,

PARID:    00919802000,

PARID:    01410345000,

PARID:    01418119000,

PARID:    00109229000,

PARID:    00214522000,

PARID:    00412641000,

PARID:    00213647000,

PARID:    00717446000,

PARID:    00717466000,

PARID:    01213413000,

PARID:    01621145000,

PARID:    06702348000.

53.    Produce all documents regarding any State of Alaska Department of Commerce, Community and Economic Development Division of Community & Regional Affairs state assessor assessment audits of procedure and compliance for you from June 15, 2011 to present.

54.    Please produce any reversions to the Residential Appraisal Manual Addendum #4 and #4a made after 10/17/2018.

55. Please produce any documents for Addendum #3 rev 8-16-16 JJD relating to the procedure "PROCEDURES FOR REVISION" (document MOA 000152 of first request for production) for RESIDENTIAL APPRAISAL MANUAL ADDENDUM #3.

56. Please produce any documents for Addendum #4 rev 8-16-16 JJD relating to the procedure "PROCEDURES FOR REVISION" (document MOA 000152 of first request for production) for RESIDENTIAL APPRAISAL MANUAL ADDENDUM #4 or #4a.

57. Please produce policies, procedures or regulations followed when "Quick Reinventory Procedure" inspection records are created in accordance with RESIDENTIAL APPRAISAL MANUAL ADDENDUMS #1, #2, #3 & #4, e.g. retention schedules, who has physical possession or record, etc.

58. Please produce all written municipal policies, procedures or regulations which your employees conducting "Quick Reinventory Procedure" inspections are subject to under your ordinance § 3.30.0925 (7).

59. Please produce Employee Classification documents for employees conducting "Quick Reinventory Procedure" inspections under your ordinance § 3.30.024.

60. Please produce any policies, procedures or regulations for obtaining dwelling occupant consent before entry onto private property for "Quick Reinventory Procedure" inspections.

61. Please produce any policies, procedures or regulations for obtaining aerial, oblique and/or street view imagery for tax parcels in your tax jurisdiction.

62. Please produce all policies, procedures or regulations utilized for determining verification of tax parcel Exemption Codes R-01 - OWNERS PRIMARY RESIDENCE and S-01 - SENIOR SELF: PRIMARY RESI homeowner exemption status.

63. Please produce all quality assurance program procedures for "Quick Reinventory Procedure" inspections.

64. Please produce Anchorage Code of Ordinances §3.95.040 records manual.

65. Please produce Anchorage Code of Ordinances §3.95.060 - Records retention schedule for Department of Finance.

66. Please produce all policies, procedures and guidelines for your employee's interactions with dwelling occupants during "Quick Reinventory Procedure" inspections.

67. Please produce all documents unitized in assessing performance of employee's "Quick Reinventory Procedure" inspections from August 18, 2016 to present.

Date June 22, 2023     _Robert Anderson_
                        Robert Anderson

I, Robert Anderson certify that Defendent Municipality of Anchorage was served, by _HAND_ delivery to Municipality of Anchorage Office of the Municipal Attorney at 632 West 6th Avenue (P.O. Box 196650), Anchorage, AK. on _June 22_, 2023.

Dated _June 22_, 2023. _Robert Anderson_
                        Robert Anderson