Charles J. Gunther
Deputy Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendant
Municipality of Anchorage

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| MUNICIPALITY OF ANCHORAGE, | ) ) |
| Defendant. | ) ) Case No. 3:21-cv-00139 JMK |

**OPPOSITION TO MOTION FOR REVIEW OF PROFESSIONAL CONDUCT**

Defendant, Municipality of Anchorage, ("MOA") opposes the motion filed by Plaintiff Robert Anderson for "Review of Professional Responsibility."

Mr. Anderson's underlying motion seeks a "review of professional conduct" to "determine the status of individuals not parties" to this case.[1] Despite having read his motion several times, the undersigned remains confused and unable to ascertain what relief

---

[1] Docket 58.

Mr. Anderson is seeking, outside of discovery, and the legal basis for the claims he is making. For these reasons, alone, his motion should be denied on the basis that it does state a claim upon which relief can be granted.

Mr. Anderson appears to take issue with a number of municipal attorneys who have entered this case since it was filed.

Aside from the undersigned, who did not enter this case until June 2023, none of the prior attorneys[2] are still employed by the Municipality of Anchorage so it is unclear what Mr. Anderson is seeking and the legal basis for this court to scrutinize their prior involvement.

The Municipal Charter states "There shall be a municipal attorney appointed by the mayor and confirmed by the assembly. The attorney serves at the pleasure of the mayor. The attorney shall advise and assist the municipal government on legal matters."[3]

The Municipal Attorney's office represents all the departments of the City of Anchorage in litigation, including the claims being made by Mr. Anderson when he filed his pending Complaint against the "Municipality of Anchorage." Mr. Anderson is not suing any specific employee of the city of Anchorage in their official or individual capacity.

Mr. Anderson asks a question in his pleading of "who is the client" of the Municipality?[4] As already noted, Mr. Anderson sued the Municipality of Anchorage

---

[2] Prior attorneys include Pamela Weiss, Sean Halloran and Linda Johnson, all of whom are no longer employees of the Municipality of Anchorage.
[3] Anchorage Municipal Charter 5.04.
[4] Docket 48 at page 3.

*Opposition to Motion for Review of Professional Conduct*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 2 of 7

challenging the constitutionality of a real property tax inspection conducted by the Municipality Property Appraisal Division conducted to pursuant AS29.45.130 (b). The Municipality of Anchorage is the named Defendant, so it is unclear what Mr. Anderson does not understand.

### I.  Mr. Anderson's motion should be denied/dismissed because it fails to state a claim upon which relief can be granted. *Fed.R.Civil.P.12 (b)(6)*

Mr. Anderson named the "Municipality of Anchorage" as the Defendant in his Complaint. While Defendant Municipality denies that any of the allegations brought by Mr. Anderson have merit, the Court must assume that the statements are true for purposes of deciding this motion, but Mr. Anderson's allegations are confusing, vague and ambiguous, and are not based on any coherent legal foundation.

To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted by the Court as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that the plaintiff did not nudge his claims of invidious discrimination across the line from conceivable to plausible) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)).

A complaint must contain more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Bell Atl. Corp.,* 550 U.S. at 555.

Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id*. Thus, a court discounts conclusory

*Opposition to Motion for Review of Professional Conduct*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 3 of 7

Case 3:21-cv-00139-JMK   Document 65   Filed 09/21/23   Page 3 of 7

statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible. *Iqbal*, 556 U.S. at 678.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). A pro se complaint may be dismissed for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521(1972).

Mr. Anderson, in his pending motion, has failed to allege facts that would state a plausible claim for relief and his motion should be dismissed.

Mr. Anderson's motion should be dismissed in its entirety because he cannot state a claim for relief that is plausible on its face. He cannot nudge his spurious allegations across the line from conceivable to plausible. His motion does not even create a suspicion of a legally cognizable right of action.

Instead, Mr. Anderson seeks to have this court order the Municipality to produce records and answer questions that fall within "discovery" and would be subject to objections and protective orders should it fall outside of reasonable inquiry.

*Opposition to Motion for Review of Professional Conduct*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 4 of 7

Case 3:21-cv-00139-JMK   Document 65   Filed 09/21/23   Page 4 of 7

Mr. Anderson's arguments are misguided, and he has no evidence whatsoever to support his fanciful claims. This Court should discount his conclusory statements, which are not entitled to the presumption of truth, and determine that his claims are not plausible.

Mr. Anderson has not plead any factual content that even remotely indicates that the Municipality needs to produce any records or answer for any review "professional conduct", including any misconduct. This Court should draw on its judicial experience and common sense and find that Mr. Anderson has no plausible claim for relief. Mr. Anderson's motion should be dismissed because he cannot prove any set of facts in support of his claim which would entitle him to relief.

**2.     In the alternative, the court should order Mr. Anderson to provide a more definite statement.** *Fed.R.Civil.P.12 (e)*

The Municipality recognizes that the court may give Mr. Anderson (as a *pro se* litigatnt) another opportunity to amend his motion rather than denying it outright. If that is the route the Court takes in this case, any order should be explicit that the Mr. Anderson must provide sufficiently detailed facts underlying the ultimate claims, so that the Municipality can determine what specific legal rights Mr. Anderson believe were violated, how the Municipality's actions or inactions are allegedly connected to such rights, and the legal basis Mr. Anderson cites as an authority for seeking relief.

Federal Rule of Civil Procedure 12(e,) provides, in pertinent part:

> **(e) Motion for a More Definite Statement.**
> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but *which is so vague or ambiguous that the party cannot reasonably prepare a response.* The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and

*Opposition to Motion for Review of Professional Conduct*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 5 of 7

Case 3:21-cv-00139-JMK   Document 65   Filed 09/21/23   Page 5 of 7

the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

**Rule 8 makes it clear that plaintiff's complaint need not be lengthy or complicated; rather, it must provide:**

(2) a short and plain statement of the claim showing that the pleader is entitled to relief . . .

A more definite Order is necessary because Mr. Anderson's Complaint is vague, ambiguous, and lacking in organization. Mr. Anderson's motion is confusing and fails to provide MOA with fair notice of his actual claims. Unless a more definite statement is provided, his motion should be denied.

## CONCLUSION

For all the reasons set forth herein, Mr. Anderson's Motion for Review of Professional Conduct should be denied and dismissed in its entirety.

In the alternative, Mr. Anderson should be ordered to provide a more definite statement of the relief he is requesting with sufficiently detailed facts underlying the ultimate claims, so that the Municipality can determine what specific legal rights Mr. Anderson believes were violated, how the Municipality's actions or inactions are allegedly connected to such rights, and the legal basis Mr. Anderson cites as an authority for seeking relief.

*Opposition to Motion for Review of Professional Conduct*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 6 of 7

Case 3:21-cv-00139-JMK   Document 65   Filed 09/21/23   Page 6 of 7

Respectfully submitted this 21st day of September 2023.

ANNE R. HELZER
Municipal Attorney

By: *s/Charles Gunther*
Municipal Attorney's Office
Alaska Bar No. 9411106
Deputy Municipal Attorney

<u>Certificate of Service</u>
The undersigned hereby certifies that on 09/21/2023, a true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

s/ Marie Stafford
Marie Stafford, Legal Secretary
Municipal Attorney's Office

*Opposition to Motion for Review of Professional Conduct*
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 7 of 7

Case 3:21-cv-00139-JMK   Document 65   Filed 09/21/23   Page 7 of 7