Charles J. Gunther
Deputy Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorneys for Defendant
Municipality of Anchorage

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ROBERT ANDERSON,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>MUNICIPALITY OF ANCHORAGE,  )<br>)<br>Defendant.  )<br>) | Case No. 3:21-cv-00139 JMK |

**OPPOSITION TO MOTION TO COMPEL DISCOVERY RESPONSES AND
MOTION TO EXTEND DISCOVERY DEADLINES**

Defendant, Municipality of Anchorage, ("MOA") hereby opposes the motion filed by Plaintiff Robert Anderson to compel discovery responses. The MOA further seeks an extension of discovery deadlines.

The MOA agrees it is late in providing a second round of discovery requests from Mr. Anderson for the reasons cited herein. The MOA seeks additional time to provide those to Mr. Anderson. The MOA further seeks an extension of the discovery deadlines so that neither party is prejudiced by the delays thus far in this matter.

## I. Summary of Argument

Mr. Anderson filed a Complaint on June, 2021, challenging the constitutionality of two events: (1) a Municipal tax appraiser entering his property to examine the exterior of his residence, and (2) the Municipality levying a $50 tax penalty on him without first sending a notice.[1] The MOA filed a motion to dismiss on August 30, 2021,[2] which was granted in part and denied in part.[3] The Court dismissed Claims II through VII of Mr. Anderson's Complaint, with leave to amend Claim VII by March 15, 2022.[4] Mr. Anderson did not amend Claim VII.

Mr. Anderson's first, and only remaining claim, is that an employee from the Municipality Property Appraisal Division[5] violated his Fourth Amendment rights when, as described in his complaint, that individual came to his doorstep, knocked on the door and placed a door hanger after he did not answer, and entered the side yard and back yard to view the property for tax appraisal purposes without a warrant.[6]

The MOA argues the tax assessor's inspection, which is a civil/administrative investigation, and does not implicate any criminal conduct or sanctions, is not a "search" under the Fourth Amendment and did not violate Mr. Anderson's reasonable expectation of privacy.[7] MOA argues that the tax assessor was legally authorized to enter

---

[1] See generally Docket 1.
[2] Docket 11.
[3] Docket 16.
[4] *Id*. at 17.
[5] He refers to them as a "department of finance data collector." (Para. 155) The Anchorage Municipal code establishes a "division of property assessment within the department of finance headed by the assessor, under the direction of the chief fiscal officer." AMC 12.05.045.
[6] Complaint (Dkt. 1) at ¶¶ 155-156.
[7] Docket 12 at 5.

Opposition To Motion To Compel Discovery Responses And Motion To Extend Discovery Deadlines
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 2 of 6

Case 3:21-cv-00139-JMK   Document 66   Filed 09/21/23   Page 2 of 6

the real property at issues, pursuant to AS 29.45.130(b) to perform his required duties to assess the value of real property.

MOA filed its Answer to Complaint on May 17, 2022, responding to all of Mr. Anderson's allegations in Count 1.[8]

The MOA has not conceded any of Mr. Anderson's factual claims concerning his alleged constitutional violations through the actions of any Municipal property appraiser.

The Court entered a Scheduling and Planning Order on 11/4/2022 that, among other things, sets discovery deadlines.[9]

*No trial date has been requested at this time.*

Mr. Anderson submitted discovery requests to the MOA on 12/6/2022 and the MOA responded to the RFP on 1/27/2023.[10] The MOA filed a Motion for Protective Order on 1/27/2023.[11] This court entered an Order Granting Protective Order on 4/13/2023.[12]

Mr. Anderson mailed subsequent discovery requests to the MOA in this matter requesting a second request for production of documents and interrogatories.[13]

The MOA admits that it has not yet responded to Mr. Anderson's last requests for discovery. The delayed response is the result of a number of factors, primarily that the Municipal Attorney's office is facing significant staffing shortages in recent months. Some

---

[8] Docket 22. This is Mr. Anderson's only remaining count that was not dismissed.
[9] Docket 39 at 2.
[10] Docket 41.
[11] Id.
[12] Docket 45.
[13] Dockets No. 61-3, and 61-4.

Opposition To Motion To Compel Discovery Responses And Motion To Extend Discovery Deadlines
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 3 of 6

of these issues were raised and acknowledged in a prior affidavit of counsel filed in this case on 5/12/2023.[14]

While not offering excuses, the undersigned wishes to be candid with this Court as he explains that staffing shortages at the MOA have been a problem and resulted in the delays in processing Mr. Anderson's discovery documents. The delays in producing discovery responses have not been intentional but is regrettable.

This case has been transferred to at least 4 different attorneys (Pam Weiss, Sean Halloran, Linda Johnson and now the undersigned) in recent months. All three prior attorneys are no longer employed by the MOA so that institutional knowledge was lost, and the undersigned is trying to get caught up to speed. The change of attorneys resulted in confusion on which attorney was responsible for pending motions. These issues have been corrected.

To aggravate matters, the MOA support staff has also been understaffed and those who remain have taken extended leave in the past couple of months, leaving the staff attorneys with little support.

In addition, Mr. Anderson is not an e-filer, instead mailing his pleadings to the MOA, which is rare these days. The mailing of these pleadings to the MOA, combined with support staff on extended leave, resulted in filings not getting routed to the file and attorneys in a timely manner. The undersigned was not aware Mr. Anderson had written his office about lack of discovery until recently so there was no opportunity to discuss this

---

[14] Docket 50-1.

Opposition To Motion To Compel Discovery Responses And Motion To Extend Discovery Deadlines
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 4 of 6

Case 3:21-cv-00139-JMK   Document 66   Filed 09/21/23   Page 4 of 6

matter with him. This produced a perfect storm that led to Mr. Anderson's discovery motions being sidelined.

Notwithstanding the foregoing, the buck now stops with the undersigned, and he is committed to ensuring this matter will meet timely deadlines hereafter.

The MOA understands it has an obligation to timely respond to discovery and is committed to doing so promptly.

However, the MOA still needs additional time to confer with the relevant departments to produce answers and documents as requested. All Municipal department are extremely busy so this cannot be accomplished right away, and an additional 30 days is respectfully requested.

The undersigned called Mr. Anderson yesterday to discuss this matter and have a candid conversation about the delays. Mr. Anderson was polite and understood the MOA's situation but was not prepared to stipulate to an additional extension and preferred that counsel file this opposition.

## II. Request to Extend Discovery Deadlines.

In light of the foregoing, the MOA seeks to extend the discovery deadlines set forth in the Scheduling and Planning Order entered on 11/4/2022.[15] The MOA seeks to extend all of them out no less than 90 days.

While Mr. Anderson is certainly entitled to timely production of discovery responses, he has not demonstrated any harm in additional extensions other than the

---

[15] Docket 39 at 2.

Opposition To Motion To Compel Discovery Responses And Motion To Extend Discovery Deadlines
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 5 of 6

passage of time. Mr. Anderson has not identified any exigent circumstances or immediate harm he is facing by additional extensions, but the MOA simply cannot produce his requested records without being afforded more time.

### III. There is no trial date set and the deadline for all discovery to be completed is not imminent.

An extension of discovery deadlines will protect both parties and provide the ability of each side to property prepared their case.

## CONCLUSION

For the foregoing reasons, the Municipality seeks additional time to produce discovery responses to Mr. Anderson (no less than 30 additional days) and further seeks an extension of the existing discovery deadlines.

Respectfully submitted this 21st day of September 2023.

ANNE R. HELZER
Municipal Attorney

By: *s/Charles Gunther*
Municipal Attorney's Office
Alaska Bar No. 9411106
Deputy Municipal Attorney

Certificate of Service
The undersigned hereby certifies that on 09/21/2023 a
true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by **first class regular mail,** if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.

s/ Marie Stafford
Marie Stafford, Legal Secretary
Municipal Attorney's Office

Opposition To Motion To Compel Discovery Responses And Motion To Extend Discovery Deadlines
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 6 of 6
Case 3:21-cv-00139-JMK   Document 66   Filed 09/21/23   Page 6 of 6