Robert Anderson
4908 Roger Drive
Anchorage, Alaska 99507
Phone (907) 223-1579
aktaxappeal@gmail.com



RECEIVED
NOV 06 2023
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON, ) <br> ) <br> Plaintiff, ) <br> Pro Se ) <br> ) <br> v. ) <br> ) <br> MUNICIPALITY of ANCHORAGE, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 3:21-cv-00139-JMK |

## MOTION TO COMPEL RULE 33 SIGNATURE

I, Robert Anderson, representing myself without a lawyer, move to compel Fed. R. Civ. P. 33(b)(5) compliance for the following:

In accordance with Fed. R. Civ. P. 37(a)(1) I certify I have attempted to confer with Anchorage by letter mailed on October 26, 2023, Exhibit 2. I have not received any response to my letter or supplemental answers from Anchorage to my 1st Interrogatories request, Exhibit 1.

On October 24, 2023 I received from the Municipality of Anchorage responses to my June 22, 2023 Fed. R. Civ. P. 33 1st Interrogatories request, Exhibit 3.

Fed. R. Civ. P. 33(b)(5) is like all Federal Rules of Civil Procedure law enacted by Congress and interpreted according to rules of statutory construction. The plain language of Fed. R. Civ. P. 33(b)(5) is clear, "The person who makes the answers must sign them, and the attorney who objects must sign any objections.". An "evasive or incomplete disclosure, answer, or response" to an interrogatory constitutes a failure to answer, Fed. R. Civ. P. 37(a)(4).

The 8th Circuit appellate court addressed Fed. R. Civ. P. 33(b)(5) signing rule as a verification requirement, *US v. $284,950.00 IN US CURRENCY*, 933 F. 3d 971, 974(8th Circuit 2019), "He failed to verify his supplemental answers as required by Fed. R. Civ. P. 33(b)(5).". A Ninth Circuit district court found Fed. R. Civ. P. 33(b)(5) as a verification requirement, *Perryman v. BAL*, (Dist. Court, ED California 2015) February 11, 2015 order in case No. 2:14-cv-680-WBS-EFB P.. *Perryman* February 11, 2015 order was provided to Anchorage at Docket 72 Ex. 1 P2.

The responding party of a public corporation is identified at Fed. R. Civ. P. 33(b)(1)(B) as an officer or agent of the municipal corporation.

The Anchorage municipal attorney office acts in a judicial capacity, Mr. Gunther in particular is an officer of the court. The general rule as stated in *Tumey v. Ohio*, 273 US 510, 522 (1927) makes Mr. Gunther's role in the controversy the attorney of record for Municipality of Anchorage. Stepping into municipal shoes as an agent of the municipality is inconsistent with the attorney-client relationship.

## CORPORATE KNOWLEDGE

My claim as it stands involves Fed. R. Civ. P. 11(b)(2);

> the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

my claim and possibility Anchorage's defenses may fall under Fed. R. Civ. P. 11(b)(2). The court will decide important public policy, only one party can prevail at law.

"A corporation is an artificial being, invisible, intangible, and existing only in contemplation of law.", *Trustees of Dartmouth College v. Woodward*, 17 U.S. 518, 636 (1819). The officers or agents are servants of the corporation though their powers and duties may differ.

The mayor is elected in Anchorage, he is the municipal corporation chief executive officer. My complaint was served on the mayor of Anchorage, the only alternative is the municipal clerk, the legislative branch representative. The mayor is the official of the Municipality of Anchorage, all other natural persons within the executive branch are agents (employees). Anchorage has wide discretion on who "the person making answers" to interrogatories is, the limitation being the answers are corporate knowledge. There are no excited utterances in interrogatory answers, the Municipal Attorney's Office and their client have full opportunity to discuss my claim, the limitation on answers being found under Fed. R. Civ. P. 37(a)(4).

Fed. R. Civ. P. 33 Interrogatory answers are testimony useful for securing admissions and laying the foundation for summary judgment, *United States v. Kordel*, 397 US 1, 6-7 (1970). *Monell* liability is at the top of the mountain of public trust, no natural person is a defendant in the instant case, my case is purely about a coarse of

conduct choice made by Anchorage. State laws often protect municipal corporations from liability, *Haight v. City & Borough of Juneau*, 448 P. 3d 254, 259 (2019), Alaska recognizes discretionary function immunity for municipalities in some cases. No immunity is available to Anchorage under federal law, their responses to my complaint must be in accordance with Fed. R. Civ. P. 8(b). Following form Anchorages Fed. R. Civ. P. 33 Interrogatory answers under oath are for me of utmost importance being a pro se litigant seeking judicial decision on what I perceive as an important constitutional right.

## CONCLUSION

At this point it is not even known if a officer or agent has ever actually seen the Fed. R. Civ. P. 33 Interrogatory responses provided to me. Signing the document, by the person "who makes the answers" is the assurance the answers are under oath and consistent with corporate knowledge. Signing interrogatory answers is a fundamental requirement of fairness in discovery,

I respectfully request the court order compliance with Fed. R. Civ. P. 33(b)(5) signed verified response by officer or agent of the municipal corporation. Should Anchorage moot my request by provided a signed verified response by municipal corporation officer or agent I will notify the court promptly.

Dated NOVEMBER 2, 2023.       *Robert Anderson*
                              Robert Anderson, Pro Se

I, Robert Anderson certify that a copy of this paper filing was served, by MAIL delivery to Municipality of Anchorage Office of the Municipal Attorney at 632 West 6th Avenue (P.O. Box 196650), Anchorage, Ak. on 11/2, 2023.

Dated 11/2, 2023.       *Robert Anderson*
                        Robert Anderson, Pro Se

Anderson v Municipality of Anchorage
Motion To Compel RULE 33 SIGNATURE

Case No. 3:21-cv-00139-MJK
Page 4

Robert Anderson
4908 Roger Dr
Anchorage Ak 99507

 

Retail
99513
RDC 99

U.S. POSTAGE PAID
FCM LG ENV
ANCHORAGE, AK 99507
NOV 02, 2023
$2.07
R2305H129114-17

United States District Court
Clerk's Office
222 W. 7th Avenue, #4/Suite 229
Anchorage Ak
99513-7564