Robert Anderson
4908 Roger Drive
Anchorage, AK. 99507

October 26, 2023

Mr. Charles J. Gunther
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650

Re. Case No. 3:21-cv-00139 JMK Signing Interrogatories Meet & Confer

Dear Mr. Gunther:

On October 24, 2023 I received Municipality of Anchorage responses to interrogatories. Rule 33 (b)(1) (A) & (B) require the Municipality of Anchorage respond through an officer or agent of the municipality. Rule 33 (b)(5) requires the officer or agent of the municipality responding to my interrogatories sign them, Rule 33 (b)(5) "The person who makes the answers must sign them.".

*United States v. Kordel*, 397 US 1, 8 (1970) "service of the interrogatories obliged the corporation to "appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation.". It is Anchorage's privilege to decide who to appoint.

The Alaska Supreme Court does not appear to have decided the question of who the Municipal Attorney's Office client is. There appear to be three recognized possibilities:

I. a **group model** where an organization "shares" attorneys with some or all of the individuals that make up the organization. For example, the municipal attorney would represent the mayor, assembly, boards and any other city department.

II. a **entity model** where the lawyer has only the organization as a client, and not its individual elected officials, department heads, agents or other "constituents."

III. a **public interest model** where either the government's or public's interests are the municipal lawyer's "client.".

EX. 2 P. 1

MOA Charter ARTICLE V Section 5.04 places the municipal attorney under the executive branch with the mayor being the chief executive officer. The mayor has the authority to decide on a course of action in this case like all cases where the municipal attorney's office is representing the municipality in judicial proceedings. All indications are the mayor has elected to defend AR 1986-295 in the instant case, it is unclear to what extent the assembly is aware of this course of action. The Office of Assembly Counsel as a independent assembly advisor reinforces a entity model form of municipal attorney's office.

Alaska Rules of Professional Conduct 1.13 states simply in its initial sentence that "a lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents".

The entity model is most consistent with the MOA charter and the mayor as the duly authorized person. Regardless of which model may apply the municipal attorney does not meet the Rule 33 (b)(5) officer or agent requirements, the attorneys Rule 33 roll is to sign objections. You have made objections, to the extent those are attorney objections they are within Rule 33's signing requirement.

Answers to interrogatories represent the corporate knowledge of Anchorage as well as the municipal attorney's office. Your client is required to conduct a reasonable investigation if this is necessary in order to formulate an adequate response to my questions. The officer or agent answering is required to answer under oath, Rule 33(b)(3). Taken as a whole Rule 33 is intended to produce the best evidence available of corporate knowledge including relevant factual information the municipal attorney's office might have in their possession. The importance of Rule 33 (b)(5) can not be understated, it is mine and the courts assurance your client followed the court rules.

Rule 33 (b)(5)'s signature requirement is more specific than Rule 26(g)(1)'s and governs interrogatory signature requirements however Rule 26(g)(2) still applies, for your response to be recognized it must be signed by a Municipality of Anchorage officer or agent. The municipality now has a gaggle of officials and municipal executives, including the municipal assessor in AMC 1.35-B-3-dd-iv they identify as required to take a "support and defend the Constitution of the United States" oath. To the extent the court finds an assessor signature acceptable that will end the inquiry.

Singing interrogatories is a fundamental requirement of a Rule 33 response.

I request you comply with the court rules and provided a signed response to avoid further delay.

*Robert Anderson* EX. 2 P. 2