Charles J. Gunther
Deputy Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendant
Municipality of Anchorage

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>Defendant. | Case No. 3:21-cv-00139 JMK |

## MUNICIPALITY OF ANCHORAGE'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

The Municipality of Anchorage herein responds to the plaintiff's first interrogatory requests, as follows:

(1) State the name and employee job title of each officer or agent who prepared or assisted in the preparation of the responses to these interrogatories or who contributes any information used in preparing or answering these interrogatories and identify each interrogatory that such individual assisted in answering.

Response:  The following individuals assisted in preparing all interrogatories:

   a. Jack Gadamus, Municipal Assessor
   b. Timmothy Tonge, Appraisal Supervisor
   c. Charles J. Gunther, Deputy Municipal Attorney

EX. 3 P. 1

(2) Please identify your employee(s) who entered plaintiff's tax parcel, 4908 Roger Drive, Anchorage, AK. 99507 on July 11, 2019.

Response:   I-Shan Song

(3) Please identify any agent, employee, official, director, manager, supervisor or other person who prepared or assisted in the preparation of the appraiser response packet presented to the Board of Equalization for real property tax appeal 2020 Appeal #52, Real Property #009-196-19-000, Legal Description HOMESTEAD ACRES BLK 3 LT 36.

Response:   The following prepared or assisted in the preparation of the appraiser response packet:

   a. Lucito Munoz, Appraisal Analyst
   b. Debra Wilson, Appraisal Analyst
   c. Timmothy Tonge, Appraisal Supervisor

(4) Please identify each instance in which you have entered onto plaintiff's tax parcel, Real Property #009-196-19-000, Legal Description HOMES TEAD ACRES BLK 3 LT 36. for any reason for the period September 27, 1989 to present. For each entry identify the purpose and any actions taken as a result of the entry.

Response:   This request is overbroad to the extent it seeks information about taxpayers other than the plaintiff and the 2019 assessment of the plaintiff's property. The request is vague and ambiguous. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, the MOA responds as follows:

   a. 7/6/1998: No data available on purpose and result.
   b. 6/28/2006: No data available on purpose and result.
   c. 6/29/2009: Land Characteristics Inspection. No identifiable action taken.
   d. 6/11/2012: Quick Re-Inventory Inspection. No changes noted.
   e. 7/11/2019: Quick Re-Inventory Inspection. Changed the deck from 96 $SF^2$ to 32 $SF^2$ and added an 88 $SF^2$ patio.

(5) Identify every person who had any responsibility for instituting policies, procedures, guidelines, or practices concerning entry to preform "Quick Reinventory 5 Procedure" from August 17, 2016 to present.

Response:   This request is overbroad to the extent it seeks information about taxpayers other than the plaintiff and the 2019 assessment of the plaintiff's property. The request is vague and ambiguous. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, the MOA responds as follows:

   a. Brent Schlosstein, Bryant Robbins, John Dyson, Jerry Wedelich, John Woodke, Ben Morookian, Timmothy Tonge, and Jack Gadamus.

EX. 3 P. 2

Defendant's Response to Interrogatories
Page 2 of 8

(6) Please identify the policies, procedures, guidelines, or practices that apply to complying with Assembly Resolution 1986-295. Please include in your answer policies, procedures, guidelines, or practices, if any, identifying the responsibilities that employees performing "Quick Reinventory Procedure" fall within.

Response: This request is overbroad and is vague and ambiguous. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, the MOA responds as follows:

    a. The procedure and guideline for Quick Reinventory is outlined in addendum 4 of the Residential Manual previously provided to Plaintiff.

(7) Please identify the policies, procedures, guidelines, or practices and sources other than "Quick Reinventory Procedure" of real properties you use for acquiring information to estimate the tax appraisal value of single-family residences with only one dwelling unit, LAND USE 102 Field - Code 10 I of Municipality of Anchorage Residential Appraisal Manual.

Response: This request is overbroad and is vague and ambiguous. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, the MOA responds as follows:

    a. The procedure and guideline for different types of property inspections can be seen in the Residential Manual, section 451, 452, and 453.

(8) Please identify every person who was interviewed by any employee or former employee of the Finance Department about the incident. For each interview you list, please include a description of the substance of the interview and whether a statement was obtained. If you obtained a statement, please also provide the date(s) of the statement, the substance of the statement, the recording of the statement, the person(s) that participated in obtaining or taking the statement, and any findings made or actions taken following the statement, including any resulting disciplinary actions imposed on any person(s).

Response: Objection. Defendant objects to this request as vague and ambiguous because it relies on the undefined term "incident" or "interview." While "incident" is defined in Definition No. 4 to refer to "the circumstances and events surrounding the alleged occurrence giving rise to this action or proceeding "that continues to be vague and ambiguous as to the term "alleged occurrence" and thus gives no greater meaning to the phrase "incident."

The Municipality assumes Plaintiff is seeking information and documents concerning compliance with policies addressing entry onto private property, and document retention policies governing other policies that address entry onto private property.

Without waiving its objection, the Municipality is unaware of any "interview" for any "incident" and has no responsive information to share with Plaintiff.

EX. 3 P. 3

(9) Please identify and describe any training that you provided to employees, agents, or contractors, or any policies, procedures, guidelines, or protocols you developed regarding your "Quick Reinventory Procedure".

Response: This request is overbroad and is vague and ambiguous. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, the MOA responds as follows:

    a. Training documentation is provided in Addendum 4 of the Residential manual.

(10) Please identify and describe any disciplinary, reprimand, deficiencies in performance, deficiencies in conduct or other adverse employment actions, whether formal or informal, you have taken against persons performing "Quick Reinventory Procedure" duties for the period August 18, 2016 to present.

Response: Objection. To the extent this request may seek documents concerning personnel records of Municipal Employees, disclosure is prohibited under AMC 3.90.040B and other related code sections and state law. The MOA does not waive its objections and may not violate an employee's personal privacy rights.

This request is overbroad to the extent it seeks information about taxpayers other than the plaintiff and the 2019 assessment of the plaintiff's property.

The request is vague and ambiguous.

The request does not seek information that could lead to the discovery of admissible evidence.

(11) Please identify and describe all policies, procedures, guidelines, or practices applying to your "Quick Reinventory Procedure".

Response: This request is overbroad to the extent it seeks information about taxpayers other than the plaintiff and the 2019 assessment of the plaintiff's property. Without waiving its objections, the MOA responds as follows:

    a. Training documentation is provided in Addendum 4 of the Residential manual.

(12) For each denial that you make in your Answer of a material allegation contained in Plaintiff's Complaint, please identify all facts that you believe justify your denial; identify each person that you are aware has knowledge of those facts; identify any documents, communications, or electronically stored information that you believe support your denial, and, further, identify each person in possession of the documents, communications, or electronically stored information that you list.

Ex. 3 P. 4

Defendant's Response to Interrogatories
Page 4 of 8

Case 3:21-cv-00139-JMK   Document 74-3   Filed 11/06/23   Page 4 of 8

Response: This request is overbroad and is vague and ambiguous. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, the MOA responds as follows:

Please see Defendant's Answer, initial disclosures, prior discovery responses and the contemporaneous discovery responses being submitted herewith.

Defendants object to any further response under attorney-client privilege, attorney work product, and where the request seeks legal reasoning and theories that are not discoverable.

(13) Do you contend that your employee's conduct at the time of the incident was in compliance with any policies, procedures, guidelines, or practices of the Finance Department? If your answer is "yes," identify each of the respective policies, procedures, guidelines, or practices, and identify the facts that you believe demonstrate your employees' compliance.

Response: Objection. Defendant objects to this request as vague and ambiguous because it relies on the undefined term "incident". While "incident" is defined in Definition No. 4 to refer to "the circumstances and events surrounding the alleged occurrence giving rise to this action or proceeding "that continues to be vague and ambiguous as to the term "alleged occurrence" and thus gives no greater meaning to the phrase "incident."

The Municipality assumes Plaintiff is seeking information and documents concerning compliance with policies addressing entry onto private property, and document retention policies governing other policies that address entry onto private property.

Without waiving its objection, the Municipality offers the following:

   a. Municipal employee was in compliance based on addendum 4 of the Residential Manual

(14) Do you contend that your employee's conduct at the time of the incident was not in compliance with any policies, procedures, guidelines, or practices of the Finance Department? If your answer is "yes," identify each of the respective policies, procedures, guidelines, or practices, and identify the facts that you believe demonstrate your employees' noncompliance.

Response: Objection. Defendant objects to this request as vague and ambiguous because it relies on the undefined term "incident". While "incident" is defined in Definition No. 4 to refer to "the circumstances and events surrounding the alleged occurrence giving rise to this action or proceeding "that continues to be vague and ambiguous as to the term "alleged occurrence" and thus gives no greater meaning to the phrase "incident."

The Municipality assumes Plaintiff is seeking information and documents concerning compliance with policies addressing entry onto private property, and document retention policies governing other policies that address entry onto private property.

Without waiving its objection, the Municipality offers the following:

    a. Municipal employee was in compliance based on addendum 3 and 4 of the Residential Manual.

**(15) Do you contend that you had consent at the time of the incident to conduct a "Quick Reinventory Procedure"? If your answer is "yes," identify each of the respective policies, procedures, guidelines, or practices, and identify the facts that you believe demonstrate you acted with consent.**

**Response:** Objection. Defendant objects to this request as vague and ambiguous because it relies on the undefined term "incident" and "consent". While "incident" is defined in Definition No. 4 to refer to "the circumstances and events surrounding the alleged occurrence giving rise to this action or proceeding "that continues to be vague and ambiguous as to the term "alleged occurrence" and thus gives no greater meaning to the phrase "incident."

The Municipality assumes Plaintiff is seeking information and documents concerning compliance with policies addressing entry onto private property, and document retention policies governing other policies that address entry onto private property.

"Consent" is not defined in Plaintiff's discovery requests.

Without waiving its objection, the Municipality responds as follows:

    a. It is policy for an appraiser to attempt contact with a property owner prior to inspection and it believed that such an attempt occurred here. Property inspection guidelines can be reviewed in Addendum 3 of the Residential Manual.

**(16) Please identify and describe all policies, procedures, guidelines, or practices applying to the "To Whom It May Concern" Appraiser Introduction Letter, (document MOA 000007 of first request for production).**

**Response:** This request is overbroad and is vague and ambiguous. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, the MOA responds as follows:

No responsive policy can be identified.

**(17) Please identify and describe all policies, procedures, guidelines, or practices applying to review of appraisal valuation for clerical errors, incorrect physical characteristics, or other material errors affecting appraisal valuation, (a full and true value determination being a opinion, not an error), where a "Quick Reinventory Procedure" does not occur but a data characteristic adjustment is made.**

Defendant's Response to Interrogatories
Page 6 of 8

EX. 3 P. 6

Case 3:21-cv-00139-JMK   Document 74-3   Filed 11/06/23   Page 6 of 8

Response: This request is overbroad and is vague and ambiguous. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, the MOA responds as follows:

   a. The procedure and guideline for corrections can be seen in the Residential Manual, section 451, 452, and 453. Moreover, AMC 12.05.060 speaks to the process of correction of errors.

**(18) Identify and describe each of the purposes or interest that you contend is advanced by your "Quick Reinventory Procedure".**

Response: This request is overbroad and is vague and ambiguous. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, the MOA responds as follows:

   a. The purpose and interest of inspections is to verify that the data carried on file is current and an accurate reflection of property.

**(19) Describe every complaint of or expression of concern made to you about the duties appraisers are required to perform under your "Quick Reinventory Procedure", whether formal or informal, verbal or written, internal or external from August 18, 2016 to present.**

Response: This request is overbroad and is vague and ambiguous. The request does not seek information that could lead to the discovery of admissible evidence.

Without waiving its objections, the MOA responds as follows:

No responsive documents have been located.

**(20) State as a numerical quantity for each year the number of "Quick Reinventory Procedure" Field 452 CODE 9 inspections that occurred on single family residences with only one dwelling unit (LAND USE 1 02 Field - Code 101 of Municipality of Anchorage Residential Appraisal Manual) tax parcels from January 1, 2017 to December 31, 2022.**

Response: This request is overbroad and is vague and ambiguous. The request does not seek information that could lead to the discovery of admissible evidence. Without waiving its objections, the MOA responds as follows:

| Year | Count of 452 Inspections |
|------|--------------------------|
| 2017 | 7060 |
| 2018 | 4946 |
| 2019 | 2733 |
| 2020 | 6338 |
| 2021 | 5136 |
| 2022 | 2918 |

EX. 3 P. 7

Defendant's Response to Interrogatories
Page 7 of 8

Case 3:21-cv-00139-JMK   Document 74-3   Filed 11/06/23   Page 7 of 8

Respectfully submitted this 23rd day of October, 2023.

ANNE R. HELZER
Municipal Attorney

By: s/Charles Gunther
Municipal Attorney's Office
Alaska Bar No. 9411106
Deputy Municipal Attorney

Certificate of Service
The undersigned hereby certifies that on 10/23/2023, a true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by **first class regular mail,** if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

s/ Marie Stafford
Marie Stafford, Legal Secretary
Municipal Attorney's Office

Defendant's Response to Interrogatories
Page 8 of 8

EX. 3 P. 8

Case 3:21-cv-00139-JMK   Document 74-3   Filed 11/06/23   Page 8 of 8