Robert Anderson
4908 Roger Drive
Anchorage, Alaska 99507
Phone (907) 223-1579

aktaxappeal@gmail.com



RECEIVED

DEC 13 2023

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ROBERT ANDERSON, )
)
    Plaintiff, )
    Pro Se )
)
v. )
)
MUNICIPALITY of ANCHORAGE, )   Case No. 3:21-cv-00139-JMK
)
    Defendant. )
_____)

## DOCKET 70 STATUS REPORT UPDATE

I, Robert Anderson, representing myself without a lawyer, move to inform the court of the current status under Docket 70.

The court granted two time extensions to Anchorage on my Docket 61 Motion to Compel Discover Responses. The court ordered the parties file status reports no later than October 23, 2023 including the status of the interrogatories I hand delivered to Anchorage on June 22, 2023. The June 22, 2023 interrogatories which have been the subject matter of numerous dockets have yet to produce a court order. Anchorage has shown no

willingness to respond without an effect court order requiring a Rule 33 responsive reply. Anchorage is held accountable when they violate a court order which is essentially a statutory interpretation of federal law.

I informed the court at Docket 72 the true status of Anchorage's responses could not be ascertained by me until I received Anchorage's responses which occurred after the October 23, 2023 deadline.

At Docket 74 I moved the court to compel a Rule 33 response compliant with Rule 33(b)(5) signature requirements. Anchorage filed no opposition to the motion and filed no response pro-porting they would meet their Rule 33(b)(5) signature obligation. My motion included prompt notice to the court should Anchorage serve me with a Rule 33 compliant response, I have not received a Rule 33 compliant response and have not filed any notice with the court.

Failure to sign makes Anchorage's answers non-responsive, Rule 1 does not contemplate me "meeting and conferring" on non-responsive answers to Rule 33 interrogatories, that would amount to Anchorage limiting the scope of my inquires to their non-responsive answers. I have been unable to go beyond my Docket 74 motion as I will not wave my rights to a Rule 33 responsive answer.

No doubt the court would treat non-responsive answers as authentic under Federal Rules of Evidence 901 in a summary judgment motion much like Rule 34 documents and Rule 36 admissions. Rule 33 goes far beyond Rule 34 written words or Rule 36 descriptions of what I say Anchorage has done. The importance of written sworn answers to interrogatories has long been recognized in equity;

Anderson v Municipality of Anchorage　　　　　　　　　　　　　　Case No. 3:21-cv-00139-MJK
Docket 70 Status Report Update　　　　　　　　　　　　　　　　　　　　Page 2
Case 3:21-cv-00139-JMK   Document 75   Filed 12/13/23   Page 2 of 5

> CHAPTER VI . BILLS FOR DISCOVERY . 167. AT common law , the admissions of a party to a suit were good evidence for the adverse party , but there were no means of compelling him to give admissions . Equity , however , held that there was at least as much reason for compelling a party to disclose what he knew material to a controversy , as for compelling a witness to do the same thing ; and although a party was disabled , by interest , from testifying in his own behalf , this was no reason why he should not admit the truth in favor of his adversary . And when a party had made admissions , the common law did not inquire whether they had been made voluntarily or through the compulsory process of the court of chancery ; and hence they were equally good evidence in either case . Accordingly , the court of chancery has always entertained bills filed for the sole purpose of obtaining discovery to be used in a court of law ; and such discovery is given in an answer , just as it is upon a bill for relief .

Langdell (Dane Professor Of Law In Harvard University), A Summary of Equity Pleadings § 167 (2 ed. 1883).

The instant case involves a matter of first impression, my privacy rights under the Fourth Amendment as applied to a states sovereign power of ad valorem property taxation. My claim is under *Monell* liability, an intentional act by a municipal corporation to allegedly violate my constitutional rights. Anchorage's answer pleading includes a separate matter of first impression, a new special needs tax assessor exception under the Fourth Amendment. The importance of my claim and Anchorage's defense is unprecedented, if Anchorage is lawfully on my property they can pretty much do whatever they want short of forcible entry to the interior of my dwelling.

Rule 33(b)(5) permits wide discretion as to who can sign answers, internal conflict as to who is willing to sign is not relevant under Rule 33(b)(5). Presumably the duty

would fall on the mayor, the only elected official of the executive branch in the event no one else was willing to sign Rule 33 answers.

The court amended its scheduling order extending fact discovery until January 29, 2024, Docket 67 P 2. Currently I have knowledge only of what Anchorage's unsworn answers state. My window of opportunity to utilize my June 22, 2023 interrogatories to further additional discovery is closing quickly.

I can only emphasize the amount of time that has already passed, I hand delivered to Anchorage on June 22, 2023 the interrogatories to which I seek a responsive answer.

I, Robert Anderson, based on the current status of my June 22, 2023 interrogatories, respectfully request the court issue a order as contemplated under my Docket 74 motion to Anchorage to comply with Rule 33(b)(5) in response to my June 22, 2023 interrogatories.

Dated December 11, 2023.   *Robert Anderson*
                           Robert Anderson, Pro Se

I, Robert Anderson certify that a copy of this paper filling was served, by MAIL delivery to Municipality of Anchorage Office of the Municipal Attorney at 632 West 6th Avenue (P.O. Box 196650), Anchorage, Ak. on 12/11, 2023.

Dated 12/11, 2023.   *Robert Anderson*
                     Robert Anderson, Pro Se

Mr. Robert P. Anderson
4908 Roger Dr
Anchorage, AK 99507

ALASKAN FRONTIER
995-997
11 DEC 2023 PM 1 L



United States District Court
Clerk's Office
222 W. 7th Avenue, #4/Suite 229
Anchorage, Alaska
99513-7564

99513-758699