Jason A. Thomas
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendant
Municipality of Anchorage

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ROBERT ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MUNICIPALITY OF ANCHORAGE, )<br>)<br>Defendant. )<br>) | Case No. 3:21-cv-00139 JMK |

**DEFENDANT'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION**

**INTRODUCTION**

The Plaintiff is not entitled to summary judgement in this case as the Plaintiff is not entitled to judgment in his favor as a matter of law. Instead, the lack of a violation of a fourth amendment right, res judicata, and the required abstention of federal court from hearing cases involving local and state tax collection bar judgment in favor of the Plaintiff. These bars and defenses instead entitle the Defendant to judgment as a matter of

law and/or dismissal for lack of subject matter jurisdiction. The Defendant's theories underlying its opposition to the Plaintiff's motion for summary judgment also constitute the legal theory of a cross-motion for summary judgment and a motion for lack of subject matter jurisdiction. Such motions incorporating these legal arguments by reference are contemporaneously filed as allowed by Local Rules 5.1(f) and 7.1(e).

## MOTIONS AND CROSS-MOTIONS FOR SUMMARY JUDGMENT IN GENERAL

Summary judgment is granted under Fed. R. Civ. P. Rule 56, "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In addition to the bars of res judicata and the Tax Injunction Act as described below, the issue of summary judgment in this case rests on the Plaintiff's failure to produce facts that prove an essential element as described in *Celotex Corp.* v. Catrett, 477 U.S. 317, 322–23 (1986):

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

As described below, the Plaintiff fails to make a sufficient showing of the existence of a policy statement, ordinance regulation, or decision officially adopted and promulgated by the municipality that implements constitutional violations.

Opposition to Motion for Summary Judgment and Cross Motion
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 2 of 13
Case 3:21-cv-00139-JMK   Document 81   Filed 02/21/24   Page 2 of 13

# MONELL LIABILITY

A municipality cannot be held vicariously liable under 42 U.S.C. §1983 for the alleged unconstitutional acts of employees. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 694 (1978). (there is no respondeat superior or vicarious liability under §1983). Likewise, liability cannot be premised solely on the fact that a municipality may employ a tortfeasor. *Id*. at 691. A municipality can only be liable under §1983 when an "action that is alleged to be unconstitutional implements or executes a policy statement, ordinance regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690-691. A plaintiff must prove that a municipal policy or custom was the "moving force [behind] the constitutional violation." *Mabe v. San Bernardino County, Dept. of Pub. Soc. Serv.,* 237 F.3d 1101, 1111 (9th Cir. 2001). In order to establish that a custom or policy of government violates constitutional rights under § 1983, a plaintiff must show that the custom or policy is longstanding and widespread. An incident involving one individual is insufficient proof of such custom or usage. *See Oklahoma City v. Tuttle*, 471 U.S. 808, 821-22 (1984). Plaintiffs must provide evidence beyond mere allegations to show that the Municipality of Anchorage had an official policy or custom of conducting allegedly illegal searches during tax assessments, *see Monell,* 436 U.S. at 694.

Plaintiff must prove that he has established a violation of a constitutional right. *Huskey v. City of San Jose*, 204 F.3d 893, 904 (9th Cir. 2000) (Deprivation of right, privilege or immunity secured by the Constitution and laws of the U.S. is a prerequisite for municipal §1983 liability.) citing *Wilson v. Layne*, 526 U.S. 603, 119 S.Ct. 1692,

Opposition to Motion for Summary Judgment and Cross Motion
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 3 of 13
Case 3:21-cv-00139-JMK   Document 81   Filed 02/21/24   Page 3 of 13

1696-97 (1999) (The first step in evaluating a §1983 claim is to determine whether the plaintiff has alleged a deprivation of an actual constitutional right at all.); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

The Municipality's potential §1983 liability is derivative of, but narrower than its tax assessors liability. *Kopf v. Wing*, 942 P.2d 265, 266, 268 (4th Cir. 1991) (citing *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987)). A finding that individual Municipal employees inflicted no constitutional injury on a plaintiff in a §1983 action is conclusive as to the Municipality. *Heller*, 475 U.S. at 799.

> If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.

*Id.* (emphasis in original). Absent any constitutional violations by the individual defendant, there can be no *Monell* liability. *Palmerin v. City of Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1986). *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996) ("[A] public entity is not liable for § 1983 damages under a policy that can cause constitutional deprivations, when the factfinder concludes that an individual officer, acting pursuant to the policy, inflicted no constitutional harm to the plaintiff.")

The policies the Plaintiff has submitted do not establish *Monell* liability. AR No. 86-295's [Doc. 76-7 pg 105] scope is no larger than authorizing and requiring a mandatory duty of state law to reassess the value of real property no less frequent than every six years.

Opposition to Motion for Summary Judgment and Cross Motion
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 4 of 13
Case 3:21-cv-00139-JMK   Document 81   Filed 02/21/24   Page 4 of 13

In relation to in person inspection of properties, the position description and duties of the tax assessor employee(s) establish nothing more than a duty to:

1. Perform physical inspections and/or audits of properties for inventory, valuation, and appeals reviews. [Doc. 76-4 pg 4] [Doc 76-5 pg. 4]

2. Appraisers may work outdoors in inclement weather and around construction sites. [Doc. 76-4 at pg 7].

The specific policy involving in-person inspection of properties addresses situations when an assessor is told to leave, when no adult is present, and when nobody is present.

This case involves a situation when the Plaintiff was not home. The policy addresses this situation, "If no one is home or answers the door[,] leave a door hanger with your concerns, questions, and attach your business card." [Doc. 76-7 pg 105]. The Plaintiff further alleges that he told the Defendant not to visit his home in person in 1989, and the policy would address such a situation if the occupant was present, "If the occupant requires that you leave without an inspection, do so immediately." No part of the policy requires the assessor to inspect interiors of buildings after being told to leave, climb fences or intrude into parts of a property that is otherwise closed off as Plaintiff alleges.

## LACK OF A FOURTH AMENDMENT VIOLATION

The Plaintiff alleged notification to not return to his property is not enough to establish a fourth amendment violation. This notification was decades old, and *in arguendo* that a search happened, a reasonable mistake of fact may give rise to a lawful search. *See, e.g., Illinois v. Rodriguez*, 497 U.S. 177, 185–86 (1990) ("[W]hat is generally

Opposition to Motion for Summary Judgment and Cross Motion
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 5 of 13

Case 3:21-cv-00139-JMK   Document 81   Filed 02/21/24   Page 5 of 13

demanded of the many factual determinations that must regularly be made by agents of the government . . . is not that they always be correct, but that they always be reasonable."); *Hill v. California*, 401 U.S. 797, 804–05 (1971); *Brinegar v. United States*, 338 U.S. 160, 176 (1949). An assessor's mistake of fact, not knowing of the decades old communication from the Plaintiff requesting an assessor not come on his property, is a reasonable mistake of fact and does not implicate an illegal search.

Furthermore, the Plaintiff has not alleged facts sufficient to establish that an exterior examination of his property rises to an unconstitutional search of the curtilage of his home. To evaluate the constitutionality of an examination of the exterior of a home, the *Dunn* factors are instructive. In *United States v. Dunn*, 480 U.S. 294, 301 (1987), the United States Supreme Court gave factors to consider if areas on property constitutes curtilage of the property:

> [C]urtilage questions should be resolved with particular reference to four factors: the proximity of the area claimed to be curtilage to the home, whether the area is included within an enclosure surrounding the home, the nature of the uses to which the area is put, and the steps taken by the resident to protect the area from observation by people passing by. We do not suggest that combining these factors produces a finely tuned formula that, when mechanically applied, yields a "correct" answer to all extent-of-curtilage questions. Rather, these factors are useful analytical tools only to the degree that, in any given case, they bear upon the centrally relevant consideration — whether the area in question is so intimately tied to the home itself that it should be placed under the home's "umbrella" of Fourth Amendment protection.

The Plaintiff has not alleged facts that would increase the area around the house to establish large areas of cartilage that would be protected by the Fourth Amendment. The

Opposition to Motion for Summary Judgment and Cross Motion
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 6 of 13

Case 3:21-cv-00139-JMK   Document 81   Filed 02/21/24   Page 6 of 13

Plaintiff has not alleged that there are fences, enclosures, or other structures erected to shield the house or yard from view of the public.

Considering the possible mistake of fact and the lack of alleging any efforts to shield the areas around the house in which the assessor may have been as part of his duties to inspect the Plaintiff's property, the Plaintiff has not alleged undisputed facts that would lead to a Fourth Amendment violation. Without a fourth amendment violation, there can be no *Monell* liability, and thus the Plaintiff's motion for summary judgment must fail and the court should enter judgment in favor of the Defendant.

## **RES JUDICATA BARS THIS ACTION**

The Plaintiff's claims for summary judgment must fail and judgment must be entered for the Defendant because this action is barred by the doctrine of res judicata. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980) Preclusion can also be a defense to successive litigation in federal court after a state court judgment:

> The federal courts generally have also consistently accorded preclusive effect to issues decided by state courts. Res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system.

*Id* at 95–96 (1980) (internal citations omitted).

The cause of action litigated here, a possible civil rights violation by the assessor's presence on the Plaintiff's land has already been litigated in state court with a judgment against the Plaintiff. In *Anderson v. State of Alaska,* Case No. 3AN-00-11687 (Order

Opposition to Motion for Summary Judgment and Cross Motion
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 7 of 13
Case 3:21-cv-00139-JMK    Document 81    Filed 02/21/24    Page 7 of 13

entered April 13, 2001), the Plaintiff brought a civil rights action alleging that the assessor's actions examining his house was a violation of his civil rights. The relevant parts, including the final judgment, is attached hereto as Ex. A, and incorporated herewith.

In both this action and *Anderson v. State of Alaska*, the Plaintiff alleges that the in-person inspection of a property is a violation of his federal constitutional rights against unlawful search and seizure. The superior court judge rejected his argument. Plaintiff did not appeal that decision.

It is clear from the judgment in the attached state court case that this issue has been fully litigated in state court with judgment entered against the Plaintiff. The correct avenue of review would have been an appeal to the Alaska Supreme Court, and a possible review by the United States Supreme Court. Instead, the Defendant did not appeal and filed a subsequent case relitigating the same issues on the trial level. This subsequent identical suit in federal court has been fully litigated to a final judgment and therefore is barred by res judicata.

## TAX INJUNCTION ACT

The Defendant is barred from relief in this case due to the subject matter jurisdiction restriction on hearing cases involving the state or local collection and assessment of taxes when a plain, speedy, and efficient remedy exists in state court pursuant to the Tax Injunction Act, 28 U.S. Code § 1341, hereafter "TIA". The bar also entitles the Defendant judgment as a matter of law and/or requires the court to dismiss this case for a lack of subject matter jurisdiction.

Opposition to Motion for Summary Judgment and Cross Motion
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 8 of 13
Case 3:21-cv-00139-JMK    Document 81    Filed 02/21/24    Page 8 of 13

The Tax Injunction Act, 28 U.S.C. § 1341 limits federal district courts in hearing cases challenging the assessment and collection of state or local taxes:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

Many circuit and district courts have ruled that the TIA applies to local governments' taxes in addition to state taxes. *See e.g., Bd. of Educ. of Valley View Cmty. Unit Sch. Dist. No. 365U v. Bosworth,* 713 F.2d 1316 (7th Cir. 1983), *Dunn v. Carey,* 110 F.R.D. 439 (S.D. Ind.), aff'd, 808 F.2d 555 (7th Cir. 1986), *Kimmey v. H. A. Berkheimer, Inc.,* 376 F. Supp. 49 (E.D. Pa. 1974), *aff'd,* 511 F.2d 1394 (3d Cir. 1975), *and aff'd sub nom. Watson v. Hulme*, 511 F.2d 1397 (3d Cir. 1975), *Lamar Co., LLC v. Unified Gov't of Wyandotte Cnty./Kansas City, KS.*, 306 F. Supp. 2d 1139 (D. Kan. 2004), *Hickmann v. Wujick,* 488 F.2d 875 (2d Cir. 1973), *Kerns v. Dukes,* 153 F.3d 96 (3d Cir. 1998). It further applies to declaratory judgments, such as prayed for in this case:

> "We subsequently relied upon the Act's spirit to extend the prohibition from injunctions to declaratory judgments regarding the constitutionality of state taxes." *See Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943). Later, we held that the Tax Injunction Act itself precluded district courts from awarding such declaratory judgments. *See California v. Grace Brethren Church*, 457 U.S. 393, 407–411, 102 S.Ct. 2498, 2507–2509, 73 L.Ed.2d 93 (1982)

*Nat'l Priv. Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 586–87 (1995).

As stated above, this case involves possible *Monell* liability for the policies involved in the assessment of property taxes. The policies the Plaintiff refers to in his pleadings are not severable from the tax assessment process. AR No. 86-295 [Doc 76-7 pg 105] is an Anchorage Assembly resolution executing the requirement that all real property be

Opposition to Motion for Summary Judgment and Cross Motion
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 9 of 13

Case 3:21-cv-00139-JMK   Document 81   Filed 02/21/24   Page 9 of 13

reevaluated periodically no less than 6 years. The position descriptions the Plaintiff references are the position descriptions of tax assessors, which includes essential duties involved in the tax assessment process. Furthermore, P. Ex. 6 is the procedure by which assessors evaluate and assess a house's value through in person inspections. As *Monell* liability for the municipality is based on policy and procedure, not action by an employee, the court's examination of the tax assessment process is limited to the policies and procedures. All the relevant policies and procedures are squarely within the subject matter of tax collection and assessment, subject matter this court is prohibited from reviewing if a plain, speedy, and efficient remedy exists in state court.

The Plaintiff frames his argument to address constitutional issues for which the court may normally address under the civil rights jurisdiction of 42 U.S.C. § 1983 but this is not enough to escape the subject matter jurisdiction limitations of the TIA. The Ninth and other courts have stated that the civil rights jurisdiction must yield to the Tax Injunction Act, except when a plain, speedy, and efficient remedy does not exist in state court. "The Supreme Court has not explicitly considered whether § 1983 might create an exception to the State Tax Injunction Act. In accordance with the existing law of this circuit, we hold that § 1983 is not an exception to the State Tax Injunction Act." *Hawaiian Tel. Co. v. State Dep't of Lab. & Indus. Rels.,* 691 F.2d 905, 910 (9th Cir. 1982).

This court may hear a tax collection or assessment case only when a plain, speedy, and efficient remedy does not exist in state court. Not only do plain, speedy and efficient

Opposition to Motion for Summary Judgment and Cross Motion
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 10 of 13

Case 3:21-cv-00139-JMK   Document 81   Filed 02/21/24   Page 10 of 13

remedies exist in state courts, the Defendant has already taken advantage of a state court civil rights challenge and lost.

The Alaska Superior Court may sit as an intermediate appellate court to review administrative agency and local municipality tax decisions. Alaska R. App. P. Rule 602, A.S. 29.45.210(d).

The most important relevant issue for this court to focus on in evaluating the administrative appeal process is that the Alaska Superior Court may hear constitutional issues involved in the administrative appeals it reviews. The Alaska Supreme Court has explicitly stated that constitutional issues are appropriate for review in administrative appeals and takes a wide view upon the appellate jurisdiction of the courts in reviewing constitutional issues involved in administrative decisions:

> In *Owen*, we explicitly declined to hold that judicial review of DOC administrative decisions is limited to disciplinary action. Instead we stated that any alleged violation of fundamental constitutional rights must be afforded judicial review. Thus, it is clear that the superior court has jurisdiction to hear an administrative appeal of a DOC action involving constitutional issues.

*Brandon v. State, Dep't of Corr.,* 938 P.2d 1029, 1031 (Alaska 1997) (internal citations and quotation marks omitted). Following *Brandon,* the Plaintiff could have raised constitutional issues in the tax assessment appeals process up to the Alaska Supreme Court if needed. A petition of certiorari could be prayed for from the United States Supreme Court after state appeals are exhausted. However, the Plaintiff did not take these actions.

Opposition to Motion for Summary Judgment and Cross Motion
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 11 of 13

Case 3:21-cv-00139-JMK   Document 81   Filed 02/21/24   Page 11 of 13

Additionally, and most importantly, the Plaintiff can, and did in his state case, bring a constitutional civil rights challenge to a tax assessor's action in an original superior court action. The fact that a litigant has previously availed him or herself of state courts in addressing tax issues is enough for federal district courts to decline to exercise jurisdiction in under the TIA. In addition to the res judicata bar of the previous litigation, availing oneself of state court's jurisdiction as the plaintiff has done to challenge tax issues is enough by itself for federal district courts to decline jurisdiction of such cases.

## CONCLUSION

The Plaintiff's arguments for summary judgment relief fail for at least three reasons: the lack of *Monell* liability, res judicata, and the lack of subject matter jurisdiction due to the Tax Injunction Act.

The Defendant's policies of assessment of real property do not violate the Fourth Amendment rights of the Plaintiff, and the Defendant is not liable under respondeat superior for civil rights actions. This policy is also directly tied to the tax assessment process and this honorable court lacks the subject matter jurisdiction to hear such a challenge under the Tax Injunction Act. Lastly, this case has already been litigated in Alaska state court, and this subsequent action is therefore barred by res judicata.

WHEREFORE, Defendant prays the court to

1. Deny the Plaintiff's motion for summary judgment,
2. Grant the Defendant's cross-motion for summary judgment,
3. Dismiss the case for lack of subject matter jurisdiction, and/or
4. Any other appropriate relief.

Opposition to Motion for Summary Judgment and Cross Motion
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 12 of 13

Case 3:21-cv-00139-JMK   Document 81   Filed 02/21/24   Page 12 of 13

Respectfully submitted this 21st day of February 2024.

    ANNE R. HELZER
    Municipal Attorney

By: *s/Jason A. Thomas*
    Municipal Attorney's Office
    Assistant Municipal Attorney
    P.O. Box 196650
    Anchorage, Alaska 99519-6650
    Phone: (907) 343-4545
    Fax: (907) 343-4550
    E-mail: uslit@muni.org
    Alaska Bar No. 9411106

<u>Certificate of Service</u>
The undersigned hereby certifies that on 2/21/24, a true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

*s/ Marie Stafford*
Marie Stafford, Legal Secretary
Municipal Attorney's Office

Opposition to Motion for Summary Judgment and Cross Motion
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 13 of 13

Case 3:21-cv-00139-JMK   Document 81   Filed 02/21/24   Page 13 of 13