Robert Anderson
4908 Roger Drive
Anchorage, Alaska 99507
Phone (907) 223-1579

aktaxappeal@gmail.com

RECEIVED

FEB 29 2024
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| ROBERT ANDERSON,<br><br>Plaintiff,<br>Pro Se<br><br>v.<br><br>MUNICIPALITY of ANCHORAGE,<br><br>Defendant. | Opposition to Defendant's Tax Injunction Act Motion for Summary Judgment<br><br>Case No. 3:21-cv-00139-JMK |

## OPPOSITION TO DEFENDANT'S TAX INJUNCTION ACT MOTION FOR SUMMARY JUDGMENT

I, Robert Anderson, representing myself without a lawyer, oppose Anchorage's Tax Injunction Act Motion for Summary Judgment.

Anchorage's theory of subject matter jurisdiction amounts to calling my Fourth Amendment unreasonable search claim a property rights claim and not a civil rights claim. It would appear the Fourth Amendment is the most litigated of all civil rights. *Roe v. Wade*, 410 US 113, 152-153 (1973) describes the many ways the court has found the personal privacy

rights enforceable under the constitution. The *Roe* court, at 152, makes clear privacy in it's many forms is a personal right.

## 28 U.S.C. § 1341

## I. HISTORICAL PROSPECTIVE and PROCEDURAL CASES

Prior to enactment of 28 U.S.C. §1341 federal courts limited jurisdiction in courts of equity, *Matthews v. Rodgers*, 284 US 521, 525-526 (1932), interference with the ability of states to collect taxes was a paramount concern. Congress had enacted jurisdictional controversy amounts for suits brought in a district court of the United States but jurisdiction in courts of law meeting the controversy amount could be had. It has never been question when a state collector exceeds their authority in a collection demand a remedy must exist, *Matthews* at 528 "Collection of the money by the collector in the name of the state, if wrongful, would not protect him. *Atchison, Topeka & Santa Fe Ry. v. O'Connor*, supra.". Overpayment of taxes is a factual question of law, a wrongful demand by the collector for more monies than the law allows. Jurisdictional controversy amounts no longer exist in 14th Amendment actions, but before enactment of 28 U.S.C. §1341 every overpayment dispute meeting the jurisdictional controversy amount could be heard and decided in federal court, currently "28 U. S. C. § 1343, the predicate for the jurisdiction of the United States District Court, contains no minimum dollar limitation", *Parratt v. Taylor*, 451 US 527, 529 (1981).

*Fair Assessment in Real Estate Assn., Inc. v. McNary*, 454 US 100, 116 (1981) held there is no back door to federal jurisdiction explaining at *Fair Assessment* 116 fn 8 "We discern no significant difference, for purposes of the principles recognized in this case,

between remedies which are "plain, adequate, and complete," as that phrase has been used in articulating the doctrine of equitable restraint, and those which are "plain, speedy and efficient," within the meaning of § 1341.".

There is no taxpayer obligation to inform or argue with the tax collector about procedural due process, it is a tax jurisdictions responsibility to recognize constitutional limitations in activities they elect to pursue. I do not dispute Anchorage's admission 28 U.S.C. §1341 applies to local governments including Anchorage.

## II. STATUTORY INTERPRETATION

While 28 U.S.C. §1341 is often referred to as the Tax Injunction Act reading the statute consistent with federal rules of statutory construction, *United States v. Lopez*, 998 F. 3d 431, 435, (9th Ckt. 2021), and in the context of state real property ad valorem taxation it is an absolute bar against federal courts issuing injunction *pendente lite,* railroads often sought such injunctions in the early 1900's, see examples *Gunter v. Atlantic Coast Line R. Co.*, 200 US 273, 278 (1906) and *Prentis v. Atlantic Coast Line Co.*, 211 US 210, 236 (1908). As positive law Aug. 21, 1937, ch. 726, §1, 50 Stat. 738:

> Be it enacted by the Senate and House of Represenatives of the United States of America in Congress assembled, That the first paragraph of section 24 of the Judicial Code, as amended, is amended by adding at the end thereof the following: "Notwithstanding the foregoing provisions of this paragraph, no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State."
> SEC. 2. The provisions of this Act shall not affect suits commenced in the district courts, either originally or by removal, prior to its passage; and all such suits shall be

> continued, proceedings therein had, appeals therein taken, and judgments therein rendered, in the same manner and with the same effect as if this Act had not been passed.
> Approved, August 21, 1937.

States have many and varied tax schemes, the jurisdictional bar applies to every form of taxation any tax jurisdiction may elect to undertake.

Ad valorem taxation is unique among the many forms of taxation, it requires a "date certain value" of the property being taxed. Income taxes require a self assessment, a taxpayer determines based on taxable income rules their income and how much tax is due. Personal ad valorem property taxation typically requires self assessment of "date certain value" and most often applies to businesses. Self assessment and filling tax returns based on self assessments requires tax laws with enough clarity for every entity subject to taxation to understand and comply with those tax laws. Sales and use taxes are a instant levy on monies spent within a tax jurisdiction, they are sill subject to 28 U.S.C. §1341 and constitutional due process. Alaska collects a motor vehicle registration tax (MVRT) in specific areas of the state[1]. Anchorage collects a 2% underground electrical tax from Chugach Electric customers[2], those forms of taxation are subject to 28 U.S.C. §1341 and constitutional due process. A strict limitation on all tax collections is the the monies collected must be spent for public purposes.

Unless defined in the statute, a statutory term receives its "ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 62 L.Ed.2d

1 Refunding amounts collected to the local communities less a administrative collection fee.

2 Sometimes taxes are miss-characterized as fees.

Anderson v Municipality of Anchorage Case No. 3:21-cv-00139-MJK
Plaintiff's Opposition to Tax Injunction Act Summary Judgment Motion Page 4

199 (1979). Anchorage recently sent green card "real property assessment notices" to every tax parcel owner in Anchorage's tax jurisdiction, the question is are the appraisals preformed for those notice assessments within the meaning of 28 U.S.C. §1341. Anchorage argues my pleadings speak directly to assessments, my claim is Anchorage violated my constitutional rights when entry was made to collect data for appraisal or valuation purposes.

In real property ad valorem taxation the Anchorage tax assessor apprises tax parcels giving land and improvements separate values. A helpful indication these are appraisals and not assessments is the Alaska Constitution Article IX – Finance and Taxation:

> § 3. Assessment Standards – Standards for appraisal of all property assessed by the State or its political subdivisions shall be prescribed by law.

Under Article XII – General Provisions § 10. Interpretation– Titles and subtitles shall not be used in construing this constitution. "§ 3. Assessment Standards" is disregarded, as the wise legal council in *Fairbanks North Star V. Golden Heart Util.*, 13 P. 3d 263, 267 (2000) accurately stated[3] "the word "assessment" was struck from a prior draft of article 9, section 3 of the Alaska Constitution and replaced with "appraisal."". Anchorage's Department of Finance preforms appraisals, the Anchorage assembly takes the assessors tax parcel values and creates a assessment roll, concurrently the assessment roll and municipal budget are utilized to determine levy (mill) rates to apply to the tax parcels. Anchorage has numerous "service areas" within their tax jurisdiction where government

---

3 See Docket 76 Ex, 19 p 187.

Anderson v Municipality of Anchorage
Case No. 3:21-cv-00139-MJK
Plaintiff's Opposition to Tax Injunction Act Summary Judgment Motion
Page 5

provided services vary by location, a uniform mill rate applies to all tax parcels within a common service area. The enactment of the ad valorem tax law is the "bases in law" for the Department of Finance to send tax bills and begin the collection process.

To be clear I am not arguing the Alaska Constitution governs interpretation of 28 U.S.C. §1341 but using it as an example that when thought is applied to "words matter" there is a distinction. Anchorage has not labeled their valuation group the Property Assessment Division, it is the Property Appraisal Division.

The distinction can also be found at Docket 38 page 3 section C 1, the "assess or appraise" terminology was negotiated during the parties Rule 26 conference, Anchorage preferred to use the term assess, I desired the term appraise as it is the proper term under the Alaska Constitution, the compromise was to include both.

Congress in enacting 50 Stat. 738 does not use the term appraisal, the federal government has no authority to direct states on real property appraisal policies, presumably Congress was aware of the distinction between appraisal and assessment as it is not a difficult or highly technical issue.

Federal courts at times must determine if a government demand for monies is a tax or a fee, jurisdiction can turn on the distinction, *Hexom v. Oregon Dept. of Transp.*, 177 F. 3d 1134, 1135-1136, (9th Ckt 1999). The instant case involves no "is it a tax or is it a fee" question.

28 U.S.C. §1341 applies to all tax jurisdictions as Anchorage correctly argues. The bar on jurisdiction prevents me from seeking an injunction to prevent enactment of a Anchorage assembly assessment and levy law. The bar on jurisdiction prevents me from

Anderson v Municipality of Anchorage
Case No. 3:21-cv-00139-MJK
Plaintiff's Opposition to Tax Injunction Act Summary Judgment Motion
Page 6

seeking an injunction *pendente lite* to litigate a collection amount prior to payment, Anchorage's 28 U.S.C. §1341 motion to dismiss produces no facts I have interfered with Anchorage's ability to enact ad valorem tax laws or collect the full amount due under those laws.

Anchorage misreads *National Private Truck Council, Inc. v. Oklahoma Tax Comm'n,* 515 US 582 (1995). *National* sought refund for overpayment of taxes in state court and a determination the law was unconstitutional to end collections. They argued entitlement to attorney fees under 42 U. S. C. § 1988(b) (1988 ed., Supp. V). *National* received the procedural due process they were entitled to, the court held injunctive and declaratory judgments in such a state court matter are NOT covered under 42 U.S.C. §1983 and therefore neither are attorney fees. The full hearing and judicial determination is the initial due process provided. No other 14th Amendment due process is conducted in a court of competent jurisdiction. The general rule has always been each party bares their own cost in disputes where 14th Amendment procedural due process is involved. The Supreme Court has required a full fact finding administrative hearing in only a single class of government provided benefits, *Goldberg v. Kelly*, 397 US 254, 271 (1970) welfare termination. The court made their ruling crystal clear:

> We do not say that counsel must be provided at the pre-termination hearing, but only that the recipient must be allowed to retain an attorney if he so desires. Counsel can help delineate the issues, present the factual contentions in an orderly manner, conduct cross-examination, and generally safeguard the interests of the recipient.

*National* made the same type of decision, they elected to retain counsel and were

successful in obtaining refund on a law declared unconstitutional by the states highest court. Every taxpayer seeking procedural due process would face the same decision *National* did, the procedural due process guarantee is a determination in a court of competent jurisdiction, by its nature court proceeding are more complicated than other procedural due process hearings. As far as overpayment goes the remedy is award of monetary damages in the amount of overpayment, litigating constitutionally to end the tax scheme is burdensome but the state meets their obligation of providing a "plain, speedy, and efficient" remedy. When appeals are taken to State Supreme Court proper review is of the lower courts judgment, not the administrative review of a lower appellate court upon holding a board of equalization decision as Anchorage describes at Docket 81 p 11. I do not dispute all claims are required to be included in the "full hearing and judicial determination" court. Anchorage allows 15 days after filling appeal to submit written documents and 5 minutes for verbal presentation before the board of equalization, see *Brandner v. Municipality of Anchorage*, 327 P. 3d 200, 201 (2014)

> "Although Brandner sought to introduce copies of the appraisal and estimates during a hearing before the Board, she was not permitted to do so because she had failed to submit the evidence by the required deadline."

The intent of a board of equalization hearing should be to correct valuations when reasonable evidence justifies a change in valuation coming up with all written evidence in 15 days, Ms. Brandner had appraisal and estimates which take time to obtain, such procedures are due process only in Anchorage's world.

In my Docket 76 Ex 19 tax appeal Anchorage provided no information on my tax

Anderson v Municipality of Anchorage
Case No. 3:21-cv-00139-MJK
Plaintiff's Opposition to Tax Injunction Act Summary Judgment Motion
Page 8

parcel until after the 15 day deadline had passed, Anchorage has spent their time refining and perfecting the strategies I encountered in the 1990's.

*National* makes reference to *Great Lakes* and *Grace Brethren, National* at 586-587. Injunctive and declaratory relief are by their nature equitable forms of relief undoubtedly available under 42 U.S.C. §1983. The court better explained in *Green v. Mansour*, 474 US 64, 72 (1985) both the limitations of the Declaratory Judgment Act of 1934 and it's holding in *Great Lakes* in particular:

> "In *Great Lakes Co. v. Huffman*, 319 U. S. 293 (1943), we held that a declaratory judgment was not available to obtain a determination of the constitutionality of a state tax even though the relevant federal statute prohibited federal courts only from issuing injunctions against the collection of such taxes. Id., at 299."

I am not litigating the "constitutionality of a state tax". *Great Lakes* and *Grace Brethren* were unemployment compensation program (financed by a combination of Federal and State employer payroll taxes) excise tax claims. In both cases the court found adequate state court remedies existed.

Ad valorem taxation is a form of instant taxation, one day you owe the government nothing, the next day you owe the government thousand of dollars. There is no ongoing record keeping obligation, taxpayers receive a notice of the tax parcels value with right to appeal to board of equalization, if no appeal is taken the taxpayer receives a bill, pay the bill and the taxpayer has a right to full hearing and judicial determination on any excessive demand or other objection to the tax.

National was complex litigation, a class action lawsuit (National is a business

Anderson v Municipality of Anchorage Case No. 3:21-cv-00139-MJK
Plaintiff's Opposition to Tax Injunction Act Summary Judgment Motion Page 9

association with 1,800 members) involving the dormant commerce clause, the Supreme Court of Oklahoma in *Private Truck Council v. Tax Com'n,* 806 P. 2d 598, 696 (1990) declared the law unconstitutional and held "We affirm the district court's denial of Truckers' federal claim for refunds under § 1983. Oklahoma has an adequate State remedy affording the requested relief.". A presumption is the state tax commissioner will stop collecting the tax after it has been declared unconstitutional without need for injunction. No doubt the litigation was expensive, *National* had sought a preliminary injunction early on in the proceedings. In the end the system worked the way it is supposed to, Oklahoma continued collecting their tax until the law was declared unconstitutional, provided full refund when it was and made no further collections under the unconstitutional law.

I have bore a heavy burden in the instant case, sometimes that's just the way the system works. Finding any commonality between *National* and my claim is a stretch, the question decided was if a litigant could collect attorney fees under 42 U. S. C. § 1988(b), presumably the cases cited had some relationship to that question. *California v. Grace Brethren Church*, 457 US 393, 415-416 (1982)[4] held as soon as a demand for payment is made and the taxpayer pays the right to dispute the tax existed, seeking injunction was unnecessary, payment is your ticket to the courts and because California courts provide a plain, speedy, and efficient remedy federal court jurisdiction is unavailable. It was held the district court did not have jurisdiction to hear the tax collection matter, *California v.*

4 Both the United States and California were named defendants in the case.

Anderson v Municipality of Anchorage Case No. 3:21-cv-00139-MJK
Plaintiff's Opposition to Tax Injunction Act Summary Judgment Motion Page 10

*Grace Brethren Church*, 457 US 393, 396 (1982), the court did not reach the merits of the case, *Grace Brethren* at 418-419.

As my analysis shows understanding holding in 28 USC §1341 cases can be challenging, the commonality in *Great Lakes* and *Grace Brethren, National* is all three cases involved the constitutionally of a state tax scheme and the states all provided procedural due process opportunity through their state court systems baring federal court jurisdiction. *National* in fact followed the state court path, the merits of the case were not before the court but instead the right to collect 42 U.S.C. §1983 attorney fees.

The instant claim before the court does not question the constitutionally of any Anchorage tax collection scheme, I clearly have no right to seek attorney fees (§1983 does permit pro se reimbursement of cost for such things as depositions) and severability is not a 28 USC §1341 issue. Demand for payment and payment trigger taxpayer procedural due process rights, Anchorage can appraise my property numerous times, that is essentially what multiple regression analysis does, the only value that matters is the stated value on January 1 of each year, my case does not prevent Anchorage from continuing to determine a January 1 value.

My repeated references to 28 USC §1341 are a consideration under Forth Amendment unreasonable search. The Supreme Court has ruled my remedy under ad valorem taxation is to pay Anchorage's collection demand and seek a remedy at law for overpayment, *Atchison, T. & SFR Co. v. O'Connor*, 223 US 280, 285-286 (1912), "clear

and certain remedy" at LAW rule[5]. Overpayment has no equitable remedy, it is a question of fact with a remedy at law. I, like every taxpayer, have a constitutional right to a judicial decision in a court of competent jurisdiction for a overpayment, there can be no minimum amount at controversy, the right is a 14th Amendment due process matter.

States create their own court systems, some states have tax courts, state constitution provisions may be relevant and while appropriation of monies into treasuries is strictly a legislative function states act through their judicial, executive and legislative branches all of whom can be involved in the lawmaking process. While most states legislatures have enacted *Atchison* due process laws federal courts confronted with a 28 USC §1341 jurisdictional claim involving overpayment look to see if "a plain, speedy, and efficient" remedy may be had at law in the courts of such State not which branch of state government decided the policy matter.

The Supreme Court has held that "the 'plain, speedy and efficient' exception requires the 'state-court remedy [to meet] certain *procedural* criteria.'" *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 512 (1981) (emphasis in original)). The touchstone for whether a taxpayer has a "plain, speedy, and efficient" remedy is whether she is entitled to a "full hearing and judicial determination at which she may raise any and all constitutional objections to the tax." *Rosewell*, at 514.

Any entry[6] onto my tax parcel by Anchorage tax appraisers properly belongs under

5 14th Amendment equal protection also applies to tax laws but is not relevant to my case.

Case 3:21-cv-00139-JMK Document 86 Filed 02/29/24 Page 12 of 20

discovery rules (or a workable rule of prior consent) in a court of competent jurisdiction where, to the extent court rules properly permitted entry onto to my tax parcel, I would receive fair notice of the time when a inspection would occur, the scope of the inspection and opportunity to observe the inspection as it is being conducted.

## *III. JURISDICTION*

If the court decides 28 U.S.C. §1341 jurisdiction is required for my claim to proceed Anchorage must show they provide 28 U.S.C. §1341 procedural due process. Anchorage has provided no evidence or argument Anchorage meets *California v. Grace Brethren Church*, 457 US 393, 411 (1982) procedural due process "a state-court remedy is "plain, speedy and efficient" only if it "provides the taxpayer with a `full hearing and judicial determination' at which she may raise any and all constitutional objections to the tax."".

Anchorage Charter Article XIV. - Taxation Section 14.02. - Tax procedures (b)

> The procedures shall provide for assessment of property at full and true value, except as otherwise provided by law, and for notice of assessment, appeal, and **judicial review.**

The judicial review provided by Anchorage does not meet `full hearing and judicial

6 The scope of entry under discovery in a overpayment tax claim appears to be a undecided matter but realistically must be a federal question otherwise one state could authorize interior inspections and another state not. Several states have decided this very issue, Oregon cited a single federal district court case about how children are assigned to a special school in deciding *Poddar v. Dept. of Rev.*, 983 P. 2d 527, 533 (1999) tax jurisdiction interior inspection demands. The court need only ask itself if it would ever cite such a case if confronted with a interior inspection demand from Anchorage. The Anchorage assessor has already been granted discretionary authority to demand interior inspections for board of equalization appeals, AO 12.05.053 - Procedures C. 7. Discretionary authority does allow the demand to occur in every board of equalization appeal and requires taxpayers surrender privacy rights to receive a informal decision.

Anderson v Municipality of Anchorage Case No. 3:21-cv-00139-MJK
Plaintiff's Opposition to Tax Injunction Act Summary Judgment Motion Page 13

determination' requirements to avoid federal court jurisdiction under 28 U.S.C. §1341. Anchorage provides a appeal of the board of equalization hearing, see Docket 76 Ex. 19 page 4

> "E. An appellant or the assessor may appeal a determination by the Board to the Superior Court. Appeals to the Superior Court must be filed within 30 days following the Board's final decision. (AS 29.45.210(d)).".

AS 29.45.210(d):

> (d) An appellant or the assessor may appeal a determination of the board of equalization to the superior court as provided by rules of court applicable to appeals from the decisions of administrative agencies. **Appeals are heard on the record established at the hearing before the board of equalization.**

The board of equalization is a informal hearing procedural optionally available to tax parcel owners, *Londoner v. City and County of Denver*, 210 US 373, 386 (1908). The "plain, speedy and efficient" full hearing and judicial determination is in some states described as a de novo hearing, while substance not labels is what matters there can be no obligation for a taxpayer to participate in a board of equalization hearing in order to receive a full hearing and judicial determination on a tax collection issue. In simplest terms there is no tax law for a court to enforce based on a informal board of equalization decision. A taxpayer can take a board of equalization appeal to acquire more knowledge about how a tax parcel was valued, valuation notices state separate values for land and improvements, the lack of detail is obvious.

28 U.S.C. §1341 jurisdiction is a federal question, the court must use it's

Case 3:21-cv-00139-JMK Document 86 Filed 02/29/24 Page 14 of 20

independent judgment in determining a if a tax jurisdiction provides the 14th Amendment procedural due process required by the constitution under state law. Under the "enjoin a state tax assessment" provision a taxpayer would have to pay the tax to receive a overpayment decision, cases at equity typically attempt to shift burdens to create more uniform and equitable distribution of the tax burden. *Weissinger v. Boswell*, 330 F. Supp. 615, 618 (1971) is an odd coupling of corporate taxpayers and school children. The court decided they had no jurisdiction for the corporate taxpayers claims but the school children had civil rights claims. Me and my claim fall in the school children category, not the corporate taxpayer category. The *Weissinger* three judge panel (at 625) went on to decide the constitutionally of a legislative enactment, the plaintiff school children prevailed. The court clearly issued a declaratory judgment holding, "Section 17(1) is unconstitutional"[7].

*Winegardner v. Greater Anchorage Area Borough*, 534 P. 2d 541 (1975) is the case establishing Alaska tax appeal law. *Wingardner* at 543 sought what appears to be a statutory[8] "plain, speedy and efficient" hearing, The Alaska Supreme Court has since acknowledged awareness of 28.U,S.C. §1341, *Vest v. Schafer*, 757 P. 2d 588, 597 fn34 (1988).

Two Alaska District Court cases have 28 U.S.C. §1341 components, in *Native Village of Venetie v. State of Alaska*, 687 F. Supp. 1380, 1383 (1988) the court described the act as a means of obtaining an injunction "requiring states to obey the United States

7 State substantive rights are enforceable under the 14th Amendment.

8 AS 29.53.140(f)

Constitution". 28 U.S.C. §1341 requires a determination of state provided remedy in a tax dispute, if the state doesn't provide a "plain, speedy and efficient" remedy the federal court has jurisdiction. The case proceeds as any other federal case with a full hearing and judicial determination on the tax issues before the court. When a state is the taxing jurisdiction *Atchison, T. & SFR Co. v. O'Connor*, 223 US 280, 287 (1912) identifies the state's options, the tax collector (a natural person) can be sued directly in which case the collector should not deposit monies in the state treasury until the matter is settled or the state can wave sovereign immunity, place the monies in the treasury and allow the taxpayer to sue the state. If a state elects not to provide "plain, speedy and efficient" procedural due process (policy decision #1) the state can elect to wave or not sovereign immunity (policy decision #2). The state of Alaska taxes the oil and gas class of property, the state can elect to provide oil and gas taxpayers with procedural due process and not provide local government tax jurisdictions with state court procedural due process. Anchorage does collect taxes and Anchorage must show they meet the "plain, speedy and efficient" procedural due process requirements in state court or federal jurisdiction can be had. The initial inquiry under 28 U,S.C. §1341 is does the taxing jurisdiction provide "plain, speedy and efficient" procedural due process, not are state laws in compliance with "plain, speedy and efficient" procedural due process as that is a policy decision of the state.

Federal courts are not state policymakers, in the context of 28 U,S.C. §1341 the subject matter jurisdiction question can sometimes be very fact intensive, this would not be one of those times. A taxpayer seeking 14th Amendment "plain, speedy and efficient"

procedural due process rights must recognize when the remedy lies in federal court. That the Alaska District Court has never decided if Anchorage provides taxpayers a 28.U,S.C. §1341 "plain, speedy and efficient" procedural due process rights in accordance with *California v. Grace Brethren Church*, 457 US 393, 411 (1982) full hearing and judicial determination standard means only that no taxpayer has recognized 28.U,S.C. §1341 as a potential remedy. In the almost 50 years since *Winegardner v. Greater Anchorage Area Borough*, 534 P. 2d 541(1975) was decided Alaska Supreme Court reviews of appellate court decisions based on Anchorage "record established in a board of equalization hearing" have occurred. Anchorage has not pointed to those cases as showing, as the responsible tax collector, that Anchorage provides 14th Amendment "plain, speedy and efficient" procedural due process rights. The most recent cases have not wavered from *Winegardner* principles. *Brandner v. Municipality of Anchorage*, 327 P. 3d 200, 202 (2014) standard of review is appeal of administrative agency decision, *Kelley v. Mun. Anchorage Bd. Of Equalization*, 442 P. 3d 725,728 (2019) standard of review "We "independently review the merits of an administrative board's decisions." We will affirm an administrative decision involving questions of fact or law requiring agency expertise if the decision has a reasonable basis.". Other Supreme Court decisions from all local commuities follow the same legal standard but the motion to dismiss is specific to Anchorage's 14th Amendment "plain, speedy and efficient" procedural due process.

The U.S. Supreme Court has held Fourth Amendment unreasonable search claims must be brought under Fourth Amendment causes of action. The court found jurisdiction in the instant case under federal question and civil rights statutes. There must be a judicial

remedy for every constitutional violation, that is the republican form of government this country was founded on. Dismissing my claim under Anchorage's unsupported 28 U,S.C. §1341 theory appears to be best described as a "be careful what you ask for" situation.

**SUMMARY**

Anchorage has not identified any tax revenue impacted by my lawsuit, they still value property, create budgets and collect revenues under Anchorage assembly enactments.

Anchorage has not shown my claim would be bared if 28 U,S.C. §1341 jurisdiction were required.

From my perspective 28 U,S.C. §1341 is an act of Congress under Section 5 of the Fourteenth Amendment guaranteeing me taxpayer procedural due process rights as recognized by the U.S. Supreme Court. Congress in enacting 28 U.S.C. §1341 intended every taxpayer receive their federal rights. States get the first shot to provide 14th Amendment "plain, speedy and efficient" procedural due process in the form of full hearing and judicial determination in a court of competent jurisdiction. A lot of head scratching appears to occur in interpretation of 28 U,S.C. §1341. The following principals apply: a case begins from the legislative act fixing in law the value of every tax parcel, ALL forms of taxation and ALL tax collection demands are covered under the 14th Amendment procedural due process requirement, state policymaker decision are not a federal question and all proper remedies at law and equity are available when Federal District Court jurisdiction is found. My claim is not a §1983 exception to 28 U.S.C. §1341, it is not a tax collection claim at all.

Anchorage is seeking subject matter dismissal in a motion for summary judgment, Anchorage bares the initial burden of showing facts support their motion and they are entitled as a matter of law to a court opinion in their favor. Anchorage does not appear to have stopped entering other tax parcels as a result of my claim, see Docket 76 Ex. 34 p 1. Anchorage's motion is therefore that they will not be able to enter my property in 2025 (based on a 6 year interval) and that effects their ability to collect over $500 million in tax revenues presumably this year. Anchorage is following their normal coarse of January notice of appraisal valuation and the fixed date of 02/12/2024 for filling appeals has passed. Anticipation is "Final Assembly approval of the budget and setting of mill rates will occur in April and May 2024, with property tax bills slated for mailing by June 1st." Mayor Bronson's newsletter dated 1/12/24[9].

Anchorage has not met their burdens under *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F. 3d 1099, 1102 (9th Ckt. 2000). Anchorage has not shown I am seek to have a tax collection law declared unconstitutional nor can they show compliance with procedural due process under 28 U.S.C. § 1341. Their time may better be served informing the state of the predicament it has put them in.

I oppose Anchorage's 28 U.S.C. § 1341 motion to dismiss for the above stated reasons and respectfully request the court deny the motion.

9 https://us10.campaign-archive.com/?u=75e5ee1539e832218e0d02e57&id=3d0192aa3e visited on 2/26/2024.

Case 3:21-cv-00139-JMK Document 86 Filed 02/29/24 Page 19 of 20

Dated February 29, 2024. Robert Anderson
Robert Anderson, Pro Se

I, Robert Anderson certify that a copy of this paper filling was served, by HAND delivery to Municipality of Anchorage Office of the Municipal Attorney at 632 West 6th Avenue (P.O. Box 196650), Anchorage, Ak. on February 29, 2024

Dated 2/29, 2024 Robert Anderson
Robert Anderson, Pro Se

Anderson v Municipality of Anchorage
Plaintiff's Opposition to Tax Injunction Act Summary Judgement Motion
Case No. 3:21-cv-00139-MJK
Page 20