Robert Anderson
4908 Roger Drive
Anchorage, Alaska 99507
Phone (907) 223-1579

aktaxappeal@gmail.com



RECEIVED
FEB 29 2024
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON, ) <br> ) <br> Plaintiff, ) <br> Pro Se ) <br> ) <br> v. ) <br> ) <br> MUNICIPALITY of ANCHORAGE, ) <br> ) <br> Defendant. ) <br> _____ ) | Opposition to Defendant's Res Judicata Summary Judgment Motion <br><br> Case No. 3:21-cv-00139-JMK |

## OPPOSITION TO DEFENDANT'S RES JUDICATA SUMMARY JUDGMENT MOTION

I, Robert Anderson, representing myself without a lawyer, oppose Anchorage's Motion for Res Judicata Summary Judgment.

### RES JUDICATA DEFENSE

As a controlling matter Anchorage's affirmative defense pleading is collateral estoppel (Issue preclusion), Docket 21, #2 page 13, not res judicata (Claim preclusion).

Anchorage has not established a res judicata defense, "The elements necessary to establish res judicata are: "(1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action.", *Sykes v. Lawless*, 474 P. 3d 636, 642 (Ak 2020). The 9th Circuit applies Alaska's res judicata law, *Hiser v. Franklin*, 94 F. 3d 1287, 1290 (9th 1996) in determining the matter.

The claim before the court in the instant case is a as applied violation of my fundamental privacy rights under a municipality policy or custom, a Monell claim. Monell claims cannot be brought against states as 11th Amendment immunity applies.

The facial challenge before the court in 3AN-00-11687 was a state statute, AS 29.45.130(b), the instant case challenges a municipal policy or custom. That 3AN-00-11687 and the instant case both implicate Fourth Amendment rights does not lead to a judicial decision they are identical claims.

The conduct complained of in the instant case occurred on July 11, 2019, my 3AN-00-11687 lawsuit was filled in the year 2000, I could not have been litigating Anchorage's July 11, 2019 actions in 3AN-00-11687 as it had not yet occurred.

Summary judgment and final judgment are distinct acts of the Alaska Superior Court, in *Bauman v. State, Div. of Family & Youth Services*, 768 P. 2d 1097, 1098 (1989) summary judgment was granted on July 9, 1987, final judgment entered December 3, 1987. The Alaska Attorney General was no doubt familiar with circumstances such as 3AN-00-11687 where the court granted a state motion for summary judgment but NEVER ENTERED final judgment leaving the case in a unappealable state from a

Anderson v Municipality of Anchorage
Plaintiff's Opposition to res judicata Summary Judgment motion
Case No. 3:21-cv-00139-MJK
Page 2
Case 3:21-cv-00139-MJK Document 87 Filed 02/29/24 Page 2 of 4

Superior Court entry of final judgment prospective. Federal court procedures have dealt with this situation by creating the 150 day rule, Alaska has no such rule.

My option as 3AN-00-11687 stood after the court granted summary judgment was to file an appeal to the Alaska Supreme Court and let them determine if they had jurisdiction based on their rules[1], see *Greater Anchorage Area Bor. v. City of Anchorage*, 504 P. 2d 1027, 1030 (1972). I was not obligated to follow such a course in order to ensure a final judgment was entered in my case. Ultimately I decided the state had more than adequate notice AS 29.45.130(b) had constitutional issues, that the whole matter may now be an embarrassment to the state is a result of policy decisions at the state level and does not create res judicata of my cause of action before the court in the instant case.

The court need not determine the third prong of privity between parties as neither of the first two elements are present and Anchorage has not shown through supporting case law or other sources any entitlement to privity with the state. A state interpretation of a state statute, AS 29.45.130(b), does not itself lead to a conclusion Anchorage's interpretation of AR 86-295, enacted over 10 years before the 1999 amendment to AS 29.45.130(b) creates a privity relationship. While privity is common in contracts and probably applies when two state agencies attempt to deal with a 3rd party in different ways on the same matter Anchorage is a political subdivision of the state, not a state agency.

Anchorage has moved for summary judgment on the affirmative defense of res

---

[1] I would call the procedure a "implied final judgment" determination.

Anderson v Municipality of Anchorage  
Plaintiff's Opposition to res judicata Summary Judgment motion  
Case No. 3:21-cv-00139-MJK  
Page 3

Case 3:21-cv-00139-SLG Document 67 Filed 02/29/24 Page 3 of 4

judicata, Anchorage bares the initial burden of producing facts and showing entitlement under law, *Nissan Fire & Marine Ins. Co. v. Fritz Companies*, 210 F. 3d 1099, 1102 ( 9th Ckt. 2000). Anchorage has failed to meet their burdens.

I oppose Anchorage's res judicata motion to dismiss for the above stated reasons and respectfully request the court deny the motion.

Dated February 29, 2024.    Robert Anderson
                            Robert Anderson, Pro Se

I, Robert Anderson certify that a copy of this paper filling was served, by HAND delivery to Municipality of Anchorage Office of the Municipal Attorney at 632 West 6th Avenue (P.O. Box 196650), Anchorage, Ak. on 2/29, 2024

Dated 2/29, 2024    Robert Anderson
                    Robert Anderson, Pro Se