ROBERT P. ANDERSON
4908 ROGER DRIVE
ANCHORAGE, ALASKA 99507
(907) 562-5158



STATE OF ALASKA
THIRD DISTRICT
00 NOV -1 AM 10: 07
BY
DEPUTY CLERK

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT

| | |
|---|---|
| ROBERT P. ANDERSON, | ) |
| Plaintiff, | ) |
| vs. | ) |
| STATE OF ALASKA, | ) |
| Defendant. | ) |
| | ) Case No.: 3an-00-11687ci |

## COMPLAINT

For his claim for relief against the defendant,

plaintiff alleges as follows:

1. That plaintiff, Robert P. Anderson, is a resident
of Municipality of Anchorage, Alaska, in the Third Judicial
District.

2. That on or about February 16,1999 the State of
Alaska House of Representatives passed House Bill 22, Bill
Version CSHB 22(CRA).

3. That on or about March 12,1999 the State of Alaska
Senate passed House Bill 22, Bill Version CSHB 22(CRA).

4. That the above stated bill is codified as AS 29.45.130(b).

5. That any Board of Equalization established under AS 29.45.200 is an administrative agency of a political subdivision of the State of Alaska.

6. That the assessor is a party to a hearing conducted under AS 29.45.210.

### First Cause of Action

7. Each of the above allegations is incorporated herein.

8. That AS 29.45.130 is in violation of plaintiff's constitutional rights under Article I Section 1 of the Constitution of the State of Alaska.

### Second Cause of Action

9. Each of the above allegations is incorporated herein.

10. That AS 29.45.130 is in violation of plaintiff's constitutional rights under Article I Section 7 of the Constitution of the State of Alaska.

### Third Cause of Action

11. Each of the above allegations is incorporated herein.

12. That AS 29.45.130 is in violation of plaintiff's constitutional rights under Article I Section 14 of the Constitution of the State of Alaska.

### Forth Cause of Action

13. Each of the above allegations is incorporated herein.

14. That AS 29.45.130 is in violation of plaintiff's constitutional rights under Article I Section 15 of the Constitution of the State of Alaska.

### Fifth Cause of Action

15. Each of the above allegations is incorporated herein.

16. That AS 29.45.130 is in violation of plaintiff's constitutional rights under Article I Section 22 of the Constitution of the State of Alaska.

### Sixth Cause of Action

17. Each of the above allegations is incorporated herein.

18. That AS 29.45.130 is in violation of Article II Section 1 of the Constitution of the State of Alaska.

### Seventh Cause of Action

19. Each of the above allegations is incorporated herein.

20. That AS 29.45.130 is in violation of Article II Section 19 of the Constitution of the State of Alaska.

### Eighth Cause of Action

21. Each of the above allegations is incorporated herein.

22.     That AS 29.45.130 is in violation of plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution.

### Ninth Cause of Action

23.     Each of the above allegations is incorporated herein.

24.     That AS 29.45.130 is in violation of plaintiff's constitutional rights under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, the plaintiff respectfully prays for the following relief:

1.     That the Court enter a declaratory judgment declaring AS 29.45.130 to be in violation of Article I, Section 1 of the Constitution of the State of Alaska, Article I, Section 7 of the Constitution of the State of Alaska, Article I, Section 14 of the Constitution of the State of Alaska, Article I, Section 15 of the Constitution of the State of Alaska, Article I, Section 22 of the Constitution of the State of Alaska, Article II, Section 1 of the Constitution of the State of Alaska, Article II, Section 19 of the Constitution of the State of Alaska, the Fourth Amendment of the United States Constitution and the Fourteenth Amendment of the United States Constitution.

2.     That the Court enter a declaratory judgment declaring that the principles of AS 29.45.130 are placed beyond

legislative encroachment and void by the Constitution of the State of Alaska and the United States Constitution.

    3.    That plaintiff be awarded costs and attorney fees.

    4.    Such other and further relief, at law or in equity, that the Court may deem just and proper.

Dated this 1st day of November, 2000.

By: *Robert P. Anderson*

    ROBERT P. ANDERSON

    4908 Roger Drive
    Anchorage, Alaska 99507

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

ROBERT P. ANDERSON,　　　　　)
　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　)
STATE OF ALASKA,　　　　　　)
　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　)
_____)　　　3AN-00-11687 CI

### AFFIDAVIT OF STEVE VAN SANT

STATE OF ALASKA　　　　　　)
　　　　　　　　　　　　　　) s.s.
THIRD JUDICIAL DISTRICT　　)

Steve Van Sant, being first duly sworn, deposes and says:

　　　1.　　I am the State Assessor for the State of Alaska in the Department of

Community and Economic Development. I have been in this position since February

1993. Prior to my position as State Assessor, I was the assessor for the Municipality of

Anchorage from June 1984 to February 1993; and prior to that, I was the municipal

assessor for Matanuska-Susitna Borough. I have served as the President of Alaska

Association of Assessing Officers for four years and am certified on both the state level

and the national level, through the International Association of Assessing Officers, to

instruct assessment educational courses.

2.    In my experience as a municipal assessor, I became very familiar with and have personal knowledge of the professional implementation of the municipal taxation and assessment provisions of Chapter 45, Title 29 of the Alaska Statutes. As the State Assessor, I am responsible for providing expert advice on legislation that is proposed which relates to changes to provisions in AS 29.45. I am personally familiar with HB 22, a bill that was passed by the Alaska Legislature in 1999 (CSHB 22(CRA)), now ch. 4 SLA 1999. This legislation deals with the authority of local assessors to enter property for the purposes of inspection. This legislation was enacted to make it clear, to some who did not understand, that officials from the assessors office would not enter into any structure, that was not under construction and not yet occupied, without the permission of the person who resides on the property. The changes made by the legislature to the existing law are, in my professional opinion, consistent with the assessment practices current at that time and now.

3.    In my official capacity as State Assessor, my responsibilities concerning local assessments are defined in AS 29.45.103-105. All assessments are made by the local assessor's office, and the State Assessor is responsible for monitoring the overall assessment function, i.e. compliance with state and federal assessment laws and adherence to sound assessment practices. The State Assessor is not the assessor referenced in AS 29.45.210 (hearing before board of equalization). That section deals

with appeals to the local board of equalization in which a person may challenge the assessment by the local assessor.

Further your affiant sayeth naught

_____
Steve VanSant

SWORN TO AND SUBSCRIBED before me this ⎫ day of March, 2001.

_____
Notary public in and for Alaska.
My commission expires: 6/30/01

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| ROBERT P. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE OF ALASKA, | ) |
| | ) |
| Defendant. | ) |
| | ) 3AN-00-11687 CI |

## STATE OF ALASKA'S MOTION FOR SUMMARY JUDGMENT
(Alaska Rule of Civil Procedure 56)

Defendant State of Alaska, (State) through counsel, hereby moves for summary

judgment in this case pursuant to Alaska R. Civ. P. 56. For the reasons set forth below,

the State requests that this court grant judgment for defendant, and dismiss this case

with prejudice.

This motion is supported by the following memorandum of points and

authorities, and by the attached affidavit and documents filed in support thereof.

## BACKGROUND

### 1. Plaintiff's complaint and prayer for relief.

Plaintiff Robert P. Anderson (Anderson), a resident of the Municipality of

Anchorage, alleges in his complaint that AS 29.45.130 is in violation of his

constitutional rights. More specifically, Anderson asks this court to enter a declaratory

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

judgment declaring AS 29.45.130 to be in violation of article 1, sections 1, 7, 14, 15, and 22 of the Alaska Constitution; article II, sections 1 and 19 of the Alaska Constitution; and the Fourth and Fourteenth Amendments to the United States Constitution. *See Complaint*, p.4. Anderson does not, however, state the factual basis or actions by the State that support the basis for the alleged constitutional violations.

As will be argued and supported by relevant case law and evidence in support of this motion for summary judgment, Anderson's complaint fails to state a claim upon which relief can be granted. AS 29.45.130 is fully compliant with the United States and Alaska constitutions and does not in any manner violate Anderson's constitutional rights as alleged. And, there is no action alleged by Anderson that has been or will be taken by the State relevant to the declaratory relief he seeks.

Aside from the constitutional claims, Anderson alleges that any board of equalization established under AS 29.45.200 is an administrative agency of a political subdivision of the State of Alaska. *See Complaint, p. 2.* The State does not dispute this allegation for purposes of this motion because the admission does not render the State responsible for the actions of a board of equalization. A municipal board of equalization is not an agency of the State. Further, Anderson alleges that the "assessor" is a party to a hearing under AS 29.45.210. *Id.* The assessor referred to in that section of law is the municipal assessor; not the state assessor. *See Affidavit of Steve VanSant* (attached hereto). Therefore, it is not relevant to this motion for summary judgment that

Motion for Summary Judgment        *Anderson v. State*
Judgment             3AN-00-11687

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

the [local] assessor may be a party to a hearing conducted under AS 29.45.210. The State is not a party to such a proceeding. *Id.* And, since the local assessor (notably the assessor for the Municipality of Anchorage) is not a named party in this lawsuit, there is no relief that this court can provide whereby the defendant (State of Alaska) is responsible. The State does not do the assessments for local governments nor is the State assessor the "assessor" which appears before local boards of equalization under AS 29.45.210. *Id.* Thus, Anderson has failed to state a claim upon which relief can be granted against the named defendant.

### 2. AS 29.45.130 (as amended ch. 4 SLA 1999)

Anderson claims that AS 29.45.130 is unconstitutional. This statute, including amendments passed in 1999 by the Alaska Legislature (ch. 4 SLA 1999; CSHB 22 (CRA))[1] reads:

Sec. 29.45.130. Independent investigation.

(a) The assessor is not bound to accept a return as correct. The assessor may make an independent investigation of property returned or of taxable property on which no return has been filed. In either case, the assessor may make the assessor's own valuation of the property subject to an ad valorem tax and this valuation is prima facie evidence of the value of the property.

(b) For investigation, the assessor or the assessor's agent may enter real property during reasonable hours to examine visible personal property and the exterior of a dwelling or other structure on the real property. The assessor or the assessor's agent may enter and examine the interior of a dwelling or other structure or the personal property in it only (1) if the

---

[1] For a copy of the 1999 legislation and legislative history, *see State's Ex. A.*

Motion for Summary Judgment                    Page 3 of 16                    *Anderson v. State*
3AN-00-11687
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 11 of 51

structure is under construction and not yet occupied; (2) with the permission of a person in actual possession of the structure; or (3) in accordance with a court order to compel the entry and inspection. The assessor or the assessor's agent may examine all property records involved. A person shall, on request, furnish to the assessor or the assessor's agent assistance for the investigation and permit the assessor or the assessor's agent to enter a dwelling or other structure to examine the structure or personal property in it during reasonable hours. The assessor may seek a court order to compel entry and production of records needed for assessment purposes.

(c) An assessor may examine a person on oath. On request, the person shall submit to examination at a reasonable time and place selected by the assessor.

History:

(Sec. 12 ch 74 SLA 1985; am Sec. 5 ch 40 SLA 1995; am Sec. 1 ch 4 SLA 1999)

As discussed below, Anderson has failed to meet his burden of proof or raise serious questions as to the constitutionality of this statute. Indeed, the statute is not unconstitutional at all.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### 1. **Standard for Granting Motion for Summary Judgment**

Summary judgment should be granted where the pleadings and evidence properly before the court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Alaska R. Civ. P. 56(c). On a motion for summary judgment, the court does not attempt to weigh the evidence or evaluate witness credibility. Instead, all reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmoving party. *Gudenau*

Motion for Summary
Judgment                                    Page 4 of 16                          *Anderson v. State*
                                                                              3AN-00-11687
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 12 of 51

& Co., Inc. v. Sweeney Ins., Inc., 736 P.2d 763, 765 (Alaska 1987). Assertions of fact in pleadings are not admissible into evidence and cannot be relied upon for purposes of summary judgment. *Brock v. Rogers & Babler, Inc.,*536 P.2d 778, 783 (Alaska 1975). The moving party has the burden of showing, through admissible evidence, that no genuine factual dispute exists and that they are entitled to judgment on the established facts. *Shade v. Co.& Anglo Alaska Service Corp.,* 901 P.2d 434, 437 (Alaska 1995). Once the moving party has established by convincing evidence the absence of a genuine issue of material fact, the party opposing summary judgment must clearly and specifically demonstrate that it can produce admissible evidence disputing the movant's evidence. *Southeast Alaska Const. Co., Inc. v. State, Dept. of Transp. and Public Facilities*, 791 P.2d 339, 342 (Alaska 1990).

In this case, the State will show that there are no material issues of fact, that there is no claim by Anderson upon which relief can be granted, thus the State is entitled to judgment as a matter of law.

## 2. **Statute Presumed Constitutional**

There is a presumption of constitutionality given a statute and the burden is on the party who challenges the statute on constitutional grounds to demonstrate its unconstitutionality. *Baxley v. State*, 958 P.2d 422, 428 (Alaska 1999); *A. Fred Miller, Attorneys At Law, P.C. v. Purvis,* 921 P.2d 610, 618 (Alaska 1996). Further, all doubts as to the constitutionality of a statute must be resolved in support of the act. Vol. 2A,

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

Motion for Summary Judgment

Anderson v. State
3AN-00-11687

Singer *Sutherland Statutory Construction*, § 45.11 (6th ed, 2000 rev.); *in accord Chenega Corp. v. Exxon Corp.*, 991 P.2d 769, 785 (Alaska 1999) (where it is reasonable to do so, court will construe a statute to avoid constitutional problems); *Hosier v. State*, 957 P.2d 1360, 1365 (Alaska 1998) (courts are under duty to construe statutes to avoid constitutional infirmity where possible). And, since the burden rests with the person alleging a statute is unconstitutional, it is incumbent upon the challenger to show that in its operation the statute is unconstitutional to him in his situation. *Sutherland*, § 45.11. Here, Anderson does not allege in his complaint any actions by the State of Alaska that concern the challenge to the constitutionality of AS 29.45.130. Indeed, as noted above, the State of Alaska is *not* the public entity that implements AS 29.45.130 -- that is done by the local assessor and municipal government. *See Aff. of VanSant.*

AS 29.45.130 is a statute that is part of the overall powers and duties related to taxation, levy and assessments of property by municipal governments in Alaska. The taxing power is a power delegated by the Alaska Legislature to organized cities and boroughs under authority of article X, section 2 of the Alaska Constitution.[2] *See* AS 29.45.010 -- 29.45.250 (municipal property tax) and AS 29.35.010 (all municipalities have the power to levy a tax and provide for its enforcement).

---

[2] Art. X, sec. 2 of the Alaska Constitution reads: All local government powers shall be vested in boroughs and cities. The State may delegate taxing powers to organized boroughs and cities only.

*Anderson v. State*
Judgment
3AN-00-11687

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

In order to have a valid tax, there must be a levy of taxes and an assessment. The "assessment" of a tax is an official estimate of the sums which are to constitute the basis of an apportionment of a tax between subjects of taxation and the word, as commonly employed, refers to the processes of listing the persons, property, etc., to be taxed, and the valuation of the property. A valid assessment is undoubtedly indispensable to the levy of a tax. 72 Am Jur 2d, *State and Local Taxation,* sec. 704 (1974 ed). AS 29.45.130 is a statute that is part of the overall process and procedure necessary to providing valid assessments of property. In Alaska, local assessors must assess property at its full and true value. AS 29.45.110(a). Full and true value is the estimated price that the property would bring in an open market and under the then-prevailing market conditions in a sale between a willing seller and a willing buyer both conversant with the property and with prevailing general price levels. *Id.* Assessment of property involves two distinct acts: (1) the preparation of the roll or list of all property subject to the tax, and (2) the valuation of the property. The assessment is the formal act of an officer (i.e., local assessor) appointed for the purpose of assessing and must be made a matter of record so that the owner of the property assessed may have a means of ascertaining definitely the fact that it has been assessed and the amount of the assessment. 72 Am Jur. 2d, *State and Local Taxation,* sec. 704. These requirements are met under Alaska law. *See* AS 29.45.110 (full and true value), AS 29.45.160 (assessment roll), and AS 29.45.170 (notice of assessment).

Motion for Summary Page 7 of 16 *Anderson v. State*
Judgment 3AN-00-11687
Case 3:21-cv-00139-JMK Document 88-1 Filed 03/07/24 Page 15 of 51

As part of this process, the legislature has authorized local assessors under AS 29.45.130 to enter onto real property (not dwellings or other structures), during reasonable hours, to view the property to be assessed and no permission of the property owner is necessary. This authority to view the property from its exterior is not intrusive into an individual's home, nor is it a violation of privacy rights. *See Hawkins v. Groom*, 893 S.W. 2d 123, 124 (Court of Appeals, Texas 1995). Nor does it constitute a trespass because the assessor, as a government official, is authorized by law to enter the real property for the sole purpose of performing his/her duties as an assessor. *Id.* The viewing of the exterior of a dwelling or structure which is open to view is not a violation of one's privacy rights or a "search" under article I, sections 14 and 22 of the Alaska Constitution. *See Weltz v.State*, 431 P.2d 502, 505 (Alaska 1967).

The sponsor of the legislation, HB 22, made clear that the changes he was proposing to AS 29.45.130 were with the intent to protect the rights of property owners with respect to assessors' entry into dwellings without permission of the property owner. *See* State's Ex. A, p. 1. In essence, HB 22 was proposed with the intent to further the privacy interests in one's home, not limit the rights of assessors to have access to a viewing of one's home from the exterior. Assessors must be able to have basic access to property (i.e., enter onto real property) in order to do their assessment functions mandated by law. *Id.* The government's interest in making proper assessments of property -- to be able to have at least a cursory view of property

*Anderson v. State*
Judgment
3AN-00-11687

necessary to place it on tax rolls and estimate full and true value -- would certainly outweigh any privacy rights a property owner may assert against the assessor for simply entering onto real property in the manner authorized in AS 29.45.130. This reading of AS 29.45.130 is a sensible construction of the statute passed by the legislature and embraces the legislative purpose. It therefore should not be found unconstitutional. *Chiropractors for Justice v. State*, 895 P.2d 962, 969-70 (Alaska 1995).

Most important to this motion for summary judgment is that the State of Alaska, the named defendant, is not the entity that implements AS 29.45.130. All of the allegations raised by Anderson relate to municipal assessor actions; not the State Assessor. *Aff. of VanSant.* However, the State will address the constitutional allegations separately below to show that they are not relevant as a basis for a cause of action against the State and that no remedy is available against the State.

**3. Article I, section 1 of the Alaska Constitution; 14th Amendment to U.S. Constitution; Alleged Violation of Equal Protection**

Anderson alleges in this complaint that AS 29.45.130 violates his rights under article I, section 1 of the Alaska Constitution and the 14th Amendment to the U.S. Constitution. *Complaint, First and Ninth Causes of Action.* These sections of the two constitutions are more commonly referred to as equal protection clauses. These allegations of unconstitutionality of the statute (AS 29.45.130) fail to state a claim for which relief can be granted because no action by the defendant, State of Alaska, is alleged. There must be action in order for violation of one's right to equal protection of

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

the laws to be asserted. AS 29.45.130 does not, on its face, even raise an issue of equal protection. Further, the statute is presumed constitutional. *Baxley v. State*, 958 P.2d at 428. And, because the State of Alaska does not perform local assessments under AS 29.45.130, no constitutional violation of equal protection can occur. Anderson has failed to meet his burden that the statute violates the constitution as alleged and has failed to alleged State action.

**4.    Art. I, Section 7 of the Alaska Constitution; Alleged Violation of Due Process Clause**

Anderson alleges in his second cause of action that AS 29.45.130 violates his rights of due process under article I, section 7 of the Alaska Constitution. Again, Anderson has failed to state a claim for which relief can be granted with respect to the alleged violation of his due process rights because no action by the State is alleged nor does the State implement AS 29.45.130. The statute is given a presumption of constitutionality, which Anderson has failed to rebut. Thus, the State cannot violate Anderson's due process rights, past or future, under AS 29.45.130 and the claim must fail.

If an assessor seeks entry into a dwelling and permission is not given by the owner or person in possession of the dwelling, the assessor must seek a court order to gain entry. Therefore rights to due process are satisfied with the resort to the courts because the property owner can defend against the action. This analysis applies as well to assessors seeking private records under AS 29.45.130. If not voluntarily provided

Motion for Summary Judgment    Page 10 of 16    *Anderson v. State*
3AN-00-11687
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 18 of 51

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

upon request by the property owner, the assessor must seek a court order to compel. Thus, the constitutional right to due process is protected. The statute is therefore presumed constitutional. And, Anderson has again failed to note State action and the claim must fail.

5. **Art. I, Section 14 of the Alaska Constitution and the 4th Amendment to the U.S. Constitution; Alleged Unreasonable Search and Seizure**

Anderson alleges in his third cause of action that AS 29.45.130 violates his right to be free from unreasonable searches and seizures under Art. I, Section 17 of the Alaska Constitution and the 4th Amendment to the U.S. Constitution. Art. I, Section 17 of the Alaska Constitution is the state counterpart to the 4th Amendment of the U.S. Constitution. *Ellison v. State*, 383 P.2d 716, 719 (Alaska 1963). And, this section is only operative when there has in fact been either a "search" or "seizure." *McGee v. State*, 614 P.2d 800, 804 (Alaska 1980), cert. denied 450 U.S. 967, 101 S.Ct. 1485 (1981). As with the other constitutional allegations noted above, the State of Alaska has not nor will it in the future under AS 29.45.130 take any action with respect to the assessment of Anderson's property. And, there is a presumption of constitutionality of the statute, which has not been rebutted by Anderson. Therefore this allegation fails to state a claim for which relief can be granted.

With respect to the authorization given in AS 29.45.130 allowing municipal assessors to enter onto real property during reasonable hours for the purpose of viewing the exterior of a dwelling, this is not a "search" under article I, section 14 of the Alaska

Memorandum Decision and    Judgment                                                                           *Anderson v. State*
                                                                                                              3AN-00-11687

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99611
PHONE: 465-3600

constitution. *See e.g. Weltz v. State*, 431 P.2d at 505 (Alaska 1967 (mere looking at that which is open to view is not a "search" under this [art. I, sec. 7] section of the constitution).

As noted above under the discussion of due process, a municipal assessor would have to seek an order to compel in order to enter a dwelling for which access had been voluntarily denied or to obtain records that were denied. Therefore, with the redress to the courts, the issue of whether the order to compel is an unreasonable search and seizure would be an issue for the parties (the municipal assessor and the property owner) at that time.

Again, no action by the State is alleged here -- nor can any action by the State occur under AS 29.45.130 -- and Anderson's allegation as to unlawful search or seizure fails to state a claim for which relief can be granted.

### 6. Article I, Section 22 of the Alaska Constitution; Alleged Violation of Right to Privacy

In response to the allegation that AS 29.45.130 violates Anderson's rights to privacy under Art. I, sec. 22 of the Alaska Constitution (Fifth Cause of Action in Plaintiff's Complaint), the State reiterates its responses above. Further, AS 29.45.130 is consistent with the individual right to privacy because it specifically notes that a person may refuse entry to a local assessor or may refuse to provide records. In such cases, the assessor must seek a court order to compel entry and production of records needed for assessment purposes. The property owner is given the opportunity to defend against the

issuance of such an order and the interests of the government and the individual will be determined by the court. *See e.g. State, Dep't of Revenue v. Oliver*, 636 P.2d 1156, 1166 (Alaska 1981) (government's interests in the information sought on tax returns outweighs any privacy rights violated by compulsion to fill out the form or testify before a revenue agent). Thus, Anderson's allegation of AS 29.45.130 violating his right to privacy fails to state a claim for which relief can be granted in this action as there is no action by the State alleged and he has failed to meet his burden to rebut the presumption that the statute is constitutional.

### 7. Article 1, Section 15 of the Alaska Constitution; No Ex Post Facto Laws

Anderson alleges in his Fourth Cause of Action that AS 29.45.130 is in violation of Art. I, Section 15 of the Alaska Constitution. This provision prohibits the legislature from passing a bill of attainder or ex post facto law. This allegation must fail because it is neither a bill of attainder nor an ex post facto law. Clearly, it is not a bill of attainder (i.e., a special act of the legislature as inflict capital punishments upon persons supposed to be guilty of high offenses, such as treason and felony, without any conviction in the ordinary course of judicial proceedings). *Black's Law Dictionary*, 5th ed. And, AS 29.45.130 is not an ex post facto law, which is a law passed after the occurrence of a fact or a commission of an act, which retrospectively changes the legal consequences or relations of such fact or deed. *Danks v. State*, 619 P.2d 720, 722 (Alaska 1980). HB 22 was not given a retroactive effective date; it was given an immediate effective date

Motion for Summary
Judgment

Page 13 of 16

*Anderson v. State*
3AN-00-11687

Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 21 of 51

under AS 01.10.070(c). Therefore, it did not apply to an assessment performed prior to that date.

Again, this allegation does not allege State action and, reiterating the legal reasons cited earlier, it fails to state a claim for which relief can be granted.

### 8. Article II, Sections 1 and 19 of the Alaska Constitution; Alleged Violation of Separation of Powers Doctrine and Prohibition Against Local and Special Acts

Anderson alleges in his Sixth and Seventh Causes of Action that AS 29.45.130 is a violation of legislative power, notably separation of powers doctrine in article II, section 1, and the prohibition against local and special legislation in article II, section 19. Anderson fails to provide any facts as to why he believes that HB 22 was a violation of separation of powers or why he believes it constituted local and special legislation. As noted earlier, the burden is on the party who challenges the constitutionality of a statute to demonstrate unconstitutionality. *A. Fred Miller*, 921 P.2d at 618. Anderson has failed to do so. The State further asserts that HB 22 violated neither of these provisions of the constitution. Under article X, section 2, the legislature may delegate taxing powers to municipalities. AS 29.45.130 is part of the taxation and assessment provisions in law that are authorized to be passed by the legislature. There is no separation of powers violation here.

With respect to the allegation that HB 22 was local or special legislation, this allegation too must fail. Art. II, section 19 reads in pertinent part:

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

> The legislature shall pass no local or special act if a general act can be made applicable. Whether a general act can be made applicable shall be subject to judicial determination.

Here, the act in question, ch. 4, SLA 1999, *is* a general act. AS 29.45.130 is applicable to all municipalities in the state, including home rule municipalities. *See* AS 29.45.010. It gives no special treatment to any one municipality or class or municipality nor to any particular area or persons in the state. It is only if special treatment is given in legislation where a law of general application could suffice, that art. II, sec. 19 issues are raised. *See Abrams v. State*, 534 P.2d 91, 94 (Alaska 1975) *citing Boucher v. Engstrom*, 528 P.2d 456, 463 (Alaska 1974).

As previously stated, no State action is alleged by Anderson and the statute in question is presumed constitutional. Anderson has failed to meet his burden or state a claim for which relief can be granted.

## CONCLUSION

The State of Alaska respectively asks this court to dismiss, with prejudice, Anderson's complaint in this action for the reasons noted above because he has failed to state any claims for which relief can be granted. Anderson has failed to note any action by the defendant, State of Alaska, that relates to the allegations and has failed to meet his burden of proof that the law challenged, AS 29.45.130, is unconstitutional under any of the sections of the Alaska or federal constitutions cited in his complaint. Indeed, the

statute is presumed constitutional. Therefore, the State of Alaska is entitled to summary

judgment in its favor.

DATED this 7th day of March, 2001.

BRUCE M. BOTELHO
ATTORNEY GENERAL

By: Marjorie L. Vandor
Assistant Attorney General
Alaska Bar No. 8511185

The undersigned certifies that on 3/7/01
a copy of this document was deposited
in the U.S. mail, first-class postage prepaid,
addressed to:

Robert P. Anderson
4908 Roger Drive
Anchorage, AK 99507

Legal secretary

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

ROBERT P. ANDERSON
4908 ROGER DRIVE
ANCHORAGE, ALASKA 99507
(907) 562-5158

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

ROBERT P. ANDERSON,           )
                              )
          Plaintiff,          )
                              )
     vs.                      )
                              )
STATE OF ALASKA,              )
                              )
          Defendant.          )
                              )
                              ) Case No.:3AN-00-11687 Civil
                              )

Filed in the Trial Courts
STATE OF ALASKA, THIRD DISTRICT

APR 3 2001

Clerk of the Trial Courts
By _____ Deputy

## REASONS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

Blacks Law Dictionary defines "real property' as "land
and anything growing on, attached to, or erected on it,
excluding anything that may be severed without injury to the
land". All private residential property falls within the
definition of real property.

Blacks Law Dictionary defines "personal property" as "any
movable or intangible thing that is subject to ownership and
not classified as real property".

Opposition to MSJ            Page 1 of 20            Anderson vs. State
                                                    3AN-00-11687 CI
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 25 of 51

The controlling issue before the court is the granting of entry onto "real property", land with or without improvements, through a legislative act to political subdivisions of the State of Alaska for purposes relating to real property taxation. The constitution protects government intrusion onto private residential property (real property) for the purpose of gathering information (performing an inspection). The defendant has attempted to address the issue of entry into a dwelling without establishing any right of entry on to real property. The government has no right to go from property to property canvassing a neighborhood simply because they want tax information.

Plaintiff has standing to challenge a legislative act because the challenge addresses state and federal constitutional issues and plaintiff alleges violations of state and federal constitutional provisions. The Defendant is the indispensable party for the controversy presented through enactment of HB 22, codified as AS 29.45.130(b). The fact that the assessor referred to in AS 29.45.130 is the municipal assessor and not the State Assessor is not disputed.

Judicial review is expressly granted under AS 22.10.020 (g). The defendant, through enactment of AS 29.45.130, created an actual controversy regarding plaintiff's constitutional rights.

Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 26 of 51

A trespass action for violation of a persons constitutional rights by a government official is not a matter before the court as such action would be against the individual and (or) political subdivision, acting under color of law regarding AS 29.45.130, who violated a persons rights.

Defendants' motion is made pursuant to Civil Rule 56, a motion to dismiss for failure to state a claim upon which relief can be granted under Civil Rule 12(b)(6) is not a matter before the court.

Defendant alleges Exhibit A is the legislative history of AS 29.45.130, *see defendants Motion for Summary Judgment, page 3, footnote 1.* Defendant is not in compliance with Evidence Rule 803 (10) requiring certification that a search for the actual record, tapes which can be transcribed, of the legislature regarding AS 29.45.130 failed to disclose the record. The legislative history includes all legislative activity involving AS 29.45.130 and not just the 1999 amendment. The minutes of the bill history are a public record, defendant failed to enter into evidence certified copies of public record Exhibit A as required by Evidence Rules 902 (4).

**STATEMENT OF REASONS IN OPPOSITION TO MOTION**

1.  **Standard for Granting Motion for Summary Judgment**

The defendant pleaded an affirmative defense, *See Answers To The Plaintiff's Complaint page 6, Affirmative Defense 1.* A

Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 27 of 51

defendant moving for summary judgment based on an affirmative
defense must conclusively prove all essential elements of his
defense as a matter of law. *Black v. Victoria Lloyds
Insurance Company, 797 S.W.2d 20,23 (Texas 1990).*

The moving party has the burden of proving that his
opponent's case has no merit. *Nizinski v. Golden Vaaey
Electric Ass'n, Inc. 509 P.2d 280, 283 (Alaska 1973).*

### 2. Statute Presumed Constitutional

The presumption of constitutionality given a statute is a
starting point for the court.

The plaintiffs' burden to demonstrate a statute is
unconstitutional applies to the relief sought by plaintiff.
The court and the public at large would be denied the benefit
of having a constitutional decision made on a full
consideration of the merits if the burden under a motion for
summary judgment shifted from the moving party to the party
who challenges the statute on constitutional grounds. In order
to justify summary judgment not only must it be shown that
there is no genuine issue of fact to be litigated, but also
that the moving party is entitled to judgment as a matter of
law. *Whaley v. State, 438 P.2d 718, 720 (Alaska 1968).*

The defendant states AS 29.45.130 as the authority under
which the assessor is authorized to enter real property. *See
Motion for Summary Judgment, page 8.* The statute must be
examined to see whether it conflicts with constitutional

Opposition to MSJ                    Page 4 of 20                Anderson vs. State
                                                              3AN-00-11687 CI
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 28 of 51

provisions as no other authority regarding right of entry on to private residential "real property" without the knowledge or consent of the owner for the purpose of gathering information is presented in the points and authorities.

*Weltz v. State, 431 P.2d 502, 505 (Alaska 1967)* is not on point. Weltz occurs in a public place, is criminal law that limits the plain view doctrine by the probable cause requirement, *Arizona v. Hicks, 480 U.S. 321, 325 (1987)* which an assessor performing an investigation of real property can't establish and does not involve a home or a homes curtilage. The viewing of the exterior of a dwelling or structure of what is in "plain view" from a roadway or other public space is not the issue before the court. The reasonableness of a warrantless inspection conducted by a government official (assessor) entering onto real property without the knowledge or consent of the owner for the purpose of gathering information is the issue before the court. Administrative inspections are searches within the meaning of the Fourth Amendment to the U.S. Constitution. *Camara v. Municipal Court, 387 U.S. 523, 528 (1967)*. Mr. Van Sant's statement that "Assessors are not searching for anything", *See Defendents exhibit A sheet 8 of 20*, fails to address the Fourth Amendment protection against inspections. With certain carefully defined exceptions, an unconsented warrantless search of private property is "unreasonable". *Camara v. Municipal Court, 387*

U.S. 523, 528 (1967). A person's privacy and security must be safeguarded against arbitrary invasion by government officials including assessors. *Schultz v. State 593 P.2d 640, 642 (Alaska 1979)*. The defendant has not defined any compelling government need or exigent circumstances for official action by an assessor which justifies entry on to real property. The defendant has not consider the individual's privacy interest and instead focused on government's interest.

*Hawkins v. Groom, 893 S.W.2d 123, 124 (Court of Appeals, Texas 1995)* is not on point. The court holding in Hawkins was specific to tangible personal property on a business premises. In addition Hawkins was aware of the assessors presence. Texas statutory law, *see Texas V.T.C.A.-Tax Code Chapter 22 Subchapter A Section 22.07,* is specific to businesses, is specific to tangible personal property and requires notice prior to entry on to property. Real property of an individual and personal property of a business are not interchangeable with respect to constitutional rights. *Donovan v. Dewey, 452 U.S. 594, 598 (1981)*.

The defendant asserts that the government's interest in making tax assessments on real property outweighs the constitutionally protected individual rights of plaintiff. Defendant failed to recognize the maxim that an individual's constitution rights are the most sacred of all rights of a free society.

Opposition to MSJ                Page 6 of 20                Anderson vs. State
3AN 00r 11687 CI
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 30 of 51

The right of the government to tax is not disputed. The
government's interest in obtaining information for computing
taxes is legitimate. However, the procedures applicable to
business personal property are not transferable to real
property. The legislative purpose of AS 29.45.130 prior to
being amended in 1999 was poorly written and codified personal
property tax legislation. The dormant legislative intent,
defined in Black's Law Dictionary, as "The intent that the
legislature would have had if a given ambiguity,
inconsistency, or omission had been called to the legislators'
minds" must be examined. In AS 29.45.130(a) the omission of
the word "personal" from the second sentence creates an
ambiguity. When the legislature amended AS 29.45.130(b) they
failed to recognize the law as originally written was never
intended to apply to real property, instead it was a law about
business personal property.

### 2. Article I, Section I of the Alaska Constitution

The concept of equal protection has been traditionally
viewed as requiring the uniform treatment of persons standing
in the same relation to the governmental action questioned or
challenged. *Reynolds v Sims, 377 U.S. 534, 565 (1964)*. The
legislature, through AS 29.45.130(b), granted a right of entry
on to private residential property by tax assessors in
political subdivisions of the state. The constitutional rights
to the pursuit of happiness and the enjoyment of rewards of

Opposition to MSJ                Page 7 of 20              Anderson vs. State
                                                          3AN-00-11687 CI
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 31 of 51

real property ownership do not require the plaintiff to live in a particular part of the state to be free from government intrusion by tax assessors. The Alaska constitution requires equal protection "under the law", not equal protection "of the laws". The protection enjoyed by an individual residing outside the boundaries of the political subdivisions of the state is not threatened by government intrusion from tax assessors. Equal protection "under the law" requires the same protection to individuals residing within the boundaries of political subdivisions of the state. The government objective of gathering tax information through AS 29.45.130(b) is discriminatory against residents living in political subdivisions where taxes are levied.

The fundamental rights of the individual are involved and the means and ends analysis requires the highest scrutiny. The stated purpose of real property tax investigation is inadequate to justify the legislation. *Alaska Pacific Assurance Co v. Brown, 687 P.2d, 264, 269 (Alaska)*.

### 3. Article I, Section 7 of the Alaska Constitution

The term "due process of law" is not susceptible to a precise definition or reduction to a mathematical formula. But in the course of judicial decisions it has come to express a basic concept of justice under law. *Bachner v. Pearson, 479 P.2d 319, 333 (Alaska 1970)*. The power of municipalities to

Opposition to MSJ                Page 8 of 20              Anderson vs. State
                                                          3AN-00-11687 CI
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 32 of 51

levy a tax is no disputed. The process due an owner of real property subject to a tax is a matter of law.

The defendant alleges that, as a matter of statutory law AS 29.45.130, the assessor has a right of entry on to private residential property for the purpose of performing his/her duties as an assessor.

AS 29.45.130 addresses the manner in which the assessor may obtain evidence of the valuation of property. The assessor is a government official working for a municipality, a defacto corporation, whose duties are defined in AS 29.45.

The assessor is a person within the corporation with a specific duty. The assessor's duty is to estimate the value of property, both real and personal, for tax purposes. The assessor in estimating the value acts judicially. *Hagar v. Reclamation Dist. #108, 111 U.S. 701, 710, (1884)*. The assessor is not a legislative body and does not act as an administrative agency, *Kollodge v. State, 757 P.2d 1028, 1033 (Alaska 1988)*.

The assessor is responsible for preparation of the assessment roll under AS 29.45.160. In the event a property owner does not appeal a property assessment the assessed value is considered final and the tax is undisputed.

Due process when an appeal is filed under AS 29.45.190 is a taxpayer right. The board of equalization is an administrative agency. *Winegardner v. Greater Anchorage Area*

Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 33 of 51

*Borough* 534 P.2d 541, 544 (Alaska 1975). The board acts as a quasi-judicial body to hear a dispute regarding the assessed value of a property. The assessor is required by law to provide the board a summary of assessment data relating to each appeal, *See AS 29.45.190 (d)*. The assessor would be obligated under due diligence to seek out a warrant and perform a full inspection of every property appealed prior to testifying before a board of equalization if AS 29.45.130(b) applied to real property. The appellant bears the burden of proof at a board of equalization hearing, *See AS 29.45.210(b)*. The board is hearing a dispute between two parties regarding the estimated valuation of property, the board's responsibility is to hear the evidence, determine the facts, issue findings of fact and determine the final valuation of the property.

The appellant bears the burden of proof regarding the valuation. The assessor and political subdivisions interest are protected through the due process requirements of the hearing and the right to appeal a board of equalization decision under AS 29.45.210(d). Taxpayer protection from all inequalities in taxation is not a constitutional right, *Hoblit v. Greater Anchorage Area Borough, 473 P.2d 630, 632 (Alaska 1970)* nor is a particular method of valuation required, *Id*. The requirement that the appellant prove the grounds for

adjustment balances the protections afforded the individual
under other sections of the constitution.

The warrant procedure, even if civil in nature, is
seriously objectionable in the tax assessment context. If a
warrant could be obtained (the defendant affords little help
as to how it would be obtained, Alaska Rules of Civil
Procedure 91(c) allows for administrative subpoenas only), it
presumably could be applied for ex parte, its execution would
require no notice, it would justify entry by force, and its
hours of execution would not be limited to business hours. The
warrant necessarily would imply conduct either criminal or out
of compliance with an asserted governing standard. The force
behind the warrant argument is the fact that it would have to
rest upon probable cause. The assessor acting in his official
capacity in determining property valuations is unlikely to
ever obtain a warrant. A citizen shown a law asserting the
right of an assessor to obtain a warrant might be coerced into
waving constitution rights based on the unconstitutional
language of the law.

Even a subpoena cannot be justified as there is no
relevant purpose for production of records of real property
for assessment purposes. *See v. City of Seattle, 387 U.S.
541,545 (1967).*

Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 35 of 51

4.  **Article I, Section 14 of the Alaska Constitution,
    the 4th Amendment to the U.S. Constitution and the
    14th Amendment to the U.S. Constitution**

Freedom from unreasonable searches and seizures is a
fundamental right protected against state violations by the
due process clause of the Fourteenth Amendment to the U.S.
Constitution. *Wolf v. Colorado, 338 U.S. 25, 27 (1949)*.

Administrative inspections are searches within the
meaning of the Fourth Amendment to the U.S. Constitution.
*Camara v. Municipal Court, 387 U.S. 523, 528 (1967)*. Blacks
Law Dictionary defines administrative search as "a search of
public or commercial premises carried out by a regulatory
authority for the purpose of enforcing compliance with health,
safety, or security regulations." An investigation conducted
under AS 29.45.130 is a search of private property for the
purpose of tax assessment and is unreasonable.

The activities of property valuation and tax assessment
have no place in either criminal or administrative law except
due process requirements regarding taxpayer appeals before the
board of equalization. Tax assessment is not a regulatory
agency nor is ownership of real property a criminal offense.
Criminal law requires probable cause for action, there is no
action under AS 29.45.130 by a taxpayer regarding real
property that would violate criminal law. The assessor is not

Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 36 of 51

a regulatory agency nor are there any health, safety or security issues involved in tax assessment.

McGee v State, 614 P.2d 800, 804 (Alaska 1980) is not on point. The facts in a criminal action determine if a legal "search" or "seizure" has occurred with a subsequent attempt to use judicially what was seized, for the exclusionary rule to apply an illegal "search" or "seizure" must have occurred. The "search" undertaken by the assessor is not for criminal evidence but for real property taxation.

Weltz v. State, 431 P.2d 502, 505 (Alaska 1967) is not on point. Weltz occurs in a public place, is criminal law which limits the plain view doctrine by the probable cause requirement, Arizona v. Hicks, 480 U.S. 321, 325 (1987) and does not involve a home or a homes curtilage. For administrative searches the probable cause requirements are dispensed with in favor of a reasonableness standard that balances the government's interest against the individual's privacy interest. The viewing of the exterior of a dwelling or structure of what is in "plain view" from a roadway or other public space is not the issue before the court. The reasonableness of a warrantless inspection conducted by a government official (assessor) entering onto real property without the knowledge or consent of the owner for the purpose of gathering information is the issue before the court.

Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 37 of 51

The assessor entering real property for the purpose of gathering information represents he has a right to enter the property. Entry even to obtain permission for an inspection of private residential property is trespass. The government can not condition "subjective expectations" by only performing warrentless exterior inspections as a "legitimate expectation of privacy" against government intrusion exist for all types of inspections of real property, *Rakas v. Illinois, 439 U.S. 128, 143 n.12 (1978)*. A door knock to notify an individual the assessor is on the property or inquire about an interior dwelling inspection is a representation that the assessor has a right of entry onto the real property and a right to inspection. The assessor is a government official acting in an official capacity. A residential property owner will typically yield to an official asserting his official status and claim of right to an exterior inspection rather than make his own determination of the constitutionally of AS 29.45.130.

AS 29.45.130 requires no consent from the property owner for an exterior inspection, the assessor can enter a property without the knowledge or consent of the owner at any time within the reasonable hours limitation of AS 29.45.130(b). The assessor can in fact make a judgment as to the likelihood that the real property is occupied at any given time and attempt to enter when no one is there to refuse consent.

As noted above under the discussion of due process the assessor would have to justify a warrant through probable cause to enter and inspect the interior of a dwelling. The ownership of real property affords no action by an individual that can justify a warrant.

The compulsory production of a man's private papers for real property taxation is a unreasonable search and seizure within the meaning of the fourth amendment. *Boyd v. U.S., 116 U.S. 616, 622, (1886).*

### 5. Article I, Section 22 of the Alaska Constitution

"Constitutional provisions should be given a reasonable and practical interpretation in accordance with common sense. The court should look to the plain meaning and purpose of the provision and the intent of the framers"; *Arco Alaska, Inc. v. State, 824 P.2d at 710.* The defendant represents a property owner has a right of refusal to entry into a dwelling and this is the only interest protected by Article I, Section 22. The adoption of stricter controls on warrantless government action is at the heart of the right to privacy in Alaska. *Woods & Rohde, Inc. v State, 565 P.2d 138, 148 (Alaska 1977).* AS 29.45.130(b) dispenses with all controls and grants the assessor right of entry onto real property without the knowledge or consent of the owner for the purpose of gathering information. There is no assurance the inspection is reasonable under the Constitution and the owner is advised

Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 39 of 51    3AN-00-11687 CI

through statute, and not express notice, of the assessors actions. When an assessor doing an exterior inspection of a dwelling comes to a unobstructed window the view into private areas of the home is unprotected. When the window is in a location not viewable from a public area the intrusion into ones privacy is the equivalent of entry into the home. The assessor cannot avoid peering into a unobstructed window anymore than he can avoid peering through a open doorway if he were to request permission by knocking on a door and talking to an occupant.

*State, Dep't of Revenue v. Oliver, 636 P.2d 1156, 1166 (Alaska 1981)* is not on point. Oliver dealt with income tax not real property tax. Taxable income is multiplied by the applicable tax rate to compute one's income tax liability. The taxing authority must know an individuals taxable income in order to compute the tax liability. A real property tax is not levied on the property specifically but according to its estimated value. *See AS 29.45.110 (full and true value)*. There are no records in the custody of an individual involving real property assessment which would be need by the assessor. Any documentary evidence presented voluntary by an appellant at a board of equalization hearing would be addressed in the findings of fact issued by the board. Oliver makes no mention of a warrant, a summons does not compel entry.

### 6. Article I, Section 15 of the Alaska Constitution

Opposition to MSJ                    Page 16 of 20                    Anderson vs. State
                                                                      3AN-00-11687 CI
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 40 of 51

The legislature, through enactment of AS 29.45.130(b) granted special privileges and immunities to the assessor of political subdivisions of the state. The assessor is an individual in a defacto corporation with the responsibility of estimating real property values and representing the government's interest before a board of equalization in an appeal. The assessor has no standing as an enforcement officer or administrative agency. The legislature by granting a right of entry onto private residential property without the knowledge or consent of the owner gave the assessor special privileges and immunities not conferred to any other individuals. The maxim that every invasion of private property, be it ever so minute, is a trespass becomes meaningless if by legislative act the government can grant government officials the right to enter real property for any purpose.

### 7. Article II, Section I of the Alaska Constitution

The legislature delegated statutory authority to political subdivisions without reasonable standards or guidelines. The political subdivisions exceeded their delegated authority by interpreting AS 29.45.130 to apply to real property prior to HB22 amending AS 29.45.130(b). The interpretation by political subdivisions that AS 29.45.130(b) applied to real property is found at *page two of Affidavit of Steve Van Sant* "The changes made to the existing law are, in

Opposition to MSJ          Page 17 of 20          Anderson vs. State
                                                  3AN-00-11687 CI
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 41 of 51

my professional opinion, consistent with the assessment
practices current at that time and now" and throughout
defendants exhibit A, *see Defendants Motion for Summary
exhibit A page 6*, Mr. Van Sant "stated that most assessors do
not have a problem with HB22 which encompasses what is
typically done", *page 7*, Mr. Hearer "said that initially he
did not have a problem with HB 22 because it specified how the
industry already interprets AS Section 29.45.130(b)", and *page
11* "He told private property signs mean nothing to assessors".

The legislature amended the law to say what the assessors
wanted it to say without regard to the constitutionality of
the law.

### 7.   Article II, Section 19 of the Alaska Constitution

AS 29.45.130(b) is a general act if it applies to
political subdivisions and not persons. The law as written is
a special act dispensing favors to assessors. Assessors are
particular persons in the state. The fact that the assessor's
job might be easier as a result of obtaining more information
through violations of constitutionally protected rights is not
grounds for enactment of AS 29.45.130(b).

### Conclusion

The State has failed to meet the burden of proof for
summary judgment.

The political subdivisions of the state have a right to
determine what regulatory schemes they wish to require or what

Opposition to MSJ                 Page 18 of 20                 Anderson vs. State
                                                                 3AN-00-11687 CI
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 42 of 51

legal means they wish to employ in order to gather information
for tax purposes. Building permit information is a source
available if the political subdivision chooses to implement
such a regulatory program. Viewing from public areas is a
legal source of information. The due process hearing before a
board of equalization is a fact finding administrative hearing
which protects the interest of both parties and determines the
final valuation when a dispute exist. The fact that these
sources are less precise, more costly or less convenient than
simply entering onto real property and investigating is
irrelevant. The individuals constitutionally protected rights
far outweigh the assessors desire to obtain information by
whatever means the defendant deems appropriate.


Dated this _31st_ day of ~~April,~~ *MARCH* 2001.


By: _Robert P Anderson_
ROBERT P. ANDERSON
4908 Roger Drive
Anchorage, Alaska
99507

Opposition to MSJ          Page 19 of 20          Anderson vs. State
                                                  3AN-00-11687 CI
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 43 of 51

The undersigned certifies that on *March 31, 2001*
a copy of this document was mailed, first
class postage prepaid, addressed to:

Assistant Attorney General, State of Alaska
Marjorie L. Vandor
P.O. Box 110300
Juneau, Alaska 99811-0300

*Robert P Anderson*

Robert P. Anderson

Opposition to MSJ          Page 20 of 20          Anderson vs. State
                                                  3AN-00-11687 CI
Case 3:21-cv-00139-JMK   Document 88-1   Filed 03/07/24   Page 44 of 51

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

ROBERT P. ANDERSON,  )
                     )
        Plaintiff,   )
                     )
v.                   )
                     )
STATE OF ALASKA,     )
                     )
        Defendant.   )
_____) 3AN-00-11687 CI

## STATE'S REPLY TO PLAINTIFF'S REASONS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

In his opposition to the State's Motion for Summary Judgment, plaintiff Robert P. Anderson (Anderson) fails to present any factual or legal basis that rebuts the State's authorities presented in support of its motion for summary judgment. Therefore, the State believes the court should find in favor of the state on the motion before it.

As set forth in the Motion for Summary Judgment, the statute, which is the main focus of Anderson's complaint, AS 29.45.130, is presumed constitutional. Anderson has failed to rebut this presumption. He presents no evidence or proof of action by the State that renders this statute unconstitutional. Anderson instead simply claims that the statute, in authorizing a government official (the local assessor) to enter onto private real property, regardless of the purpose, is prima facie unconstitutional. But, the limited purpose (to investigate a property assessment return for valuation) and the unintrusiveness of the investigation (enter real property during reasonable hours to

Reply - MSJ                Page 1 of 7                Anderson v. State
                                                      3AN-00-00687 CI

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

examine visible personal property and the exterior of a dwelling or other structure on the real property) is very important to the analysis of the government action involved versus any personal privacy interest. The right of privacy protected by the Fourth Amendment's prohibition of unreasonable searches and seizures is not absolute, and must be balanced against legitimate and weighty competing private and state interests. *Poddar v. Department of Revenue*, 983 P.2d 527, 533 (Oregon 1999). Being able to perform assessments is a legitimate and important government interest. Anderson even agrees that assessments must be done and that taxes must be paid. Pl. Opp. at 7.

Presumably, Anderson believes that assessors may only look at property, even from the exterior, if given permission by the owner and that to do otherwise is an arbitrary invasion by government officials. He cites *Schultz v. State*, 593 P.2d 640, 642 (Alaska 1979), a criminal arson case, in support of this view. *Schultz,* however, is factually offpoint. The court in *Schultz* discusses the right of fire officials to enter a dwelling after a fire occurred in order to investigate the possible cause of the fire. It was held that a fire official's entry into the house without a warrant was lawful and her photographing the premises and seizing of evidence was lawful, the premises and objects being in plain view. *Id.* at 643. *Schultz* deals with the "entry" into a dwelling by government officials and discusses when a warrant is necessary to avoid there being an unlawful search or seizure or an invasion of privacy by such officials. There is no

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

unauthorized entry into a private dwelling by virtue of AS 29.45.130 -- indeed AS 29.45.130 specifically *prohibits* unauthorized entry into dwellings.

Anderson cites to *Camara v. Municipal Court of the City and County of San Francisco*, 387 U.S. 523 (1967), in support of his argument that an assessment process is an administrative investigation and is a search within the meaning of the Fourth Amendment. The State does not dispute that when entry into one's private residence is denied to an assessor seeking entry, that an administrative warrant is certainly required and AS 29.45.130 requires such. *Camara*, however, is another case dealing with a warrantless inspection and *entry* into a personal residence, and is off point factually to the statute at issue here. There are no arbitrary invasions by government officials or warrantless "entry" authorized in AS 29.45.130.

Anderson has not cited any authority for his theory that a law which authorizes a local assessor, as an official of the government, who enters real property in the manner required by law (i.e., during reasonable hours/examine visible property/exterior of dwelling only) is automatically violating a private individual's right of privacy or right to be free from unreasonable searches and seizures. AS 29.45.130 is presumed constitutional. The inspection of visible property and exterior dwellings is a basic minimum required for assessors to be able to adequately assess property in a fair and equal manner in order to comply with the full and true value standards required under AS 29.45.110. The assessment is not an arbitrary act by a public official; it is a

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

mandated process and is an intregal part of municipal taxation under AS 29.45 (*see* discussion in State's Motion for Summary Judgment, pp. 6 - 8.).

Anderson also claims that the case cited by the State, *Hawkins v. Groom*, 893 S.W. 2d 123, 124 (Court of Appeals, Texas 1995) is not on point. The State disagrees. This case clearly stands for the premise that viewing a dwelling and property from its exterior is not intrusive into one's home nor is it a violation of privacy rights. The issue in *Hawkins* dealt with "private property." And, it is "not a trespass" for the assessor, a government official acting in his authorized capacity, to enter the real property for the sole purpose of performing his/her duties as an assessor. *Id.* There has been no factual allegation or evidence submitted by Anderson to rebut the authority of assessors, when authorized in law, to enter the real property for the sole purpose of performing their duties and viewing property in plain view. Nor has he provided evidence that local assessors have not complied with the authorizing statute or acted arbitrarily with respect to his rights.[1] Anderson even claims that, regardless of due process protections set forth in the statute (AS 29.45.130) requiring a court order if an assessor is refused entry to a dwelling or access to personal records related to the property, that this is unconstitutional and a violation of one's right to privacy. It is well established that laws requiring a taxpayer to furnish the government with information necessary for determination of taxable value of property, subjecting taxpayer's records to production

---

[1] Even if submitted, that would not concern action by the State and Anderson would still have failed to state a claim for which relief may be granted against the

and inspection, and requiring a taxpayer to appear and testify are not violative of constitutional guaranty against unreasonable search and seizure. *See Gange Lumber Co. v. Henneford, et. al.*, 53 P.2d 743 , 744 (Wash. 1936) (there is a striking unanimity of authority sustaining such inquisitorial powers granted to taxing agencies by legislative authorities). And, in *Poddar v. Department of Revenue*, the court held that the invasion of a taxpayer's privacy resulting from an order authorizing inspection of private premises (inside the dwelling), in connection with a challenge valuation of property for taxation reasons is outweighed by the government's interest in defending against an assessment and does not violate the Fourth Amendment. 983 P.2d at 533.

In his opposition, Anderson presumes that the local assessor will act unconstitutionally in carry out his assessing duties as authorized under AS 29.45.130. However, to sustain a constitutional claim, the court must construe a statute to avoid constitutional problems (*Chenega Corp. v Exxon Corp.*, 991 P.2d 769, 785 (Alaska 1999)) and the burden rests with the person alleging a statute is unconstitutional to show that in its operation the statute is unconstitutional to him in his situation. Vol. 2A Singer *Sutherland Statutory Construction*, sec. 45.11 (6th ed., 2000 rev.). Anderson has failed to meet this burden.

As a final matter to be addressed, Anderson complains that the State's Ex. A (copies of legislative committee minutes and sponsor statements), are improper because

---

defendant.

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURT-HOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600

the State did not provide full transcripts of committee hearings or provide the entire legislative history of AS 29.45.130(current version as well as earlier). Anderson cites Evidence Rule 803(10) for this premise and further alleges that certification was necessary under Evidence Rule 902(4). Evidence Rule 803(10) -- hearsay exceptions -- does not support Anderson's claim. These documents are readily available to the public through the Internet and Legislative Library and are sufficient to support that what they claim to be. *See* Evidence Rules 803(8) and 901. If Mr. Anderson believes there may be legislative history of AS 29.45.130, in its current or earlier forms, that is supportive of his claims, then he must perform his own research and submit such evidence he believes is relevant to his position. It is the State's position that the documents in State's Ex. A need not be certified. If the court believes it is necessary, the State will provide such certification of those public records. Alternatively, the court may relax the requirement under Civil Rule 94.

In sum, the State reiterates the legal arguments and authorities cited in its Motion for Summary Judgment. Further, the State believes that Anderson has failed to rebut those authorities and that, as a matter of law, it is entitled to summary judgment under Civil Rule 56. Anderson has failed to state a claim upon which relief can be granted and the complaint should be dismissed with prejudice.

DATED this 13th day of April, 2001.

BRUCE M. BOTELHO
ATTORNEY GENERAL

By: Marjorie L. Vandor
Assistant Attorney General
Alaska Bar No. 8511185

ATTORNEY GENERAL, STATE OF ALASKA
DIMOND COURTHOUSE
P.O. BOX 110300, JUNEAU, ALASKA 99811
PHONE: 465-3600