Jason A. Thomas
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendant
Municipality of Anchorage

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON, )<br><br>Plaintiff, )<br><br>vs. )<br><br>MUNICIPALITY OF ANCHORAGE, )<br><br>Defendant. )<br>_____ ) | Case No. 3:21-cv-00139 JMK |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS

### INTRODUCTION

This court lacks subject matter jurisdiction and is subject to dismissal under Feb. R. Civ.

P. Rule 12(b)(1) because this cause of action challenges the tax assessment, levy, or collection of

a tax under state law, and a plain, speedy, and efficient remedy exists under Alaska state law.

As described below, the Plaintiff has set out facts to conclusively prove that the actions at

issue are a part of the tax assessment process. Plaintiff has not met his burden of proving subject

matter jurisdiction of this honorable court in light of the Tax Injunction Act, 28 U.S.C. 1341

because plain, speedy, and efficient remedies exist in Alaska state court through original civil

rights actions or administrative appeals. The Plaintiff did not fully litigate the claims through to

the Alaska Supreme Court before seeking federal appellate review of that decision, or otherwise

establish federal jurisdiction effectively. Therefore, this action is barred.

## STANDARD OF 12(B)(1) MOTIONS

The Plaintiff miscites the Municipality of Anchorage's burden to meet in a motion to

dismiss for lack of subject matter jurisdiction. He cites *Nissan Fire & Marine Ins. Co. v. Fritz*

*Companies, Inc.,* 210 F.3d 1099 (9th Cir. 2000). This case sets the burden for a motion for

summary judgment. *Id* at 1103. Instead, in deciding subject matter jurisdiction questions, the

burden is on the Plaintiff to establish subject matter jurisdiction once it is called into question:

> When subject matter jurisdiction is challenged under Federal Rule of Procedure
> 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the
> motion. A plaintiff suing in a federal court must show in his pleading,
> affirmatively and distinctly, the existence of whatever is essential to federal
> jurisdiction, and, if he does not do so, the court, on having the defect called to its
> attention or on discovering the same, must dismiss the case, unless the defect be
> corrected by amendment.

*Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (internal

quotations and citations omitted), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S.

77 (2010). *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, further states that the

Plaintiff has the burden of proof:

> In considering the jurisdiction questions, it should be remembered that it is a
> fundamental principle that federal courts are courts of limited jurisdiction. A
> federal court is presumed to lack jurisdiction in a particular case unless the
> contrary affirmatively appears.

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 2 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 2 of 25

*Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.,* 873 F.2d 1221, 1225 (9th Cir. 1989) (internal quotations and citations omitted). Because the Defendant has called into question the subject matter jurisdiction of this court, the Plaintiff must prove this case is not barred from federal district court under the Tax Injunction Act.

## ENTRY ONTO PLAINTIFF'S LAND IS UNDISPUTEDLY A PART OF THE MUNICIPALITY'S PROPERTY TAX ASSESSEMENT.

It is undisputed upon looking at the plaintiff's complaint and other motions that the alleged Fourth amendment violations are a part of the Defendant's tax assessment and collection scheme, putting it within the Tax Injunction Act's subject matter limitation.

Despite these facts, the core of the Plaintiff's argument is that because Anchorage Municipal Code and Alaska Statutes uses the word "appraisal" instead of "assessment," Plaintiff's claims fall outside of the jurisdictional bar of the TIA. [Docket 86 p. 5-7]. This argument should not be persuasive. Both words have the same meaning in common usage. Black's Law Dictionary defines assessment as "1. Determination of the rate or amount of something, such as a tax or damages 2. Imposition of something, such as a tax or fine, according to an established rate; the tax or fine so imposed[.]" ASSESSMENT, Black's Law Dictionary (11th ed. 2019). Black's Law Dictionary also defines appraisal as "1. The determination of what constitutes a fair price for something or how its condition can be fairly stated; the act of assessing the worth, value, or condition of something. 2. The report of such a determination; specif., a statement or opinion judging the worth, value, or condition of something." APPRAISAL, Black's Law Dictionary (11th ed. 2019). They are synonyms. *See* Cambridge Dictionary, Appraisal, Synonyms for appraisal from Random House Roget's College Thesaurus, Revised and Updated Edition © 2000 Random House, Inc.,

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 3 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 3 of 25

https://dictionary.cambridge.org/thesaurus/appraisal (March 5, 2024); Cambridge Dictionary,

Assessment, Synonyms for assessment from Random House Roget's College Thesaurus, Revised

and Updated Edition © 2000 Random House, Inc.,

https://dictionary.cambridge.org/thesaurus/assessment (March 5, 2024).

## AVAILIBLE STATE REMEDIES ARE PLAIN, SPEEDY AND EFFICENT

The question to be addressed in this case is whether there is a plain, speedy, and efficient

remedy to address the constitutional questions involved in local tax collection in state court. In

Plaintiff's opposition to the Defendant's motion to dismiss Plaintiff states that there is not any

plain, speedy, and efficient remedy in state court to bring such constitutional claims. As

described below, there are two remedies available in state court: a property tax appeal on the

municipal level, subject to judicial review in Alaska courts; and an original § 1983 action in state

court. The Plaintiff even unsuccessfully brought an identical § 1983 action. Plaintiff did not

appeal the judgment in the state court case and instead forum-shopped and tried again to litigate

the same type of action in federal court in this instant case.

## 42 U.S.C. § 1983 IN ALASKA STATE COURT

The appropriate jurisdiction to file an original action for an alleged civil rights violation

involving the tax assessment process by state and local governments is to file in state court, not

in federal district court. Commit dictates such an action is a matter for state courts. This is

plainly stated in the first case the Plaintiff cites, *Fair Assessment in Real Est. Ass'n, Inc. v.*

*McNary* [Doc 86 p.2] in Plaintiff's opposition to the Defendant's Motion to Dismiss:

> Therefore, despite the ready access to federal courts provided by Monroe and its progeny,
> we hold that taxpayers are barred by the principle of comity from asserting § 1983
> actions against the validity of state tax systems in federal courts. Such taxpayers must
> seek protection of their federal rights by state remedies, provided of course that those

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 4 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 4 of 25

remedies are plain, adequate, and complete and may ultimately seek review of the state decisions in this Court.

*Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981). The court also

states that bringing a §1983 action is an adequate state remedy:

> The adequacy of available Missouri remedies is not at issue in this case. The District Court expressly found "that [petitioners] have means to rectify what they consider an unjust situation through the state's own processes," and petitioners do not contest this finding. In addition, the Missouri Supreme Court has expressly held that plaintiffs such as petitioners may assert a § 1983 claim in state court.

*Id*. More explicitly, the Second circuit has stated that federal review is through the United States

Supreme Court's review of the State's court of last resort, in this case it would be a decision from

the Alaska Supreme Court. *See Am. Commuters Ass'n v. Levitt*, 405 F.2d 1148, 1151 (2d Cir.

1969).

In Alaska, a 1983 civil rights action may be brought against a municipality in state court,

and in doing so it considers "whether a plaintiff's harm was caused by a constitutional violation

and if the city is responsible for the violation." *See Trask v. Ketchikan Gateway Borough*, 253

P.3d 616, 621 (Alaska 2011).

The Plaintiff has previously brought an action challenging the constitutionality of the tax

assessment procedures in state court, and in doing so established that a state court remedy exists.

In Anderson v. State of Alaska, he alleged that A.S. 29.45.130, the statute that authorized a tax

assessor to enter upon real property for evaluating the value of property, violated both the Alaska

Constitution and the Fourth and Fourteenth Amendments of the United States Constitution.

[Docket 88-1 p 3-4]. The Defendant and the State of Alaska are able to make their claims about

the constitutionality of the independent investigation powers of a local assessors. [Docket 88-1

p.11-20, 45-51] (State of Alaska's arguments as part of a motion for summary judgment and

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 5 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 5 of 25

reply) [Docket 88-1 p. 36-39] (The Plaintiff's arguments as part of Plaintiff's opposition to summary judgment).

Judgment entered on the merits in favor of the State of Alaska with a decision that such tax scheme did not violate the Fourth Amendment of the United States in of itself establishes a state remedy for addressing constitutional issues involving the tax assessment process. [Docket 81-1] The facts alone that Plaintiff's civil rights case was not dismissed for lack of subject matter jurisdiction and that a ruling regarding federal constitutional rights involving the state tax assessment administrative is enough to establish that a plain, speedy, and efficient remedy exists in state courts. The correct way to seek federal review of the state court decision was to appeal the state superior court decision to the state court of last resort, in this case the Alaska Supreme Court, and if the decision was unfavorable, petition for review by the United States Supreme Court. Plaintiff did not do that. Instead, he filed a second original action in federal district court. The TIA restricts the federal district courts from hearing such cases. Because he had a plain, speedy, and efficient remedy in state court, as evidenced by Plaintiff's previous utilization of such action, this case must be dismissed for lack of subject matter jurisdiction under the Tax Injunction Act.

ADMINISTRATIVE APPEAL OF MUNICIPAL TAX DECISIONS[1]

An original action for a civil rights violation involving the tax assessment process is not Plaintiff's only way to seek redress. Instead, such constitutional violation may be sought as part of an administrative appeal in Alaska courts. The Plaintiff tries to argue that this process does not afford him the required procedural due process required to be a plain, speedy, and efficient remedy that would require dismissal of Plaintiff's federal case. This argument fails because the

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 6 of 25

administrative appeal involves a full hearing fulfilling the traditional requirements of procedural due process, with the opportunity to further supplement the record at the state court appellate level, and throughout this extensive process a constitutional challenge may be addressed.

The Second Circuit has recognized that remedies originating at city level are important in the context of the TIA. *See Am. Commuters Ass'n v. Levitt*, 405 F.2d at 1150 ("Both the State and City of New York provide for remedies."). Such a remedy exists on the municipal level and is reviewable in Alaska Superior Court, pursuant to A.S. 29.45.200(c) with an appeal of right to the Alaska State Supreme Court, Alaska R. App. P. Rule 202.

The authority to level property tax is codified both in the Alaska Constitution, Alaska Statues, Anchorage Municipal Charter, and the Anchorage Municipal Code. *See* Alaska Const. art. X § § 2,10,11; A.S. 29.45.010, et. seq; Anchorage Municipal Charter 14.01, and AMC 12.05.010 et. seq.

Alaska Statutes authorizes municipalities to power to levy *ad velorum* real property tax. A.S. 29.45.010. As part of the process, the Alaska Statutes and Anchorage Municipal Code set out notice requirements, the right to a hearing, and the right to appeal. Taxes on real property must be based on fair market value. A.S. 29.45.110. As such an assessment of value is required. This assessment process can include physical inspection of properties and responses from the owner. A.S. 29.45.130. After the property value is calculated, the municipality creates a tax roll of taxable properties within its jurisdiction. A.S. 29.45.160. The property owners get a copy of their valuation and can request an adjustment with the assessor. A.S. 29.45.180. If they disagree with the adjustment, they can then have a hearing in front of the Board of Equalization. A.S. 45.200. If the taxpayer is not satisfied with the Board of Equalization, an appeal can be made to

[1] The applicable statutes and municipal codes are reproduced separately in the section of "Authorities Relied Upon."
Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 7 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 7 of 25

the Alaska Superior Court sitting as an intermediate appellate court. *Id.* The Alaska Superior

Court's decision can then be appealed to the Alaska Supreme Court. Alaska R. App. P. Rule 202.

The Municipality of Anchorage has authorized and implemented the real property tax

assessment and collection powers authorized by state statute. Anchorage Municipal Charter 5.97

(Authorization for the Assembly to create a Board of Adjustment); Anchorage Municipal Charter

14.02 Tax Procedures (Authorizes the Assembly to tax property at full market value); AMC

12.05.010 et. seq (The execution and establishment of the taxation assessment power of the

Municipality of Anchorage as allowed by the Anchorage Municipal Charter).

The Plaintiff is concerned that the Board of Equalization hearing and the judicial review

of such hearing is not adequate to fulfill the required plain, speedy, and efficient remedy as

required by the TIA. The required elements of due process: notice, an opportunity to be heard,

and the right to appeal, are included in the administrative process.

Anchorage Municipal Code has further established procedures for the Board of

Equalization. The Board of Equalization hears appeals for property tax appeals AMC 12.05.050.

In preparation of the hearing, the assessor furnishes the board of equalization with a summary of

assessment data and may submit further information in the Board of Equalization hearing. AMC

12.05.053(A). The hearing and votes therein is to be recorded. AMC 12.05.053(C)(1). Both

parties may be represented by counsel. AMC 12.05.053(C)(2). The rules of evidence do not

apply, and hearsay may be considered if there are adequate guarantees of its trustworthiness.

AMC 12.05.053(C)(5). The appellant bears the burden of proof to prove that the assessment was

unequal excessive, improper or undervalued. AMC 12.05.053(C)(4). The decision is then

reduced to writing with findings of fact and law and an advisement that they may appeal to the

Alaska Superior Court. AMC 12.05.053(C)(8).

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 8 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 8 of 25

Alaska Superior Court's review of administrative decisions, including boards of equalization is executed by Alaska R. App. P. Rules 601 et. seq. The Alaska Supreme Court can then review the Board of Equalization's decision without deference to the superior court's decision. *Handley v. State, Dep't of Revenue*, 838 P.2d 1231, 1233 (Alaska 1992). When siting as an intermediate court of appeal, the Alaska superior court may hold a trial de novo to supplement the record. *See* Alaska R. App. P. Rule 609(b). Most importantly is that an appellant may ask the superior court when sitting as an appellate court to review constitutional issues in administrative adjudicative actions in which there exists a record capable of review. *See Brandon v. State of Alaska, Department of Corrections,* 938 P.2d 1029 (1997).

The elements the Plaintiff seeks as part of the required due process are all met at the local and state level. Notice is provided by the tax notifications. He can appeal to the board of equalization where he has a hearing to present evidence and can be represented by an attorney, and he can further appeal to Alaska state courts. Furthermore, constitutional issues may be heard as part of the appeal. Therefore, there exists a plain, speedy, and efficient remedy at state law in the administrative appeals process. Due to the presence of a state remedy and the Tax Injunction Act, this court lacks jurisdiction.

CONCLUSION

The Plaintiff challenges the property tax assessment procedures of the Municipality of Anchorage but does so under the civil rights jurisdiction of this court. However civil rights jurisdiction must yield to the prohibition on hearing challenges to state and local tax collection cases pursuant to the Tax Injunction Act when a plain, speedy and efficient remedy exists at the state level. The Plaintiff has tried to argue that one does not exist despite him previously bringing a federal civil rights claim against the assessment of property in state court. Lastly, he also could

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 9 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 9 of 25

also seek state review of Plaintiff's Fourth amendment claims in an appeal of Plaintiff's tax assessment through the board of equalization and raise constitutional issues for the state court to review.

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 10 of 25

**ALASKA CONSTITION**
**Alaska Const. Art. X - Local Government**
\*\*\*
§ 2.  Local Government Powers
All local government powers shall be vested in boroughs and cities. The State may delegate taxing powers to organized boroughs and cities only.
\*\*\*
§ 10. Extended Home Rule
The legislature may extend home rule to other boroughs and cities.
§ 11. Home Rule Powers
A home rule borough or city may exercise all legislative powers not prohibited by law or by charter.

**<u>ALASKA STATUTES</u>**
**AS 29.45.010. Property Tax**
(a) A unified municipality may levy a property tax. A borough may levy
(1) an areawide property tax for areawide functions;
(2) a nonareawide property tax for functions limited to the area outside cities;
(3) a property tax in a service area for functions limited to the service area.
(b) A home rule or first class city may levy a property tax subject to AS 29.45.550--29.45.560. A second class city may levy a property tax subject to AS 29.45.590.
(c) If a tax is levied on real property or on personal property, the tax must be assessed, levied, and collected as provided in this chapter.
**AS 29.45.020. Taxpayer Notice**
(a) If a municipality levies and collects property taxes, the governing body shall provide the following notice:
"NOTICE TO TAXPAYER
For the current fiscal year, the (city)(borough) has been allocated the following amount of state aid for school and municipal purposes under the applicable financial assistance Acts:
PUBLIC SCHOOL FUNDING PROGRAM (AS 14.17)                              $
STATE AID FOR RETIREMENT OF SCHOOL CONSTRUCTION DEBT          $
(AS 14.11.100)

COMMUNITY REVENUE SHARING PROGRAM                              $
(AS 29.60.850 – 29.60.879)

TOTAL AID                                                      $

The millage equivalent of this state aid, based on the dollar value of a mill in the municipality during the current assessment year and for the preceding assessment year, is:

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 11 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 11 of 25

| | MILLAGE EQUIVALENT | |
|---|---|---|
| | PREVIOUS YEAR | THIS YEAR |
| PUBLIC SCHOOL FUNDING PROGRAM ASSISTANCE | ………MILLS | …… MILLS |
| STATE AID RETIREMENT OF SCHOOL CONSTRUCTION DEBT | ……….MILLS | …….MILLS |
| MUNICIPAL TAX RESOURCE EQUALIZATION | ………..MILLS | ……..MILLS |
| PRIORITY REVENU SHARING FOR MUNICIPAL SERVICES | ………..MILLS | ……..MILLS |
| REVENUE SHARING FOR SAFE COMMUNITIES | ………..MILLS | ……..MILLS |
| TOTAL MILLAGE EQUIVALENT | ………...MILLS | ……..MILLS |

Notice shall be provided by

(1) furnishing a copy of the notice with tax statements mailed for the fiscal year for which aid is received; or

(2) publishing in a newspaper of general circulation in the municipality a copy of the notice once each week for a period of three successive weeks, with publication to occur not later than 45 days after the final adoption of the municipality's budget.

(b) Compliance with the provisions of this section is a prerequisite to receipt of community assistance under AS 29.60.850--29.60.879. The department shall withhold annual allocations under those sections until municipal officials demonstrate that the requirements of this section have been met.

**AS 29.45.110. Full and True Value.**

(a) The assessor shall assess property at its full and true value as of January 1 of the assessment year, except as provided in this section, AS 29.45.060, and 29.45.230. The full and true value is the estimated price that the property would bring in an open market and under the then prevailing market conditions in a sale between a willing seller and a willing buyer both conversant with the property and with prevailing general price levels.

(b) Assessment of business inventories may be based on the average monthly method of assessment rather than the value existing on January 1. The method used to assess business inventories shall be prescribed by the governing body.

(c) In the case of cessation of business during the tax year, the municipality may provide for reassessment of business inventories using the average monthly method of assessment for the tax year rather than the value existing on January 1 of the tax year, and for reduction and refund of taxes. In enacting an ordinance authorized by this section, the

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 12 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 12 of 25

municipality may prescribe procedures, restrictions, and conditions of assessing or reassessing business inventories and of remitting or refunding taxes.

(d) The provisions of this subsection apply to determine the full and true value of property that qualifies for a low-income housing credit under 26 U.S.C. 42:

(1) when the assessor acts to determine the full and true value of property that qualifies for a low-income housing credit under 26 U.S.C. 42, instead of assessing the property under (a) of this section, the assessor shall base assessment of the value of the property on the actual income derived from the property and may not adjust it based on the amount of any federal income tax credit given for the property; for property the full and true value of which is to be determined under this paragraph, to secure an assessment under this subsection, an owner of property that qualifies for the low-income housing credit shall apply to the assessor before May 15 of each year in which the assessment is desired; the property owner shall submit the application on forms prescribed by the assessor and shall include information that may reasonably be required to determine the entitlement of the applicant;

(2) the governing body of the municipality shall determine by ordinance whether the full and true value of all property within the municipality that first qualifies for a low-income housing credit under 26 U.S.C. 42 on and after January 1, 2001, shall be exempt from the requirement of assessment under (1) of this subsection; thereafter, for property that first qualifies for a low-income housing credit under 26 U.S.C. 42 on and after January 1, 2001, and that, by ordinance, is exempt from the requirement of mandatory assessment under (1) of this subsection, the governing body

(A) may determine, by parcel, whether the property shall be assessed under (a) of this section or on the basis of actual income derived from the property without adjustment based on the amount of any federal income tax credit given for the property, as authorized by (1) of this subsection; and

(B) may not, under (A) of this paragraph, change the manner of assessment of the parcel of property if debt relating to the property incurred in conjunction with the property's qualifying for the low-income housing tax credit remains outstanding.

## AS 29.45.120. Returns.

(a) The municipality may require each person having ownership or control of or an interest in property to submit a return in the form prescribed by the assessor, based on property values of property subject to an ad valorem tax existing on January 1, except as otherwise provided in this chapter.

(b) The assessor may, by written notice, require a person to provide additional information within 30 days.

## AS 29.45.130. Independent investigation.

(a) The assessor is not bound to accept a return as correct. The assessor may make an independent investigation of property returned or of taxable property on which no return has been filed. In either case, the assessor may make the assessor's own valuation of the property subject to an ad valorem tax and this valuation is prima facie evidence of the value of the property.

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 13 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 13 of 25

(b) For investigation, the assessor or the assessor's agent may enter real property during reasonable hours to examine visible personal property and the exterior of a dwelling or other structure on the real property. The assessor or the assessor's agent may enter and examine the interior of a dwelling or other structure or the personal property in it only (1) if the structure is under construction and not yet occupied; (2) with the permission of a person in actual possession of the structure; or (3) in accordance with a court order to compel the entry and inspection. The assessor or the assessor's agent may examine all property records involved. A person shall, on request, furnish to the assessor or the assessor's agent assistance for the investigation and permit the assessor or the assessor's agent to enter a dwelling or other structure to examine the structure or personal property in it during reasonable hours. The assessor may seek a court order to compel entry and production of records needed for assessment purposes.

(c) An assessor may examine a person on oath. On request, the person shall submit to examination at a reasonable time and place selected by the assessor.

**AS 29.45.160. Assessment Roll.**

(a) The assessor shall prepare an annual assessment roll. The roll must contain

(1) a description of all property subject to an ad valorem tax;

(2) the assessed value of all property subject to an ad valorem tax;

(3) the names and addresses of persons with property subject to an ad valorem tax.

(b) The assessor may list real property by any description that may be made certain. Real property is assessed to the record owner. The district recorder shall at least monthly provide the assessor a copy of each recorded change of ownership showing the name and mailing address of the owner and the name and mailing address of the person recording the change of ownership. Other persons having an interest in the property may be listed on the assessment records with the owner. The person in whose name property is listed as owner is conclusively presumed to be the legal record owner. If the property owner is unknown, the property may be assessed to "unknown owner". An assessment is not 14nvaliddated by a mistake, omission, or error in the name of the owner, if the property is correctly described.

**AS 29.45.170. Assessment Notice.**

(a) The assessor shall give each person named in the assessment roll a notice of assessment showing the assessed value of the person's property that is subject to an ad valorem tax. On each notice is printed a brief summary of the dates when taxes are payable, delinquent, and subject to penalty and interest, and the dates when the board of equalization will sit.

(b) Sufficient assessment notice is given if mailed by first class mail 30 days before the equalization hearings. If the address is not known to the assessor, the notice may be addressed to the person at the post office nearest the property. Notice is effective on the date of mailing.

**AS 29.45.180. Corrections.**

(a) A person receiving an assessment notice shall advise the assessor of errors or omissions in the assessment of the person's property. The assessor may correct errors or omissions in the roll before the board of equalization hearing.

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 14 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 14 of 25

(b) If errors found in the preparation of the assessment roll are adjusted, the assessor shall mail a corrected notice allowing 30 days for appeal to the board of equalization.

**AS 29.45.190. Appeal.**

(a) A person whose name appears on the assessment roll or the agent or assigns of that person may appeal to the board of equalization for relief from an alleged error in valuation not adjusted by the assessor to the taxpayer's satisfaction.

(b) The appellant shall, within 30 days after the date of mailing of notice of assessment, submit to the assessor a written appeal specifying grounds in the form that the board of equalization may require. Otherwise, the right of appeal ceases unless the board of equalization finds that the taxpayer was unable to comply.

(c) The assessor shall notify an appellant by mail of the time and place of hearing.

(d) The assessor shall prepare for use by the board of equalization a summary of assessment data relating to each assessment that is appealed.

(e) A city in a borough may appeal an assessment to the borough board of equalization in the same manner as a taxpayer. Within five days after receipt of the appeal, the assessor shall notify the person whose property assessment is being appealed by the city.

**AS 29.45.200. Board of Equalization.**

(a) The governing body sits as a board of equalization for the purpose of hearing an appeal from a determination of the assessor, or it may delegate this authority to one or more boards appointed by it. An appointed board may be composed of not less than three persons, who shall be members of the governing body, municipal residents, or a combination of members of the governing body and residents. The governing body shall by ordinance establish the qualifications for membership.

(b) The board of equalization is governed in its proceedings by rules adopted by ordinance that are consistent with general rules of administrative procedure. The board may alter an assessment of a lot only pursuant to an appeal filed as to the particular lot.

(c) Notwithstanding other provisions in this section, a determination of the assessor as to whether property is taxable under law may be appealed directly to the superior court.

**AS 29.45.210. Hearing.**

(a) If an appellant fails to appear, the board of equalization may proceed with the hearing in the absence of the appellant.

(b) The appellant bears the burden of proof. The only grounds for adjustment of assessment are proof of unequal, excessive, improper, or under valuation based on facts that are stated in a valid written appeal or proven at the appeal hearing. If a valuation is found to be too low, the board of equalization may raise the assessment.

(c) The board of equalization shall certify its actions to the assessor within seven days. Except as to supplementary assessments, the assessor shall enter the changes and certify the final assessment roll by June 1.

(d) An appellant or the assessor may appeal a determination of the board of equalization to the superior court as provided by rules of court applicable to appeals from the decisions of administrative agencies. Appeals are heard on the record established at the hearing before the board of equalization.

**ALASKA RULES OF APPELLATE PROCEDURE**

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 15 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 15 of 25

**Alaska R. App. P. Rule 609**

(a) **Powers of Superior Court**. After notice of appeal to the superior court has been given, the superior court may make such orders as are necessary and proper to aid its appellate jurisdiction.

(b) **De Novo Trial.**

> (1) In an appeal from an administrative agency, the superior court may in its discretion grant a trial de novo in whole or in part. If a trial de novo is granted, the action will be considered as having been commenced in that court at the time that the record on appeal is received by the superior court.

> (2) All further proceedings in such action are governed by the rules governing procedure in the superior court, except that no summons nor any amended or additional pleadings shall be served unless authorized or required by the court. The hearing or trial of the action shall be upon the record thus filed and upon such evidence as may be produced in the superior court.

[…]

## ANCHORAGE MUNICIPAL CHARTER

We, the people of Anchorage, in order to eliminate waste and duplication in government, to achieve common goals, to support individual rights, to form a more responsive government, and to secure maximum local control of local affairs, hereby establish this Charter.

## ARTICLE V. – THE EXECUTIVE BRANCH

### Section 5.07. - Boards and commissions.

> (a)The assembly by ordinance may provide for advisory, regulatory, appellate or quasi-judicial boards or commissions. The ordinance shall prescribe the duties, terms and qualifications of members.

> (b)The mayor appoints the members of boards and commissions, unless otherwise specifically provided in this Charter. Appointments are subject to confirmation by the assembly.

> (c)Boards and commissions may make recommendations to the assembly, the mayor, and heads of executive departments on matters specified in the ordinance creating the board or commission.

> (d)The assembly by ordinance may create or designate itself to be a board of review, adjustment, or equalization. The ordinance shall prescribe the rules of procedure, including quorum and voting requirements.

### Section 14.01. - Taxing authority.

> (a)The taxing power of the municipality is vested solely in the assembly. The taxing power may not be surrendered, delegated, suspended or contracted away except as provided by law.

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 16 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 16 of 25

(b)Unless otherwise provided in this Charter, no sales tax ordinance is valid until ratified by three-fifths (⅗) of those voting on the question at a regular or special election, except the taxes imposed by Charter Section 14.05 and Section 14.07 shall be effective if approved by a majority (50 percent + one) of the qualified voters voting on the question.

(c)Private leaseholds, contracts or other interests in land or property owned or held by the United States, the state, or other political subdivisions shall be taxable only to the extent of the fair market value of the private interest.

(Prop. 1 of 4-15-97 election, effective 5-30-97; AO No. 2005-17, § 1, 2-15-05; AO No. 2015-143, § 1(Prop. 2), 4-5-16 ; AO No. 2019-148(S-1) , prop. 13, 4-7-20)

**Section 14.02. - Tax procedures.**

(a)The assembly by ordinance shall adopt procedures for tax assessment, levy and collection.(b)The procedures shall provide for assessment of property at full and true value, except as otherwise provided by law, and for notice of assessment, appeal, and judicial review.(c)Property taxes, with collection charges, penalties, and interest are first liens upon the property.

**MUNICIPAL CODES**

**TITLE 12 - TAXATION**

**12.05.010 - Applicability of chapter.**

Unless provided otherwise, this chapter shall apply to the taxation of both real and personal property.

**12.05.020 - Definitions.**

The following words, terms and phrases, when used in this title, shall have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning:

*Assessor* means the municipal assessor orPlaintiff'sdesignated representative.

*Board of equalization* means the board established by the assembly to sit as a board of equalization.

*Costs* and *collection charges* mean any and all costs incurred to collect taxes, penalties and interest payable pursuant to this title.

*Full and true value* means the estimated price which the property would bring in an open market and under the then-prevailing market conditions in a sale between a willing seller and a willing buyer both conversant with the property and with prevailing general price levels.

*Personal property* means any property other than real property.

*Prime rate* means the prime rate as published in the Wall Street Journal and described therein as the base rate on corporate loans at large U.S. money center commercial banks.

*Property* means real property and personal property.

*Real property* means land, whether subdivided or not, all buildings, structures, improvements and fixtures of any kind thereon, and all possessory rights and privileges belonging or pertaining thereto.

*Tax year* means January 1 through December 31.

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 17 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 17 of 25

**12.05.045 – Assessor.**

There is established the division of property assessment within the department of finance headed by the assessor, under the direction of the chief fiscal officer. The assessor's responsibility is to discharge the duties specified in state law and in this Code.

    A.      The assessor shall mail out notices of valuation to each property owner of record no later than January 15 of the tax year and shall comply with State law for supplementary assessment rolls.

    B.      The assessor shall review annually those properties that are exempt from taxation to determine whether such properties continue to qualify for an exemption.

**12.05.050 - Board of equalization.**

    A.      *Membership; duties; term of office.*

          1.      *Membership.* The board of equalization consists of a pool of no less than six and up to 21 members, not including designated assembly members, appointed by the assembly. Each assessment year the Assessor, coordinating with the board chair, shall assign members to specific panels consisting of three members each, and schedule the panels for a calendar of hearing dates. The assignment of members to panels and the establishment of a hearing calendar shall be done in consultation with the individual members. Additionally, members may be asked to take the place of regular assigned panel members in the event an assigned panel member is unable to attend a scheduled meeting.

               a.      *Appointment of members.* Members of the public interested in serving on the board of equalization may submit a statement of interest and qualifications to the chair of the assembly, through the municipal clerk's office. Appointment to the board requires majority vote of the assembly. All applications received by the clerk shall be forwarded to the assembly chair and to the chair of the board of equalization within ten days of receipt. Thereafter, so as to allow for timely appointments and/or re-appointments, the chair of the assembly and the chair of the board of equalization shall review all applications. The chair of the assembly shall make recommendations to the full assembly for the appointment or re-appointment of those seeking membership on the board of equalization. The chair's recommendations shall be made prior to the end of each calendar year so as to facilitate

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 18 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 18 of 25

appointment or re-appointment by the assembly in January of each year so as to allow for training of new board members which will allow for the timely and efficient performance of the duties and responsibilities of the board which commence with the issuance of annual real property assessments.

b. *Designation of assembly members.* The assembly may designate itself as additional members of the board of equalization upon a finding that under present circumstances it is reasonable and prudent to do so. A designation shall apply to a single assessment year. If designated, the chair of the assembly shall forward to the assessor and the board chair the names of assembly members available to be seated. After an assembly member completes the same training as provided for board members, the board chair may assign an assembly member to a panel. An assembly member shall not hear an appeal of valuation of property located within the member's assembly district.

2. *Qualifications of members.* Members shall be appointed on the basis of their general business expertise and their knowledge or experience with quasi-judicial proceedings. General business expertise may include real and personal property appraisal, the real estate market, the personal property market, and other similar fields.

3. *Duties.* The board shall only hear appeals for relief from an alleged error in valuation on properties brought before the board by an appellant. A panel hearing a case must first make a determination that an error in valuation has occurred. Following the determination of an error in valuation the panel may alter an assessment of property only if there is sufficient evidence of value in the record. Lacking sufficient evidence on the record the case shall be remanded to the assessor for reconsideration. A hearing by the board may be conducted only pursuant to an appeal filed by the owner of the property as to the particular property.

4. *Compensation of members.* Compensation for members shall be $50.00 per daily session.

5. *Term of office.* Terms of office shall be for three years and shall be staggered so that approximately one-third of the terms shall expire each year on January 15.

B. *Chair.* The board annually shall elect a member to serve as its chair. The chair shall coordinate all board activities with the assessor including assignment of panel members, scheduling of meetings, and other such board activities.

C. *Presiding Officer.* Each panel shall elect its own presiding officer to act as the chair for the panel and shall exercise such control over meetings as to

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 19 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 19 of 25

ensure the fair and orderly resolution of appeals. In the absence of the elected presiding officer the panel shall appoint a temporary presiding officer at the beginning of a regular meeting. The presiding officer shall make rulings on the admissibility of evidence and shall conduct the proceedings of the panel in conformity with this chapter and with other applicable federal, state and municipal law.

D. *Report to the Assembly.* The board, through its chair, shall submit an independent report to the Assembly each year by September 15 identifying, at a minimum, the number of cases appealed, the number of cases scheduled to be heard by the board, the number of cases actually heard, the percentage of cases where an error of valuation was determined to exist, the number of cases remanded to the assessor for reconsideration, the number of cases resulting in the board altering a property assessment, and the net change to taxable property caused by board action. The report shall also include any comments and recommendations the board wishes to offer concerning changes to property assessment and appeals processes.

## 12.05.053 - Procedures.

A. *Preparation of appeal packet.* The municipal assessor shall furnish a panel of the board of equalization with copies of the appellants appeal and a summary of assessment data relating to the appeal. Such material shall be considered as part of the official testimony the board may hear. The assessor orPlaintiff'srepresentative may supplement the record by additional testimony, documentation and exhibits in accordance with subsection C.7 of this section.

B. *Quorum and voting.*
   1. *Quorum.* A quorum for hearing appeals shall consist of three panel members.
   2. *Voting.* The granting of any appeal or part thereof shall require the concurring vote of two members of the panel. Any appeal or part thereof which is not granted by the panel shall be considered denied.

C. *Conduct of hearings; decisions.* Except as otherwise provided in this chapter, hearings shall be conducted by each panel in accordance with the following rules:
   1. *Record.* The assessor shall keep verbatim stenographic records or electronic recordings of the board's proceedings, showing the vote of each member on every question and all of the evidence presented. The assessor shall prepare written minutes for all board proceedings and such minutes shall be signed by the presiding officer of the panel.
   2. *Counsel.* All parties may be represented by counsel during hearings before the board. On procedural matters the municipal attorney may

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 20 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 20 of 25

offer legal counsel to the board in the course of its proceedings. Upon the recommendation of the Municipal Attorney, the board may retain independent legal counsel for a particular matter.

3. *Case number.* Every appeal shall be assigned a case number which shall be read into the record along with the name of the appellant and the tax identification number, at the commencement of the hearing on that appeal.

4. *Burden of proof.* The burden of proof rests with the appellant. The only grounds for adjustment of an assessment are unequal, excessive, improper or under valuation based on the facts stated in a valid written appeal or proven at the appeal hearing in accordance with subsection 7 of this section. If the valuation is found to be too low, the board may raise the assessment. The municipality shall make available to the appellant all reasonably pertinent documents requested for presentation of the appeal.

5. *Rules of evidence.* Evidence shall only be presented by the appellant and the assessor or their authorized representative. The board shall not be restricted by the formal rules of evidence; however, the presiding officer may exclude evidence irrelevant to the issues appealed. Hearsay evidence may be considered provided that there are adequate guarantees of its trustworthiness and that it is more probative on the point for which it is offered than any other evidence which the proponent can procure by reasonable efforts. The appellant must submit to the assessor's office all documentary evidence in their possession which they wish to be considered and which is relevant to the resolution of the appeal. This evidence includes but is not limited to purchase and closing documents, appraisal reports, brokers opinion of value, engineers reports, estimates to repair, rent rolls, leases, and income and expense information. The panel hearing the case must sustain the original assessed value if the relevant evidence is not submitted to the assessor's office within 15 days from the close of the appeal period. The appellant and assessor may agree to an extension of time for the production of evidence.

6. *Order of presentation.* The appellant shall present evidence and argument first. Following the appellant, the assessor orPlaintiff'srepresentative shall present the municipality's evidence and argument. Each party shall be allowed a total of five minutes to present evidence, and make oral argument unless additional time is permitted by the presiding officer. The appellant may, at the discretion of the presiding officer, make a rebuttal presentation, not to exceed five minutes, directed solely to the issues raised by the assessor. The municipal attorney may question the appellant or the

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 21 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 21 of 25

assessor on matters relating to the appeal. The members of the board may ask questions, through the presiding officer, of either the appellant or the assessor at any time during the hearing. After both the appellant and the assessor have made their presentations, each may question the other through the presiding officer. The presiding officer may end the questioning and call for a motion from the other panel members.

7. *Witnesses, exhibits and other evidence.* The appellant and the assessor may offer oral testimony of witnesses and documentary evidence during the hearing. Documents to be submitted as evidence by the appellant must be filed with the assessor no later than 15 days from the close of the appeal period unless the appellant and assessor agree to an extension. If an appellant has refused or failed to provide the assessor or assessor's agent full access to property or records, the appellant shall be precluded from offering evidence on the issue or issues affected by that access and those issues shall be decided in favor of the assessor. All testimony before the board shall be under oath.

    a.    At the request of the appellant, evidence submitted pursuant to subsection C.5 or C.7 of this section relating to the assessed valuation of property used in an income-producing commercial enterprise shall be confidential. The assessor and the appellant may stipulate to facts to be presented to the board provided the assessor has received credible and reliable evidence to establish the facts.

8. *Decisions.* At the conclusion of the hearing the panel shall determine, based solely on the evidence submitted, whether the assessment is unequal, excessive, improper or under valued. The panel shall issue findings of fact and conclusions of law clearly stating the grounds upon which the panel relied to reach its decision and advising all parties of their right to appeal the decision to superior court.


9. *Certification.* The presiding officer shall certify the decision of the panel regarding an appeal to the assessor within seven days following its issuance. The presiding officer shall review and give final board certification to all such decisions.

10. Termination of appeal upon agreement between appellant and assessor. After an appeal to the board of equalization has been filed, any value which has been agreed to by the assessor and the appellant, shall constitute a withdrawal and termination of the appeal

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 22 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 22 of 25

by the appellant and the agreed upon valuation shall become the assessed value.

D.    *Appeal to superior court.* The appellant or the assessor may appeal a decision of the board to the superior court within 30 days in accordance with the rules of appellate procedure of the state.

## 12.05.055 - Appeals to board of equalization.

A.    A person whose name appears on the assessment roll as the owner of record or the agent or assigns of that person may appeal to the board of equalization for relief from an alleged error in valuation.

B.    No appeal may be taken unless the applicant files with the assessor written notice of appeal specifying grounds for such appeal within 30 days from the date the assessment notice was mailed. An appeal application must be complete and presented on the form prescribed by the board. No appeal application may be accepted unless a filing deposit of $30.00 for a property whose assessed value is less than $100,000.00, $100.00 for property whose total assessed value is at least $100,000.00 but less than $500,000.00, $200.00 for property whose total assessed value is at least $500,000.00 and less than $2,000,000.00, and $1,000.00 for property whose total value is $2,000,000.00 or greater, is received by the assessor at the time of filing. The filing deposit shall be refunded regardless of outcome if the appeal is resolved prior to hearing, or if the appellant or the appellant's agent appears before the board of equalization at the time and place scheduled for the hearing, and actively participates in the proceeding after providing required data and access by the assessor's office. If the appeal is not resolved prior to hearing and the appellant or the appellant's agent fails to appear and actively participate in the proceeding, the deposit shall be forfeited. The assessor shall assign a case number to the appeal within one week of filing and payment of the filing deposit.

C.    The assessor shall schedule a calendar of hearing dates no later than March 15 or as soon thereafter as practical. The assessor shall notify the appellant by mail of the time and place for the hearing before the board.

D.    A property owner who seeks to appeal the assessor's valuation after the 30-day filing period has closed shall file a letter with the assessor within 30 days from the date of the close of the applicable appeal period of that tax year stating the reasons why the property owner was unable to appeal within the 30-day period. A panel of the board shall consider each letter. The panel shall only consider reasons the appellant was unable to comply within the 30-day period and shall not consider evidence regarding property valuation. The panel's determination shall be based on the letter and supporting documents. A taxpayer may not make an oral presentation at this hearing. The panel shall interpret the term "unable to comply" as

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 23 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 23 of 25

meaning that a property owner must demonstrate compelling reasons or circumstances which would prevent a reasonable person under the circumstances from filing an appeal. Inability to timely produce documentation of damage to real property improvements resulting from the 2018 November Cook Inlet Earthquake shall be presumed to be such a compelling reason or circumstance. If the request is granted, the property owner shall have 30 days from the date of notification by the assessor to file an appeal and submit all evidence required by AMC 12.05.053C.5 and C.7. If the request is denied, the assessor shall notify the property owner of the board's decision.

## 12.15.010 - Property subject to taxation.

A.   All real property not exempt under the constitution or laws of the state or the ordinances of the municipality is subject to taxation. When any real property otherwise exempt from taxation pursuant to state or federal law or for any other reason is leased, loaned or otherwise made available to and used by a private person, such person's interest therein shall be taxed.

## 12.15.040 - Assessment notice.

A.   Assessment notices for real property shall be sent to the owners, lessees or persons controlling such real property each year and shall contain the account number, the legal description of the real estate, the appraised value of the land, the appraised value of the improvements, if any, and the total valuation.

B.   Assessment notices shall state that an appeal may be taken to the board of equalization only by filing written notice of appeal with the board in the form approved by the board, specifying the grounds for the appeal, within 30 days after notice of assessment is mailed.

## 12.15.050 - Appeals to board of equalization.

Real property tax assessments may be appealed to the board of equalization pursuant to section 12.05.055.

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 24 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 24 of 25

Respectfully submitted this 7th Day of March, 2024.

ANNE R. HELZER
Municipal Attorney

By:___s/Jason A. Thomas_____
Municipal Attorney's Office
Assistant Municipal Attorney
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
E-mail: uslit@muni.org
Alaska Bar No. 9411106

Certificate of Service
The undersigned hereby certifies that on 03/07/24 a
true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by first class regular mail, if noted above, or by electronic
means through the ECF system as indicated on the Notice
of Electronic Filing.

s/ Marie Stafford_____
Marie Stafford, Legal Secretary
Municipal Attorney's Office

Defendant's Reply To Plaintiff's Opposition To The Motion To Dismiss
*Anderson, Robert v. MOA*; Case No. 3:21-cv-00139 JMK
Page 25 of 25

Case 3:21-cv-00139-JMK   Document 89   Filed 03/07/24   Page 25 of 25