Jason A. Thomas
Assistant Municipal Attorney
Municipal Attorney's Office
P.O. Box 196650
Anchorage, Alaska 99519-6650
Phone: (907) 343-4545
Fax: (907) 343-4550
Email: uslit@muni.org

Attorney for Defendant
Municipality of Anchorage

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MUNICIPALITY OF ANCHORAGE, )<br>)<br>Defendant. )<br>) | Case No. 3:21-cv-00139 JMK |

## REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT[1]

### MONELL NOT RESPONDEAT SUPERIOR ESTABLISHES MUNICIPAL LIABILITY

Throughout the Plaintiff's arguments, the Plaintiff points to the actions allegedly taken by the municipal assessor in evaluating the Plaintiff's property in person, and that the municipality should be liable for his actions. This legal reasoning is akin to a

---

[1] The Plaintiff has responded separately to res judicata issues and other summary judgment issues, compare [Docket 86 and 87]. All issues will be addressed in one reply.

respondeat superior liability theory. The Municipality is not liable under respondeat superior, but only for injury that is caused by an official policy:

> We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, (1978). The Plaintiff claims are solely based on an employee's alleged actions, not by a policy itself. The Plaintiff has not established as a matter of law that the policies of the Municipality of Anchorage caused a constitutional injury. Because he has failed to establish an essential element, the Defendant is entitled to summary judgment as a matter of law.

## RES JUDICATA[2]

In Plaintiff's argument against this court finding a bar based on res judicata, [Docket 87] the Plaintiff confuses the application of defenses and privity to the application of res judicata. The Plaintiff states that because a municipality may only be held liable for a constitutional violation under the *Monell* court decision, and that 11th Amendment immunity applies to suits against states, the previous case against the State of Alaska does not preclude this subsequent case.

---

[2] Defendant uses the phrase "res judicata" as a catchall for all preclusion doctrines. See *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). When referring separately to the constituent elements of res judicata, Defendant refers to claim preclusion, defense preclusion, and issue preclusion.

REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 2 of 5
Case 3:21-cv-00139-JMK   Document 90   Filed 03/07/24   Page 2 of 5

The doctrine of res judicata, also known as claim preclusion, makes a final judgment on the merits binding upon all parties to the action or any party in privity to the parties to the action, such that they cannot bring a second suit based on the same cause of action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5 (1979). A party is considered to be in privity to a prior party when the party to the prior litigation represented the same legal right applied to the same subject matter. *See Jefferson School v. Subversive Activities Control Bd.*, 331 F.2d 76, 83 (D.C. Cir. 1963). Res judicata prevents the parties or their privies from relitigating both the issues that were raised and the issues that could have been raised in the prior litigation. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

The totality of elements of the state court litigation and this litigation do differ, *Monell* liability v. a facial challenge to the assessment statutes. However, a constitutional violation is an essential element of any *Monell* case, and the constitutionality of following the assessment statute has been previously litigated and judgment entered against the Plaintiff. Because an essential element of this case has already been litigated, this case is barred under res judicata.

Additionally, the Plaintiff misunderstands privity and its application to repetitive litigation. Res judicata prevents parties or their privies from relitigating the same issue in subsequent actions. It does not prevent differing defendants from raising the defense of res judicata on the subsequent actions. As the only plaintiff in both the state court case and this instant case is Robert Anderson, privity does not apply in this case.

## CONCLUSION

The litigation of the constitutional rights involving in the property assessment process is an essential element of this *Monell* liability claim, and such claim has already been litigated with judgment entered against the Plaintiff. As the Plaintiff has already litigated an essential element of his case, he is precluded from relitigating a case involving the same alleged constitutional question.

Furthermore, the facts of this case do not establish *Monell* liability. Instead, the Plaintiff argues liability for the assessor's actions and not for the policies themselves. The municipality is not liable for the individual actions of the employee; therefore, the Defendant is entitled to summary judgment.

WHEREFORE, the Defendant prays the court to grant summary judgment in favor of the Defendant.

Respectfully submitted this 7th day of March 2024.

          ANNE R. HELZER
          Municipal Attorney

          By: s/Jason A. Thomas
              Municipal Attorney's Office
              Assistant Municipal Attorney
              P.O. Box 196650
              Anchorage, Alaska 99519-6650
              Phone: (907) 343-4545
              Fax: (907) 343-4550
              E-mail: uslit@muni.org
              Alaska Bar No. 2006028

Certificate of Service
The undersigned hereby certifies that on 03/7/24 a

REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
*Anderson v. MOA*; Case No. 3:21-cv-00139 JMK
Page 4 of 5

Case 3:21-cv-00139-JMK   Document 90   Filed 03/07/24   Page 4 of 5

true and correct copy of the foregoing was served on:

Robert Anderson
4908 Roger Drive
Anchorage, AK 99507

by first class regular mail, if noted above, or by electronic means through the ECF system as indicated on the Notice of Electronic Filing.

s/ Marie Stafford
Marie Stafford, Legal Secretary
Municipal Attorney's Office