IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON,<br><br>              Plaintiff,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>              Defendant. | Case No. 3:21-cv-00139-JMK<br><br>**DOCKET MANAGEMENT ORDER** |

Pending before the Court are several of Plaintiff's Motions. At Docket 47, Plaintiff filed a Motion for the Court to take judicial notice of the legislative history behind Alaska Stat. § 29.45.130(b). Defendant does not oppose the Motion[1] and it therefore is **GRANTED**.[2] At Docket 48, Plaintiff filed a Motion for Partial Judgment on Pleadings. At Docket 58, Plaintiff filed a Motion for Review of Professional Conduct. At Docket 61,

---

[1] Docket 54.
[2] Fed. R. Evid. 201(b) states that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Plaintiff asks the Court to take judicial notice of the existence of legislative history behind Alaska Stat. § 29.45.130. The existence of the legislative history can be accessed on the website for the Alaska State Legislature. Because the legislative history can be readily determined from a source whose accuracy reasonably cannot be questioned, the Court takes judicial notice that legislative history exists. This Order does not interpret the statute or its legislative history, but instead takes notice that legislative history is available to aid the Court in interpreting the statute should that be necessary in the future.

Plaintiff filed a Motion to Compel Discovery Responses. At Docket 62, Plaintiff filed a Motion to Compel Service of Docket 59. Lastly, at Docket 74, Plaintiff filed a Motion to Compel Signature. As set forth below, Plaintiff's Motions at Dockets 48, 58, 61, and 74 are **DENIED**. Plaintiff's Motion at Docket 62 is **GRANTED**.

## I. BACKGROUND

At Docket 16, the Court issued an Order which dismissed Claims II–VII in Plaintiff's Complaint.[3] The Court assumes familiarity with its previous order, but will nevertheless provide a brief summary of the facts relating to Claim I in the Complaint.

Plaintiff owns real property located at 4908 Roger Drive, Anchorage Alaska.[4] Plaintiff alleges that on or about July 11, 2019, a Municipality of Anchorage ("MOA") employee entered the front yard, side yard and backyard of Plaintiff's real property without written consent.[5] The employee allegedly entered Plaintiff's real property in order to gather information concerning the property to assess property taxes.[6] Plaintiff alleges that the entry onto Plaintiff's real property violated his Fourth Amendment right to be free from unreasonable searches.[7]

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the

---

[3] Docket 16 at 1.
[4] Docket 1 at ¶ 6; Docket 22 at ¶ 6.
[5] Docket 1 at ¶¶ 41, 49.
[6] *Id.* at ¶¶ 32, 42.
[7] *Id.* at ¶¶ 152–165.

Anderson v Municipality of Anchorage.　　　　　　　　　　　　　　　　　　Case No. 3:21-cv-00139-JMK
Docket Management Order　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

Case 3:21-cv-00139-JMK   Document 91   Filed 03/22/24   Page 2 of 8

pleadings."[8]  "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."[9]  A motion under Rule 12(c) "operates in much the same manner as a motion to dismiss under Rule 12(b)(6)."[10]

### III. DISCUSSION

**A.  Plaintiff's Motion for Judgment on the Pleadings**

Plaintiff's Motion seeks "partial judgment on [the] pleadings" concerning MOA's affirmative defense number three,[11] which states that "[t]he Municipality was privileged to act as it did, in compliance with AS 29.45.130(b)."[12]  MOA responds that the relief requested in the Motion is unclear and confusing.[13]  MOA further contends that the Motion fails to address MOA's other affirmative defenses and should be denied on that basis or alternatively evaluated as a Motion to Strike.[14]  MOA also argues that, to the extent Plaintiff is seeking summary judgment, the request should be denied because there is not an undisputed factual record on which Plaintiff could rely.[15]

---

[8] Fed. R. Civ. P. 12(c).
[9] *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citing *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984)).
[10] *Morgan v. Cnty. of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), *aff'd*, 277 F. App'x 734 (9th Cir. 2008) (citing *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998)).
[11] Docket 48 at 1.
[12] Docket 22 at 13.
[13] Docket 53 at 4.
[14] *Id.*
[15] *Id.* at 8–9.

Anderson v Municipality of Anchorage.  Case No. 3:21-cv-00139-JMK
Docket Management Order  Page 3
Case 3:21-cv-00139-JMK   Document 91   Filed 03/22/24   Page 3 of 8

The Court agrees with MOA. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."[16] Plaintiff does not argue that MOA's affirmative defense number three provides insufficient notice of the defense.

Plaintiff states, without support, that "[t]he purpose of Rule 12(c) is to dispose of baseless defenses when the formal pleadings reveal their lack of merit," ultimately asserting that Plaintiff may obtain a partial judgment pursuant to Rule 12(c).[17] This assertion is not supported by the language of the Federal Rules of Civil Procedure or caselaw. Federal Rule of Civil Procedure 56 explicitly permits partial summary judgment over a specific claim or defense.[18] Conversely, Federal Rule of Civil Procedure 12(c) does not authorize partial judgment on the pleadings, instead permitting "judgment on the pleadings" broadly, *i.e.*, judgment on the case as a whole based on the pleadings in their entirety.[19] Shortly after the Federal Rules of Civil Procedure became effective, the Court of Appeals for the D.C. Circuit noted that Rule 12(c) was meant to prevent "the piecemeal process of judicial determination."[20] Plaintiff's Motion for Judgment on the Pleadings attempts to do just that, adjudicate only a portion of MOA's answer in a vacuum. Plaintiff's Motion for Judgment on the Pleadings impermissibly seeks partial judgment and therefore is **DENIED**.

---

[16] *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979).
[17] Docket 48 at 1–3.
[18] Fed. R. Civ. P. 56(a).
[19] Fed. R. Civ. P. 12(c).
[20] *Noel v. Olds*, 149 F.2d 13, 15 (D.C. Cir. 1945) ("This is exactly what . . . the new Rule 12(c) [was] designed to prevent; i.e., the piecemeal process of judicial determination which prevailed under the old common law practice.").

B.  **Motion for Review of Professional Conduct**

Plaintiff alleges that counsel for MOA may be providing legal services to employees of MOA in relation to the current litigation.[21] Plaintiff further speculates that the alleged conduct by counsel for MOA would be improper under Alaska Rule of Professional Conduct 1.13.[22] MOA argues that Plaintiff's Motion should be dismissed for failure to state a claim upon which relief may be granted.[23]

District of Alaska Local Civil Rule 83.1(h) states that "[t]he standards of the Alaska Rules of Professional Conduct apply to any attorney admitted to practice in this court." Alaska Rule of Professional Conduct 1.13, on which Plaintiff relies, discusses an attorney's obligations when representing an organization.[24] Rule 1.13 provides guidance where the attorney is aware of situations where the interests of persons associated with the organization are adverse to the interests of the organization.[25] Rule 1.13 also explains what an attorney should do when they are aware of conduct by a person associated with the organization that "constitutes a violation of law that might reasonably be imputed to the organization."[26]

The comment cited by Plaintiff indicates that it may be challenging for attorneys representing governmental agencies to precisely identify the client.[27] Notably, this comment does not require or even suggest the relief sought by Plaintiff may be

---

[21] Docket 58 at 6.
[22] *Id.* at 7.
[23] Docket 65 at 3–4.
[24] Alaska R. Prof. Conduct 1.13(a).
[25] Alaska R. Prof. Conduct 1.13(f).
[26] Alaska R. Prof. Conduct 1.13(b).
[27] Alaska R. Prof. Conduct 1.13 comment government agency.

available.[28] Rule 1.13 seeks to maintain confidential information, such as attorney client-privileged information, which would be undermined by requiring MOA to disclose information such as "[t]he expectations on what is considered confidential between the clients."[29] Plaintiff appears to concede that counsel for MOA has done nothing wrong, stating that "Plaintiff is not seeking to have the Anchorage municipal attorney disqualified."[30] Plaintiff's request is confusing and inappropriate. Because Plaintiff's Motion for Review of Professional Conduct is unsupported by the Alaska Rules of Professional Conduct, the Motion must be **DENIED**.

C. Motions to Compel

The Court will address the Motions to Compel in the order in which they were filed.

**(1) Motion to Compel Discovery Responses**

Plaintiff filed a Motion to Compel Discovery Responses at Docket 61. MOA responded in opposition and asked to extend discovery deadlines at Docket 62. At Docket 67, the Court issued an Order which granted the extension requested by MOA and reserved judgment on the Motion to Compel Discovery Responses. At Docket 70, the Court directed the parties to file a status report regarding whether MOA had provided Plaintiff with the required discovery responses. At Docket 73, MOA represented that the first set of discovery responses were in the process of being mailed to Plaintiff and that the

---

[28] *Compare* Alaska R. Prof. Conduct 1.13 comment government agency *with* Docket 58 at 12.
[29] Docket 58 at 12.
[30] *Id.* at 13.

second set of discovery responses were in the process of being completed. Plaintiff filed status reports at Dockets 72 and 75 that did not dispute MOA's representations at Docket 73. Because the parties have since filed cross motions for summary judgment, the Court assumes that Plaintiff received the disputed discovery responses. Therefore, the Motion to Compel Discovery Responses is **DENIED** as moot.

**(2)    Motion to Compel Service**

At Docket 62, Plaintiff filed a Motion to Compel Service of MOA's filing at Docket 59. MOA did not respond to Plaintiff's request. Plaintiff's Motion is **GRANTED**. To the extent MOA has not already provided Plaintiff with a copy of its filing at Docket 59, it is directed to do so within one week of the issuance of this Order.

**(3)    Motion to Compel Signature**

At Docket 74, Plaintiff alleges that Mr. Gunther, counsel for MOA, cannot satisfy the requirements of Federal Rule of Civil Procedure 33 and that the mayor of Anchorage must sign the discovery responses. MOA does not respond to Plaintiff's contention. Plaintiff cites to *United States v. $284,950.00 in U.S. Currency*[31] for the proposition that the mayor of Anchorage must sign disputed discovery responses.[32] However, the *$284,950.00 in U.S. Currency* court makes no such holding, or otherwise suggests such a requirement.[33] Federal Rule of Civil Procedure 33 explicitly authorizes not only officers of a governmental agency, but also agents of the governmental agency to

---

[31] 933 F.3d 971, 974 (8th Cir. 2019).
[32] Docket 74 at 2.
[33] *$284,950.00 in U.S. Currency*, 933 F.3d at 974-75.

*Anderson v Municipality of Anchorage.*  Case No. 3:21-cv-00139-JMK
Docket Management Order  Page 7
Case 3:21-cv-00139-JMK   Document 91   Filed 03/22/24   Page 7 of 8

respond to interrogatories.[34] As another court noted, "it has been held that an attorney is the proper person to answer interrogatories on behalf of a corporation and that it is his [or her] duty to furnish the sum total of the corporate information."[35] The Court sees no reason to deviate from the plain language of the rule and caselaw from sister districts; therefore, Plaintiff's Motion to Compel Signature is **DENIED**.

## IV. CONCLUSION

Plaintiff's Motion for Judicial Notice at Docket 47 and Motion to Compel Service at Docket 62 are **GRANTED**. Plaintiff's Motion for Judgment on the Pleadings at Docket 48, Motion for Review of Professional Conduct at Docket 58, Motion to Compel Discovery Responses at Docket 61, and Motion to Compel Signature at Docket 74 are **DENIED**.

IT IS SO ORDERED this 21st day of March, 2024, at Anchorage, Alaska.

/s/ *Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[34] Fed. R. Civ. P. 33(b)(1)(B).
[35] *Segarra v. Waterman S. S. Corp.*, 41 F.R.D. 245, 248 (D.P.R. 1966) (citing *United States v. 42 Jars etc.*, 162 F. Supp. 944 (D.N.J. 1958), *aff'd sub nom. United States v. 42 Jars, More or Less, Bee Royale Capsules*, 264 F.2d 666 (3d Cir. 1959)).

*Anderson v Municipality of Anchorage.*　　　　　　　　　　　　　　　　Case No. 3:21-cv-00139-JMK
Docket Management Order　　　　　　　　　　　　　　　　　　　　　　　　　　Page 8
Case 3:21-cv-00139-JMK　　Document 91　　Filed 03/22/24　　Page 8 of 8