IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ROBERT ANDERSON,<br><br>                  Plaintiff,<br><br>vs.<br><br>MUNICIPALITY OF ANCHORAGE,<br><br>                  Defendant. | Case No. 3:21-cv-00139-JMK<br><br>**ORDER OF DISMISSAL**<br><br>Docket nos. 76, 82, 83, 84, 88 & 95 |

Plaintiff, Robert Anderson, filed a Motion for Summary Judgment which Defendant, the Municipality of Anchorage, has opposed.[1] The Municipality also cross-moves for summary judgment,[2] and separately filed a Motion to Dismiss,[3] all arguing that pursuant to the Tax Injunction Act ("TIA") this Court does not have jurisdiction to hear the case. Plaintiff has responded to all of these motions, and the matter is fully briefed.[4] The Municipality has also filed two Requests for Judicial Notice regarding Mr. Anderson's previous lawsuit which was litigated in Alaska State Court.[5] Finally, Mr. Anderson filed a Motion for Return pursuant to Local Civil Rule 79.2(c).[6]

---

   [1] Docket nos. 76 and 81.
   [2] Docket nos. 81 & 83.
   [3] Docket 82.
   [4] See Docket nos. 85, 86, 87, 89, 90.
   [5] Docket 84 (requesting the Court take Judicial Notice of the order in *Anderson v State of Alaska*, Case No. 3AN-00-11687CI); Docket 88 (asking the Court to take judicial notice of the expanded record of the same case noted in Docket 84).
   [6] Docket 95.

As set forth below, the Request for Judicial Notice at Docket 88 and Cross Motion to Dismiss at Docket 82 are **GRANTED**. The Municipality's remaining Motions at Dockets 83 and 84 are **DENIED AS MOOT**. Mr. Anderson's Motion for Summary Judgment at Docket 76 is **DENIED**. Lastly, Mr. Anderson's Motion for Return at Docket 95 is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

At Docket 16, the Court issued an Order which dismissed Claims II–VII in Plaintiff's Complaint.[7] The Court assumes familiarity with its previous order but will nevertheless provide a brief summary of the facts relating to Claim I, the only remaining claim.

Plaintiff owns real property located at 4908 Roger Drive, Anchorage Alaska.[8] Plaintiff alleges that on or about July 11, 2019, a Municipality of Anchorage ("MOA") employee entered the front yard, side yard and backyard of Plaintiff's real property without written consent.[9] The employee entered Plaintiff's real property in order to gather information concerning the property to assess property taxes.[10] The employee followed the procedures outlined in the Residential Appraisal Manual.[11] Plaintiff alleges that the entry on to his real property violated his Fourth Amendment right to be free from unreasonable searches.[12]

---

[7] Docket 16 at 1.
[8] Docket 1 at ¶ 6; Docket 22 at ¶ 6.
[9] Docket 1 at ¶¶ 41, 49.
[10] Docket 1 at ¶¶ 32, 42.
[11] Docket 76 at 7 (citing Docket 76-7 at 106).
[12] Docket 1 at ¶¶ 152–165.

Anderson v Municipality of Anchorage.　　　　　　　　　　　　　　　　Case No. 3:21-cv-00139-JMK
Order of Dismissal　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

Case 3:21-cv-00139-JMK　　Document 96　　Filed 07/05/24　　Page 2 of 9

## II. DISCUSSION

### (A) Request for Judicial Notice

The Municipality asks the Court to take judicial notice of several documents from the case *Anderson v. State of Alaska* which was filed in the Superior Court for the State of Alaska, Third Judicial District.[13] Those documents include, (1) a Complaint by Mr. Anderson against the State alleging that AS 29.45.130 violates his constitutional rights,[14] (2) an Affidavit of Steve Van Sant who served as the State Assessor for the State of Alaska in 2001,[15] (3) a Motion for Summary Judgment filed by the State regarding Mr. Anderson's complaint in that case,[16] (4) Mr. Anderson's Opposition to the State's Motion for Summary Judgment,[17] (5) the State's Reply to Mr. Anderson's Opposition,[18] and lastly (6) the Order Granting Summary Judgment issued by the Superior Court for the State of Alaska Third Judicial District.[19] Mr. Anderson did not oppose the request that the Court take judicial notice of the documents. Therefore, the Court hereby takes judicial notice of the existence of the above-mentioned documents. The Court does not adopt or take notice

---

[13] Docket 88. Federal Rule of Evidence 201 permits a court to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court may "take judicial notice of the existence of another court's opinion or of the filing of pleadings in related proceedings; the Court may not, however, accept as true the facts found or alleged in such documents." *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007, 1019 (C.D. Cal. 2017), aff'd sub nom. *GemCap Lending I, LLC v. Quarles & Brady, LLP*, 787 F. App'x 369 (9th Cir. 2019) (quoting *Peel v. BrooksAmerica Mortg. Corp.*, 788 F. Supp. 2d 1149, 1158 (C.D. Cal. 2011)), see also *Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir.2003) (overruled on separate grounds).
[14] Docket 88-1 at 1–5.
[15] Docket 88-1 at 6–8.
[16] Docket 88-1 at 9–24.
[17] Docket 88-1 at 25–44.
[18] Docket 88-1 at 45–51.
[19] Docket 81-1 at 1–3.

*Anderson v Municipality of Anchorage.*  Case No. 3:21-cv-00139-JMK
Order of Dismissal  Page 3
Case 3:21-cv-00139-JMK   Document 96   Filed 07/05/24   Page 3 of 9

of any disputed facts within those documents. Instead, the Court takes judicial notice of the existence of a prior instance where Mr. Anderson challenged a law in state court that relates to the assessment of real property for tax purposes, that the challenge was briefed, and that a final decision was made in the state court proceedings.

**(B)    The Court Lacks Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction.... It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."[20] If a court determines that it does not have subject matter jurisdiction the court must dismiss the case in its entirety.[21]

Here, the Municipality argues that application of the TIA divests the Court of subject matter jurisdiction over this matter.[22] Mr. Anderson argues that the TIA does not apply because of the unique nature property taxes, and inadequate procedural due process afforded in the Alaska State Court system.[23] He further argues that because he alleges a violation of his constitutional rights the TIA does not apply to divest the Court of jurisdiction.[24]

"[T]he principal purpose of the TIA was to limit drastically federal-court interference with the collection of state taxes."[25] Specifically the TIA states that "[t]he

---

[20] *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017).
[21] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).
[22] Docket 81 at 8–12 & Docket 82.
[23] Docket 86 at 4–9, 13–14.
[24] Docket 86 at 1 ("Anchorage's theory of subject matter jurisdiction amounts to calling my Fourth Amendment unreasonable search claim a property rights claim and not a civil rights claim.")
[25] *Hibbs v. Winn*, 542 U.S. 88, 105 (2004), citing *California v. Grace Brethren Church*, 457 U.S. 393, 408-09 (1982).

*Anderson v Municipality of Anchorage.*  Case No. 3:21-cv-00139-JMK
Order of Dismissal  Page 4
Case 3:21-cv-00139-JMK   Document 96   Filed 07/05/24   Page 4 of 9

district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[26] When the TIA applies, a district court is without jurisdiction to declare tax provisions unconstitutional or issue injunctions enjoining the collection of local taxes.[27] However, where a state court system does not provide "plain, speedy and efficient remedy" for challenges to state tax collection, the TIA does not preclude federal district courts from addressing such challenges.[28] Therefore, the Court must determine two things: First whether the relief sought by Mr. Anderson would "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law," and second whether there is "a plain, speedy and efficient remedy" in the State court system.

### (i) The relief sought would restrain the assessment of tax under state law

Mr. Anderson argues that because the Municipality labeled their valuation group the "Property Appraisal Division," rather than the "Property Assessment Division," that the actions taken by Defendant's employee were not part of "assessing" his property tax and therefore the TIA does not apply.[29] The Municipality argues that assessment and appraisal are synonyms and that its actions "are squarely within the subject matter of tax collection and assessment.[30]

"[A]ssessment is closely tied to the collection of a tax, i.e., the assessment is the official recording of liability that triggers levy and collection efforts."[31] An assessment is essentially a bookkeeping function, which informs the government of an individual's tax

---

[26] 28 U.S.C. § 1341.
[27] 457 U.S. at 411.
[28] *Id*.
[29] Docket 86 at 6.
[30] Docket 89 at 3, & Docket 81 at 10.
[31] *Hibbs* 542 U.S. at 101.

liability.[32] Based on the U.S. Supreme Court's view of "assessment" as it relates to the TIA, the Court understands assessment to mean the process of evaluating and recording what an individual or entity owes in taxes.

For the Municipality to record the correct tax liability of an owner of real property, it must first have an accurate understanding of the value of that property. Alaska statutes require local tax assessors to "assess property at its full and true value as of January 1 of the assessment year."[33] A local tax assessor "may make an independent investigation of property," by "enter[ing] real property during reasonable hours to examine visible personal property and the exterior of a dwelling or other structure on the real property."[34] The procedures for assessors to inspect real property are found in the Municipality of Anchorage Residential Appraisal Manual.[35] The actions that Mr. Anderson alleges violate his rights fall within the procedures outlined therein.

The Court finds that this "investigation" by a local tax assessor is part of tax assessment. If the Court were to agree with Mr. Anderson it would be issuing an Order that would enjoin, suspend, and restrain the assessment of local taxes because it would prohibit local tax assessors from following the Municipality's written procedures for evaluating property values, as dictated by state statute. Because the Court finds that the employee's entrance on to Mr. Anderson's property was part of local tax assessment the Court is without jurisdiction to issue an order that would restrain or inhibit such assessment

---

[32] *Id*. at 100.
[33] AS § 29.45.110(a)
[34] AS § 29.45.130.
[35] Docket 76-7.

*Anderson v Municipality of Anchorage.* Case No. 3:21-cv-00139-JMK
Order of Dismissal Page 6
Case 3:21-cv-00139-JMK   Document 96   Filed 07/05/24   Page 6 of 9

unless Plaintiff can demonstrate that the state court does not provide a plain, speedy, and efficient remedy.

### (ii) The State Court Provides a Plain, Speedy and Efficient Remedy

Defendant argues that plain, speedy, and efficient remedies exist in the Alaska State Court system.[36] It further argues that Mr. Anderson has brought these same constitutional challenges based on a previous inspection by the Anchorage tax assessor.[37] Mr. Anderson argues that no plain, speedy, and efficient remedy exists because a challenge to local taxation would first need to be brought in an administrative hearing before the Board of Equalization, and then subsequently appealed to the Alaska Superior Court.[38]

The *Grace Brethren* Court explained that "a state-court remedy is plain, speedy and efficient only if it provides the taxpayer with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax."[39] The Court further explained that appellees could seek a refund through state administrative procedures, and after being denied a refund by the appropriate state agency they could file an action in Superior Court.[40] Similarly, here Mr. Anderson could, and in fact previously did, challenge the constitutionality of the tax assessor's conduct administratively, and then raised those challenges in the Alaska Superior Court.[41]

---

[36] Docket 81 at 10–11.
[37] Docket 81 at 12.
[38] Docket 86 at 14 ("there can be no obligation for a taxpayer to participate in the board of equalization hearing in order to receive a full hearing and judicial determination on a tax collection issue.").
[39] 457 U.S. at 411 (internal quotations and citations omitted).
[40] *Id*. at 413–14.
[41] Docket 88-1.

*Anderson v Municipality of Anchorage.*  Case No. 3:21-cv-00139-JMK
Order of Dismissal  Page 7
Case 3:21-cv-00139-JMK   Document 96   Filed 07/05/24   Page 7 of 9

Because Mr. Anderson's claim seeks to restrain the assessment of taxes, and there is a plain, speedy, and efficient remedy available in the Alaska State Court system this Court does not have jurisdiction to adjudicate Mr. Anderson's remaining claim. Therefore, Mr. Anderson's remaining claim is **DISMISSED**.

**(C)  Motion for Return Local Civil Rule 79.2(c)**

At Docket 95, Mr. Anderson moves the Court for return of his "Docket 76 Motion for Summary Judgment filling papers . . . and any other filling in the custody of the clerk."  Defendant did not respond.

Local Civil Rule 79.2(c) requires self-represented litigants to file all documents conventionally unless otherwise specified, and states that "[s]elf-represented litigants are required to retain a copy of any conventionally filed paper documents, which will not be returned to litigants unless a litigant motions the court for its return."  The Local Rule goes on to state that "[a] Motion for Return should be made at the time of filing or no later than 120 days from docketing."[42]  Mr. Anderson filed his Motion for Return on June 17, 2024.  Accordingly, anything filed on or after February 18, 2024, should be returned to Mr. Anderson.  These include Dockets 85, 86, and 87, filed on on February 29, 2024.  When the Clerk of Court mails a copy of this Order to Mr. Anderson,[43] they will include Mr. Anderson's filings of Dockets 85, 86, and 87.

### III.  CONCLUSION

Therefore, the Court hereby Orders as follows:

---

[42] L.Civ.R. 79.2(c)(3).
[43] L.Civ.R. 5.2(a)(2)

- Plaintiff's Motion for Summary Judgment at Docket 76 is **DENIED**;

- Defendant's Cross-Motion to Dismiss at Docket 82 is **GRANTED**;

- Defendant's Cross-Motion for Summary Judgment at Docket 83 is **DENIED AS MOOT**;

- Defendant's Request for Judicial Notice at Docket 84 is **DENIED AS MOOT**;

- Defendant's Request for Judicial Notice at Docket 88 is **GRANTED**;

- Plaintiff's Motion for Return of Local Civil Rule 79.2(c) at Docket 95 is **GRANTED IN PART** and **DENIED IN PART**. The Clerk is directed to return Plaintiff's filings at Dockets 85, 86, and 87. Docket 76 shall be printed and mailed.

- The Clerk shall issue a judgment.

IT IS SO ORDERED this 5th day of July, 2024, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Anderson v Municipality of Anchorage.*  Case No. 3:21-cv-00139-JMK
Order of Dismissal  Page 9
Case 3:21-cv-00139-JMK   Document 96   Filed 07/05/24   Page 9 of 9