**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 1 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT ANDERSON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> MUNICIPALITY OF ANCHORAGE, <br><br> Defendant - Appellee. | No. 24-4503 <br><br> D.C. No. <br> 3:21-cv-00139-SLG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted May 29, 2026[**]

Before: RAWLINSON, H.A. THOMAS, and MENDOZA, Circuit Judges.

Robert Anderson, an owner of real property located in Anchorage, Alaska,

filed a pro se action under 42 U.S.C. § 1983 against the Municipality of Anchorage

(the "Municipality"), challenging the constitutionality of (a) the Municipality's tax

assessor's entry onto the curtilage of his property without a warrant or prior

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

consent and (b) the Municipality's levy of a 10% penalty on delinquent taxes without prior notice of delinquency.

Anderson appeals the district court's dismissal of all but one of his seven claims for failure to state a claim, and the district court's dismissal of his remaining claim for lack of subject matter jurisdiction. As to the latter claim, the court held that the Tax Injunction Act, 28 U.S.C. § 1341, barred judicial review. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, vacate in part, and remand with instruction to dismiss for lack of jurisdiction.

Although the Municipality did not initially contest jurisdiction below and most of Anderson's claims were dismissed on the merits, we have "an independent obligation to determine whether subject-matter jurisdiction exists." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "We review the existence of subject matter jurisdiction de novo." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018); *see also Hyatt v. Yee*, 871 F.3d 1067, 1073 (9th Cir. 2017).

We hold that the Tax Injunction Act (the "Act") deprived the district court of subject matter jurisdiction over Anderson's action in its entirety. The Act provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act's prohibition is a "broad jurisdictional barrier," *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520

U.S. 821, 825 (1997), which "limit[s] drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes," *California v. Grace Brethren Church*, 457 U.S. 393, 408–09 (1982) (quoting *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981)).

First, Anderson plainly seeks to "enjoin, suspend or restrain the assessment, levy or collection" of local property taxes. 28 U.S.C. § 1341. Alaska state law requires assessors to annually "assess property at its full and true value." Alaska Stat. § 29.45.110(a); *see also Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (defining an "assessment" as "the official recording of liability that triggers levy and collection efforts"). To undertake this duty, assessors are authorized to make "an independent investigation of property" by "enter[ing] real property during reasonable hours to examine visible personal property and the exterior of a dwelling or other structure on the real property." Alaska Stat. § 29.45.130(a), (b). Further, municipalities are permitted to levy penalties on delinquent taxes. *See id.* § 29.45.250.

In challenging the legality of the Municipality's policies, Anderson principally sought (i) declaratory relief that the policies are unconstitutional, (ii) injunctive relief restraining the Municipality from continuing its practices, and (iii) unspecified compensatory damages. Yet granting the requested relief would frustrate the Municipality's ability to timely and accurately assess property parcels and deter tax delinquency, with the practical effect of "reduc[ing] the flow of state

tax revenue." *Fredrickson v. Starbucks Corp.*, 840 F.3d 1119, 1123 (9th Cir. 2016) (quoting *Hibbs*, 542 U.S. at 106). The Act, enacted to protect state revenues from federal interference, *see Hibbs*, 542 U.S. at 104–05, precludes the district court from granting such relief, *see Lowe v. Washoe Cnty.*, 627 F.3d 1151, 1155 (9th Cir. 2010) (explaining that the Act "prohibits both declaratory and injunctive relief, as well as § 1983 suits for damages" (citation omitted)).

Second, a "plain, speedy and efficient remedy" exists in Alaska state court. 28 U.S.C. § 1341; *see Grace Brethren Church*, 457 U.S. at 411 (explaining that a state court remedy meets this requirement if it "provides the taxpayer with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax" (citation modified)). Alaska state law and the Anchorage municipal ordinance provide that taxpayers may administratively appeal the decisions of tax assessors to the municipal board of equalization and that the decisions of that board can be reviewed in state superior court. *See* Alaska Stat. §§ 29.45.190–.210; Anchorage, Alaska Mun. Code §§ 12.05.053, .055. Such cases percolate up to the Alaska Supreme Court, which has taken up constitutional challenges to tax policies. *See, e.g.*, *Markham v. Kodiak Island Borough Bd. of Equalization*, 441 P.3d 943, 950–53 (Alaska 2019) (evaluating whether eligibility requirements for Alaska's senior citizen tax exemption violated taxpayer's constitutional rights). Indeed, as the district court observed, Anderson has availed

himself of this recourse, bringing similar constitutional claims against the Municipality's assessment practices in state superior court.

The district court lacked subject matter jurisdiction and therefore did not have the authority to adjudicate the merits of this case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377–78 (1994); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Accordingly, we affirm the district court's dismissal of Anderson's residual claim for lack of subject matter jurisdiction, but vacate the district court's initial dismissal of Anderson's claims for failure to state a claim, *see Hyatt*, 871 F.3d at 1074 n.33 (explaining that where suit is barred by the Act, we cannot affirm dismissal for failure to state a claim because we lack jurisdiction to do so). We direct the district court, on remand, to dismiss the action without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1), (h)(3); *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").

**AFFIRMED IN PART, VACATED IN PART, REMANDED WITH INSTRUCTION TO DISMISS FOR LACK OF JURISDICTION.**[1]

---

[1] Because we conclude that the district court lacked subject matter jurisdiction, we do not reach the remaining issues raised on appeal.